# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| |
|---|
| CHARLES BROWN, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>BIOGEN IDEC INC., WILLIAM RASTETTER AND JAMES MULLEN,<br><br>        Defendants. |

Civil Action No. 05-cv-10400 (RCL)

**DECLARATION OF JEFFREY C. BLOCK, ESQ. IN SUPPORT OF MOTION OF LOUISIANA SCHOOL EMPLOYEES' RETIREMENT SYSTEM AND MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM OF LOUISIANA TO CONSOLIDATE ALL ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL <u>OF ITS SELECTION OF LEAD COUNSEL</u>**

**ADDITIONAL CAPTIONS ON NEXT PAGE**

| | |
|---|---|
| CARY GRILL, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 05-cv-10453 (RCL) |
| v. | |
| BIOGEN IDEC INC., WILLIAM RASTETTER AND JAMES MULLEN, | |
| Defendants. | |
| ROCHELLE LOBEL, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 05-cv-10801 (RCL) |
| v. | |
| BIOGEN IDEC INC., WILLIAM RASTETTER AND JAMES MULLEN, | |
| Defendants. | |

I, Jeffrey C. Block, Esq., under the penalty of perjury, declare and say:

1. I am a partner with the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio"), One Liberty Square, Boston, Massachusetts 02109, counsel for the Proposed Lead Plaintiffs, the Louisiana School Employees' Retirement System ("LSERS") and Municipal Police Employees' Retirement System of Louisiana ("MPERS"), collectively (the "Louisiana Funds").  I submit this Declaration in support of the Louisiana Funds' motion for appointment as Lead Plaintiff and approval of its selection of Lead Counsel.

2. Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on March 2, 2005, the law firm of Schiffrin & Barroway, LLP caused to be published a notice over *PRNewswire* (the "Schiffrin Notice"), a national business-oriented wire service, notifying members of the proposed class of their right to move to serve as lead plaintiff by no later than sixty (60) days from the date of publication of the notice.  A true and accurate copy of the Schiffrin Notice is attached as Exhibit A.  The Schiffrin Notice was reprinted verbatim by *YahooFinance, Lexis/Nexis* and *Westlaw.*  True and accurate copies of the reprinted Notice are attached as Exhibit B.

3. *PRNewswire* is an electronic distributor of corporate, association and institutional news releases to the media and the financial community.  *PRNewswire* distributed the Notices to more than 2,000 different news outlets, including *Bloomberg Business News*, *Dow Jones News Retrieval*, *Associated Press* and *Reuters.*

4. Warren Ponder, Esq., the General Counsel of LSERS, and R. Randall Roche, Esq., the General Counsel of MPERS, have completed Declarations in support of the Louisiana Funds' motion.  True and accurate copies of the Declarations are attached as Exhibits C and D.

5.    The Louisiana Funds suffered losses of $1,047,986.13 on its investments in Biogen Idec, Inc. ("Biogen" or the "Company") common stock. A table calculating the Louisiana Funds' losses associated with their purchase of Biogen securities is attached as Exhibit E.

6.    A true and accurate copy of the Berman DeValerio firm resume is attached as Exhibit F.

Signed under the penalties of perjury this 2nd day of May, 2005.


/s/ Jeffrey C. Block_____
Jeffrey C. Block, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo

EXHIBIT A

PRN        Shareholder Class Action Filed Against Biogen Idec Inc. By The
           Mar 2 2005  18:30


Law Firm of Schiffrin & Barroway, LLP


    RADNOR, Pa., March 2 /PRNewswire/ -- The following statement was issued
today by the law firm of Schiffrin & Barroway, LLP:


    Notice is hereby given that a class action lawsuit was filed in the United
States District Court for the District of Massachusetts on behalf of all
securities purchasers of Biogen Idec Inc., (Nasdaq: BIIB) ("Biogen" or the
"Company") between February 18, 2004 and February 25, 2005, inclusive (the
"Class Period").

    If you wish to discuss this action or have any questions concerning this
notice or your rights or interests with respect to these matters, please
contact Schiffrin & Barroway, LLP (Marc A. Topaz, Esq. or Darren J. Check,
Esq.) toll-free at 1-888-299-7706 or 1-610-667-7706, or via e-mail at
info@sbclasslaw.com.

    The complaint charges Biogen, William Rastetter, and James Mullen with
violations of the Securities Exchange Act of 1934.  More specifically, the
Complaint alleges that the Company failed to disclose and misrepresented the
following material adverse facts which were known to defendants or recklessly
disregarded by them:  (1) that TYSABRI posed serious immune-system side
effects; (2) that TYSABRI, like other MS drugs, made patients susceptible to
progressive multifocal leukoencephalopathy ("PML") by changing the way certain
white blood cells function, thereby allowing PML, a normally dormant virus, to
run rampant within the human body; (3) that defendants knew and/or recklessly
disregarded documented facts that MS drugs can cause greater incidents of PML
to occur; and (4) that defendants concealed these facts in order to fast track
TYSABRI for FDA approval so that they could reap the financial benefits from
the sales of the drug.

    On February 28, 2005, before the market opened, Biogen announced a
voluntary suspension in the marketing of TYSABRI(R) (natalizumab), a treatment
for multiple sclerosis (MS), because of two serious adverse events that have
occurred in patients treated with TYSABRI in combination with AVONEX(R)
(Interferon beta-1a) in clinical trials.  News of this shocked the market.
Shares of Biogen fell $28.63 per share, or 42.44 percent, to close at $38.65
on unusually high trading volume.

    Plaintiff seeks to recover damages on behalf of class members and is
represented by the law firm of Schiffrin & Barroway, which prosecutes class
actions in both state and federal courts throughout the country.  Schiffrin &
Barroway is a driving force behind corporate governance reform, and has
recovered in excess of a billion dollars on behalf of institutional and high

Copyright (c) 2005

PRN        Shareholder Class Action Filed Against Biogen Idec Inc. By The
           Mar 2 2005  18:30


net worth individual investors.  For more information about Schiffrin &
Barroway, or to sign up to participate in this action online, please visit
http://www.sbclasslaw.com.

     If you are a member of the class described above, you may, not later than
May 2, 2005 move the Court to serve as lead plaintiff of the class, if you so
choose.  A lead plaintiff is a representative party that acts on behalf of
other class members in directing the litigation.  In order to be appointed
lead plaintiff, the Court must determine that the class member's claim is
typical of the claims of other class members, and that the class member will
adequately represent the class.  Under certain circumstances, one or more
class members may together serve as "lead plaintiff."  Your ability to share
in any recovery is not, however, affected by the decision whether or not to
serve as a lead plaintiff.  You may retain Schiffrin & Barroway, or other
counsel of your choice, to serve as your counsel in this action.


     CONTACT:  Schiffrin & Barroway, LLP
               Marc A. Topaz, Esq.
               Darren J. Check, Esq.
               280 King of Prussia Road
               Radnor, PA 19087
               1-888-299-7706 (toll-free) or 1-610-667-7706
               Or by e-mail at info@sbclasslaw.com


SOURCE  Schiffrin & Barroway, LLP


CONTACT:
Marc A. Topaz, Esq. or Darren J. Check, Esq., Schiffrin & Barroway, LLP, +1-888-
299-7706, +1-610-667-7706, info@sbclasslaw.com
-0- Mar/02/2005 23:30 GMT

Copyright (c) 2005

EXHIBIT B

Yahoo! My Yahoo! Mail

Search the Web [          ] [ Search ]

# YAHOO! FINANCE

**Sign In**
New User?Sign Up

Finance Home - Help

PRNewswire

**Welcome** [Sign In]

To track stocks & more, Regi

## Financial News

Enter symbol(s) [          ] [ Basic ] [ Get ] Symbol Lookup



---

**Press Release**

Source: Schiffrin & Barroway, LLP

# Shareholder Class Action Filed Against Biogen Idec Inc. By The Law Firm of Schiffrin & Barroway, LLP

Wednesday March 2, 6:30 pm ET

RADNOR, Pa., March 2 /PRNewswire/ -- The following statement was issued today by the law firm of Schiffrin & Barroway, LLP:

Notice is hereby given that a class action lawsuit was filed in the United States District Court for the District of Massachusetts on behalf of all securities purchasers of Biogen Idec Inc., (Nasdaq: BIIB - News; "Biogen" or the "Company") between February 18, 2004 and February 25, 2005, inclusive (the "Class Period").

If you wish to discuss this action or have any questions concerning this notice or your rights or interests with respect to these matters, please contact Schiffrin & Barroway, LLP (Marc A. Topaz, Esq. or Darren J. Check, Esq.) toll-free at 1-888-299-7706 or 1-610-667-7706, or via e-mail at info@sbclasslaw.com.

The complaint charges Biogen, William Rastetter, and James Mullen with violations of the Securities Exchange Act of 1934. More specifically, the Complaint alleges that the Company failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that TYSABRI posed serious immune-system side effects; (2) that TYSABRI, like other MS drugs, made patients susceptible to progressive multifocal leukoencephalopathy ("PML") by changing the way certain white blood cells function, thereby allowing PML, a normally dormant virus, to run rampant within the human body; (3) that defendants knew and/or recklessly disregarded documented facts that MS drugs can cause greater incidents of PML to occur; and (4) that defendants concealed these facts in order to fast track TYSABRI for FDA approval so that they could reap the financial benefits from the sales of the drug.

On February 28, 2005, before the market opened, Biogen announced a voluntary suspension in the marketing of TYSABRI® (natalizumab), a treatment for multiple sclerosis (MS), because of two serious adverse events that have occurred in patients treated with TYSABRI in combination with AVONEX® (Interferon beta-1a) in clinical trials. News of this shocked the market. Shares of Biogen fell $28.63 per share, or 42.44 percent, to close at $38.65 on unusually high trading volume.

Plaintiff seeks to recover damages on behalf of class members and is represented by the law firm of Schiffrin & Barroway, which prosecutes class actions in both state and federal courts throughout the country. Schiffrin & Barroway is a driving force behind corporate governance reform, and has recovered in excess of a billion dollars on

**Related Quote**



BIIB 27-Apr 11:26am (C)Yal

| BIIB | 35.82 | -0.39 | N |

**View Detailed Quote**
Delayed 20 mins
Providers - Disclaimer

---

**Related News Stories**

- U.S. Durables Orders Unexpectedly Fall 2.8% In March - at Forbes.com (10:30 a)
- Video: Tracking Promising Medicines - at Forbes.com (8:00 a)
- Biogen Idec Inc. Earnings C scheduled for 5:00 pm ET today - CCBN (7:35 am)
- Q1 2005 Biogen Idec Inc. Earnings Release - After Market Close - CCBN (7:07 am)

Mo

**Top Stories**

- Durable Goods Orders Plummet in March - Associated Press (11:07 am)
- Verizon Tops Forecasts Witl $1.76B Profit - Associated Press (11:35 am)
- Stocks Dip on Disappointing Economic News - Associated Pr (11:25 am)
- Airbus A380 Completes Historic 1st Flight - Associated Press (11:32 am)

Mo

---

- Most-emailed articles
- Most-viewed articles

behalf of institutional and high net worth individual investors. For more information about Schiffrin & Barroway, or to sign up to participate in this action online, please visit http://www.sbclasslaw.com.

If you are a member of the class described above, you may, not later than May 2, 2005 move the Court to serve as lead plaintiff of the class, if you so choose. A lead plaintiff is a representative party that acts on behalf of other class members in directing the litigation. In order to be appointed lead plaintiff, the Court must determine that the class member's claim is typical of the claims of other class members, and that the class member will adequately represent the class. Under certain circumstances, one or more class members may together serve as "lead plaintiff." Your ability to share in any recovery is not, however, affected by the decision whether or not to serve as a lead plaintiff. You may retain Schiffrin & Barroway, or other counsel of your choice, to serve as your counsel in this action.

```
CONTACT:  Schiffrin & Barroway, LLP
          Marc A. Topaz, Esq.
          Darren J. Check, Esq.
          280 King of Prussia Road
          Radnor, PA 19087
          1-888-299-7706 (toll-free) or 1-610-667-7706
          Or by e-mail at info@sbclasslaw.com
```

Source: Schiffrin & Barroway, LLP

✉ Email Story    🔔 Set News Alert    🖨 Print Story

[ Search News ]

Sponsor Results

**Fast Auto Loans for Bad Credit**
Qualify for a bad credit car loan online in 30 seconds before you apply. 93% approved nationwide. Rapid e-mail responses. Amistoso Español.
www.fundingway.com

**E-LOAN - Low-Rate Auto Loans**
E-loan offers great rates on auto loans for both new and used vehicles. Have your financing ready before you buy. Or refinance your current auto loan and save money.
www.eloan.com

**Auto Loans for Bad Credit**
Get approved for an auto loan with good credit or problem credit. Free, 60-second application. Low rates, all makes and models available.
www.instantcarloan.com

(What's This?)

Copyright © 2005 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2005 PR Newswire. All rights reserved. Republication or redistribution of PRNewswire content is expressly prohibited without the prior written consent of PRNewswire. PRNewswire shall not be liable for any errors or delays in the content, or for any actions taken in reliance thereon.

Source:  News & Business > News > Wire Service Stories  ⓘ
Terms:  **company (biogen) and schiffrin and date(geq (03/01/2005) and leq (03/10/2005))**  (Edit Search)

*PR Newswire US March 2, 2005 Wednesday*

Copyright 2005 PR Newswire Association LLC.
All Rights Reserved.
PR Newswire US

**March** 2, 2005 Wednesday

**LENGTH:** 671 words

**HEADLINE:** Shareholder Class Action Filed Against Biogen Idec Inc. By The Law Firm of **Schiffrin** & Barroway, LLP

**DATELINE:** RADNOR, Pa. March 2

**BODY:**


RADNOR, Pa., March 2 /PRNewswire/ -- The following statement was issued today by the law firm of **Schiffrin** & Barroway, LLP:

Notice is hereby given that a class action lawsuit was filed in the United States District Court for the District of Massachusetts on behalf of all securities purchasers of Biogen Idec Inc., (NASDAQ:BIIB) ("Biogen" or the "Company") between February 18, 2004 and February 25, 2005, inclusive (the "Class Period").

If you wish to discuss this action or have any questions concerning this notice or your rights or interests with respect to these matters, please contact **Schiffrin** & Barroway, LLP (Marc A. Topaz, Esq. or Darren J. Check, Esq.) toll-free at 1-888-299-7706 or 1-610-667-7706, or via e-mail at info@sbclasslaw.com .

The complaint charges Biogen, William Rastetter, and James Mullen with violations of the Securities Exchange Act of 1934. More specifically, the Complaint alleges that the Company failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that TYSABRI posed serious immune-system side effects; (2) that TYSABRI, like other MS drugs, made patients susceptible to progressive multifocal leukoencephalopathy ("PML") by changing the way certain white blood cells function, thereby allowing PML, a normally dormant virus, to run rampant within the human body; (3) that defendants knew and/or recklessly disregarded documented facts that MS drugs can cause greater incidents of PML to occur; and (4) that defendants concealed these facts in order to fast track TYSABRI for FDA approval so that they could reap the financial benefits from the sales of the drug.

On February 28, 2005, before the market opened, Biogen announced a voluntary suspension in the marketing of TYSABRI(R) (natalizumab), a treatment for multiple sclerosis (MS), because of two serious adverse events that have occurred in patients treated with TYSABRI in combination with AVONEX(R) (Interferon beta-1a) in clinical trials. News of this shocked the market. Shares of Biogen fell $28.63 per share, or 42.44 percent, to close at $38.65 on unusually high trading volume.

Plaintiff seeks to recover damages on behalf of class members and is represented by the law firm of **Schiffrin** & Barroway, which prosecutes class actions in both state and federal courts

throughout the country. **Schiffrin** & Barroway is a driving force behind corporate governance reform, and has recovered in excess of a billion dollars on behalf of institutional and high net worth individual investors. For more information about **Schiffrin** & Barroway, or to sign up to participate in this action online, please visit http://www.sbclasslaw.com/ .

If you are a member of the class described above, you may, not later than May 2, 2005 move the Court to serve as lead plaintiff of the class, if you so choose. A lead plaintiff is a representative party that acts on behalf of other class members in directing the litigation. In order to be appointed lead plaintiff, the Court must determine that the class member's claim is typical of the claims of other class members, and that the class member will adequately represent the class. Under certain circumstances, one or more class members may together serve as "lead plaintiff." Your ability to share in any recovery is not, however, affected by the decision whether or not to serve as a lead plaintiff. You may retain **Schiffrin** & Barroway, or other counsel of your choice, to serve as your counsel in this action.

```
CONTACT:   Schiffrin & Barroway, LLP
           Marc A. Topaz, Esq.
           Darren J. Check, Esq.
           280 King of Prussia Road
           Radnor, PA 19087
           1-888-299-7706 (toll-free) or 1-610-667-7706
           Or by e-mail at
```
info@sbclasslaw.com

CONTACT: Marc A. Topaz, Esq. or Darren J. Check, Esq., **Schiffrin** & Barroway, LLP, +1-888-299-7706, +1-610-667-7706, info@sbclasslaw.com

Web site: http://www.sbclasslaw.com/

SOURCE **Schiffrin** & Barroway, LLP

**URL:** http://www.prnewswire.com

**LOAD-DATE:** March 3, 2005

Source:   News & Business > News > **Wire Service Stories** [i]
Terms:    **company (biogen) and schiffrin and date(geq (03/01/2005) and leq (03/10/2005))**  (Edit Search)
View:     Full
Date/Time: Wednesday, April 27, 2005 - 11:45 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

More Like This | More Like Selected Text

3/2/05 PR Newswire 23:30:00

PR Newswire
Copyright 2005 PR Newswire

**March 2, 2005**

Shareholder Class Action Filed Against Biogen Idec Inc. By The Law Firm of **Schiffrin** & Barroway, LLP

RADNOR, Pa., March 2 RADNOR, Pa., March 2 /PRNewswire/ -- The following statement was issuedtoday by the law firm of **Schiffrin** & Barroway, LLP:

Notice is hereby given that a class action lawsuit was filed in the UnitedStates District Court for the District of Massachusetts on behalf of allsecurities purchasers of Biogen Idec Inc., (Nasdaq: BIIB) ("Biogen" or the"Company") between February 18, 2004 and February 25, 2005, inclusive (the"Class Period").

If you wish to discuss this action or have any questions concerning thisnotice or your rights or interests with respect to these matters, pleasecontact **Schiffrin** & Barroway, LLP (Marc A. Topaz, Esq. or Darren J. Check,Esq.) toll-free at 1-888-299-7706 or 1-610-667-7706, or via e-mail atinfo@sbclasslaw.com.

The complaint charges Biogen, William Rastetter, and James Mullen withviolations of the Securities Exchange Act of 1934. More specifically, theComplaint alleges that the Company failed to disclose and misrepresented thefollowing material adverse facts which were known to defendants or recklesslydisregarded by them: (1) that TYSABRI posed serious immune-system sideeffects; (2) that TYSABRI, like other MS drugs, made patients susceptible toprogressive multifocal leukoencephalopathy ("PML") by changing the way certainwhite blood cells function, thereby allowing PML, a normally dormant virus, torun rampant within the human body; (3) that defendants knew and/or recklesslydisregarded documented facts that MS drugs can cause greater incidents of PMLto occur; and (4) that defendants concealed these facts in order to fast trackTYSABRI for FDA approval so that they could reap the financial benefits fromthe sales of the drug.

On February 28, 2005, before the market opened, Biogen announced avoluntary suspension in the marketing of TYSABRI(R) (natalizumab), a treatmentfor multiple sclerosis (MS), because of two serious adverse events that haveoccurred in patients treated with TYSABRI in combination with AVONEX(R)(Interferon beta-1a) in clinical trials. News of this shocked the market.Shares of Biogen fell $28.63 per share, or 42.44 percent, to close at $38.65on unusually high trading volume.

Plaintiff seeks to recover damages on behalf of class members and isrepresented by the law firm of **Schiffrin** & Barroway, which prosecutes classactions in both state and federal courts throughout the country. **Schiffrin** &Barroway is a driving force behind corporate governance reform, and hasrecovered in excess of a billion dollars on behalf of institutional and highnet worth individual investors. For more information about **Schiffrin** &Barroway, or to sign up to participate in this action online, please visithttp://www.sbclasslaw.com.

If you are a member of the class described above, you may, not later thanMay 2, 2005 move the Court to serve as lead plaintiff of the class, if you sochoose. A lead plaintiff is a representative party that acts on behalf ofother class members in directing the litigation. In order to be appointedlead plaintiff, the Court must determine that the class member's claim istypical of the claims of other class members, and that the class member willadequately represent the class. Under certain circumstances, one or moreclass members may together serve as "lead plaintiff." Your ability to sharein any recovery is not, however, affected by the decision whether or not toserve as a lead plaintiff. You may retain **Schiffrin** & Barroway, or othercounsel of your choice, to serve as your

counsel in this action.

CONTACT: **Schiffrin** & Barroway, LLP Marc A. Topaz, Esq. Darren J. Check, Esq. 280 King of Prussia Road Radnor, PA 19087 1-888-299-7706 (toll-free) or 1-610-667-7706 Or by e-mail at info@sbclasslaw.com

SOURCE **Schiffrin** & Barroway, LLP

CONTACT: Marc A. Topaz, Esq. or Darren J. Check, Esq., **Schiffrin** & Barroway, LLP, +1-888-299-7706, +1-610-667-7706, info@sbclasslaw.com

---- INDEX REFERENCES ----

COMPANY: **BIOGEN** IDEC INC

NEWS SUBJECT: (Business Lawsuits & Settlements (1BU19); Major Corporations (1MA93))

INDUSTRY: (Pharmaceuticals & Biotechnology (1PH13); Manufacturing (1MA74))

REGION: (USA (1US73); Americas (1AM92); North America (1NO39))

Language: EN

OTHER INDEXING: (BIOGEN; BIOGEN IDEC INC; COMPLAINT; FDA; LLP; NASDAQ: BIIB; PML; SHAREHOLDER CLASS ACTION FILED AGAINST BIOGEN IDEC INC; TYSABRI) (Barroway; Darren J. Check; Esq.; James Mullen; Marc A. Topaz; Marc A. Topaz, Esq.; News; Schiffrin Barroway; SOURCE Schiffrin; William Rastetter) (UnitedStates; Pennsylvania; Massachusetts)

KEYWORDS: (HEA); (MTC); (BIO); (LAW)

COMPANY TERMS: **SCHIFFRIN** AND BARROWAY LLP; BIOGEN IDEC INC

TICKER SYMBOL: NASDAQ-NMS:BIIB

Word Count: 786
3/2/05 PRWIRE 23:30:00
END OF DOCUMENT

More Like This | More Like Selected Text

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

© 2005 Dialog, a Thomson business.

**NewsRoom**

EXHIBIT C

**DECLARATION OF WARREN PONDER IN SUPPORT OF THE
LOUISIANA SCHOOL EMPLOYEES' RETIREMENT SYSTEM'S MOTION TO
CONSOLIDATE ALL ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFFS AND
TO APPROVE ITS SELECTION OF LEAD AND LIAISON COUNSEL**

I, Warren Ponder ("Ponder"), hereby declare as follows:

1.      I submit this declaration in support of the application by the Louisiana School

Employees' Retirement System ("LSERS") for appointment as lead plaintiff in this securities

class action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  I have

personal knowledge about the information in this declaration regarding the funds with which I

am associated.

2.      I am the General Counsel of LSERS.  In that capacity, I monitor outside litigation

matters for the fund.  My responsibilities include supervising outside counsel and participating in

making decisions on behalf of the fund.

**Louisiana School Employees' Retirement System**

3.      LSERS is a public pension fund system created on July 1, 1946 for the benefit of

the current and retired public school employees of the State of Louisiana.  The Fund is located in

Baton Rouge and has total assets of approximately $1.5 billion.  Funding comes from employer

and employee contributions, as well as investment earnings.  LSERS is a qualified pension and

retirement plan under section 401(a) of the Internal Revenue Code and the third largest state

retirement system in Louisiana.  Approximately 50% of its assets are invested in common stock.

LSERS seeks to become lead plaintiff in this action because of its significant losses in Biogen

Idec, Inc. ("Biogen") stock.  As reflected in the attached chart to this Declaration, LSERS

purchased a significant amount of Biogen stock during the period February 18, 2004 through

February 25, 2005 and suffered substantial losses as a result of the violations of the federal

securities laws alleged in the action.

**LSERS' Commitment to Securities Litigation Matters**

4.      LSERS also seeks appointment as lead plaintiff because, as an institutional investor, it is committed to the integrity of the United States Securities markets.  Congress has recognized that public pension funds and other institutional investors are uniquely qualified to direct private securities litigation, and that private actions under the anti-fraud provisions of the securities laws are an important means of enforcing the federal securities laws.  It is committed to prosecuting these cases vigorously in an effort to recover as much as possible for itself and the other investors who have been defrauded by the actions of Biogen and its officers.  LSERS will not seek or accept any payment for serving as lead plaintiff on behalf of the Class beyond its pro rata share of any possible recovery.

5.      LSERS believes that it will be beneficial to have a joint prosecution of this action by two public institutions with shared interests and substantial losses.  LSERS and the Municipal Police Employees' Retirement System of Louisiana ("MPERS") have worked actively together on many fronts.  They are both members of the National Conference on Public Employees Retirement Systems, a non-profit organization dedicated to the protection and preservation of retirement benefits for all public sector employees and retirees.  They both have experience in prosecuting securities class actions cases like this one.

6.      In the last three years, LSERS has moved for appointment as lead plaintiff in the following actions: Albert Fadem Trust v. American Electric Power Co., C2-02-1045 (S.D. Ohio); Chiaretti v. Orthodontic Centers of Am., 03-1027 (E.D. La.); In re Aol Time Warner, Inc. Sec. Litig., 02 Civ. 5575 (S.D.N.Y.); In re CMS Energy Corp. Sec. Litig., 02-72004 (E.D. Mich.); In re Cree, Inc. Sec. Litig., 1:03-cv-549 (M.D.N.C.); In re Fleming Cos. Sec. Litig., 5:02-cv-178 (E.D. Tex.); Malin v. XL Capital, Ltd., 3:03-cv-2001 (D. Conn.); In re Mirant Corp.

Sec. Litig., 1:02-cv-1467 (N.D. Ga.); In re Northwestern Corp. Sec. Litig., 03-cv-4049 (D.S.D.),

In re Salomon Analyst AT&T Litig., 02-cv-6801 (S.D.N.Y.); In re Silicon Storage Technology,

Inc. Sec. Litig. , C-05-0295-PJH (N.D. Cal.); In re Transkaryotic Therapies, Inc. Sec. Litig. , 03-

cv-10165 (D. Mass.), In re UnumProvident Corp. Sec. Litig., 1:03-cv-49 (E.D. Tenn.); In re

Williams Securities Litigation, Case No. 02-cv-72H(M) (N.D. Okla.) and Wyatt v. El Paso

Corp., H-02-2717 (S.D. Tex.).  In the last three years, LSERS has been appointed to serve as

lead plaintiff in In re Accredo Health, Inc. Sec. Litig., 03-cv-2216 (W.D. Tenn.); In re Best Buy

Co. Sec. Litig., 03-6193 (D. Minn.); Wilson v. Microfinancial, Inc., 03-cv-11883 RGS (D.

Mass.); and In re Reliant Sec. Litig. , 02-cv-1810 (S.D. Tex.), along with MPERS.

      7.     I am familiar with the provisions of the PSLRA and understand that Congress

enacted those statutory amendments to place responsibility for managing securities class actions

in the hands of established institutional investors like MPERS and LSERS, (collectively the

"Louisiana Retirement Funds").  I have educated myself about its enactment and the important

role that institutional investors serve in ensuring the quality of representation in this action.

      8.     LSERS understands that it owes a fiduciary duty to all members of the proposed

Class to provide a fair and adequate representation and to work actively with MPERS and class

counsel in order to obtain the largest recovery possible for the proposed class, consistent with

good faith and meritorious advocacy.

      9.     LSERS will keep fully informed at all times about the status and progress of this

action, its strengths and weaknesses, and its prospects for settlement.  As Lead Plaintiff, LSERS

will work together with MPERS and will consult with class counsel with respect to each major

litigation event, such as important motions, settlement discussions, trial and trial preparations.

The Louisiana Retirement Funds shall have the authority and responsibility to direct counsel

with respect to each of these events, while receiving the benefit of counsel's advice. To the extent necessary, representatives of the Louisiana Retirement Funds will also attend key hearings and trial.

**The Funds' Selection of Counsel**

10.    LSERS and MPERS have interviewed numerous law firms that practice in this area and specialize in securities class action litigation. After due consideration, LSERS and MPERS selected Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") to serve as lead counsel in this action. Berman DeValerio has represented, and continues to represent, the Louisiana Retirement Funds in other securities actions.

11.    If appointed, LSERS will work diligently to maximize the recovery for the class. Toward that end, the Funds have taken steps to ensure that, if appointed, the attorneys' fees to be paid out of the recovery will be fair and reasonable under the circumstances and at a substantial reduction from percentages previously awarded in cases of this type.


[rest of page intentionally blank]

I declare under the pains and penalty of perjury that the foregoing is true and correct.

Executed this 25th day of April 2005.

Warren Ponder, Esq.
General Counsel for:
Louisiana School Employees' Retirement
System

### *Biogen Idec, Inc. Shareholder Losses*

**Class Period:**  2/18/04-2/25/05
**$37.087PPS= Avg. Price 2/28/05-4/29/05**
**Shareholder:**  Louisiana School Employees Retirement System

| Trade Date | Transaction Type | # Shares Bought | # Shares Sold | # Remaining Shares | Price / Share | (Cost) / Proceeds |
|---|---|---|---|---|---|---|
| 11/12/04 | B | 300 | | 300 | 59.0370 | ($17,711.100) |
| 1/12/05 | B | 9,700 | | 10,000 | 66.5380 | ($645,418.600) |
| 1/19/05 | B | 5,100 | | 15,100 | 67.7710 | ($345,632.100) |
| 1/20/05 | B | 1,600 | | 16,700 | 67.4650 | ($107,944.000) |
| 2/15/05 | B | 2,600 | | 19,300 | 67.2110 | ($174,748.600) |
| 2/28/05 | S | | (9,700) | 9,600 | 37.1010 | $359,879.700 |
| 2/28/05 | S | | (5,100) | 4,500 | 37.1010 | $189,215.100 |
| 2/28/05 | S | | (1,600) | 2,900 | 37.1010 | $59,361.600 |
| 2/28/05 | S | | (2,600) | 300 | 37.1010 | $96,462.600 |
| | | | | | | |
| | | | | | | |
| **Subtotals:** | | 19,300 | (19,000) | | | ($586,535.400) |
| **# Shares Remaining:** | | | 300 | | | |
| **# Shares Remaining * $37.087 PPS:** | | | $11,126.10 | | | |
| **Total Losses:** | | | ($575,409.30) | | | |

EXHIBIT D

**DECLARATION OF R. RANDALL ROCHE IN SUPPORT OF THE
MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM OF
LOUISIANA'S MOTION TO CONSOLIDATE ALL ACTIONS,
FOR APPOINTMENT AS LEAD PLAINTIFFS AND TO APPROVE ITS SELECTION
OF LEAD AND LIAISON COUNSEL**

I, R. Randall Roche ("Roche"), hereby declare as follows:

1.      I submit this declaration in support of the application by the Louisiana Municipal

Police Employees' Retirement System ("MPERS") for appointment as lead plaintiff in this

securities class action pursuant to the Private Securities Litigation Reform Act of 1995

("PSLRA"). I have personal knowledge about the information in this declaration regarding the

fund with which I am associated.

2.      I am the General Counsel of MPERS. In that capacity, I monitor outside

litigation matters for the fund. My responsibilities include supervising outside counsel and

participating in making decisions on behalf of the fund.

**The Louisiana Municipal Police Employees' Retirement System**

3.      MPERS is a public pension fund system organized for the current and retired

police employees of the State of Louisiana. The Fund is located in Baton Rouge and has total

assets of $1.5 billion. MPERS seeks to become lead plaintiff in this action because of its

significant losses in the stock of Biogen Idec, Inc. ("Biogen"). As reflected in the attached chart,

MPERS purchased a significant amount of Biogen stock during the period February 18, 2004

through February 25, 2005. It suffered substantial losses as a result of the violations of the

federal securities laws alleged in this action.

**MPERS' Commitment to Securities Litigation Matters**

4.      MPERS seeks appointment as lead plaintiff because, as an institutional investor, it

is committed to the integrity of the United States Securities markets. Congress has recognized

that public pension funds and other institutional investors are uniquely qualified to direct private

securities litigation, and that private actions under the anti-fraud provisions of the securities laws

are an important means of enforcing the federal securities laws.  It is committed to prosecuting

these cases vigorously in an effort to recover as much as possible for itself and the other

investors who have been defrauded by the actions of Biogen and its officers.  MPERS will not

seek or accept any payment for serving as lead plaintiff on behalf of the Class beyond its pro rata

share of any possible recovery.

     5.     MPERS believes that it will be beneficial to have a joint prosecution of this action

by two public institutions with shared interests and substantial losses.  MPERS and the Louisiana

School Employees' Retirement System ("LSERS") have worked actively together on many

fronts.  They are both members of the National Conference on Public Employees Retirement

Systems, a non-profit organization dedicated to the protection and preservation of retirement

benefits for all public sector employees and retirees.  They both have experience in prosecuting

securities class actions cases like this one.

     6.     In the last three years, MPERS has moved for appointment as lead plaintiff in the

following actions: <u>Barbosa v. Credit Suisse First Boston Corp.</u>, 03-11728 (D. Mass.); <u>In re

WorldCom, Inc. Securities Litigation</u>; 02-cv-3288 (S.D.N.Y.); <u>In re Merck & Co, Inc. Securities

Litigation</u>; 02-cv-3185 (D.N.J.); <u>Singer v. Nicor Inc.</u>; 02-cv-5168 (N.D. Ill.); <u>In re AOL Time

Warner, Inc. Securities Litigation</u>; 02-cv-5575; MDL-1500 (S.D.N.Y.); <u>In re Healthsouth

Corporation 2002 Securities Litigation.</u>; 02-2105 (N.D. Ala.); <u>In re King Pharmaceuticals, Inc.

Securities Litigation</u>, 2:03-cv-77 (E.D. Tenn.); and <u>In re Royal Dutch/Shell Transport Securities

Litigation</u>, 2:04-cv-374 (D.N.J.); and <u>In re: Williams Securities Litigation</u>, 02-cv-72 (N.D.

Okla.).  In the last three years, MPERS has been appointed to serve as lead plaintiff in <u>Berger v.

Gerber Scientific, 02-cv-687 (D. Conn.); In re Retek Inc. Securities, et al., 02-cv-4209 (D.

Minn.); In re Symbol Techs. Inc. Securities Litigation, 2:02-cv-01383 (E.D.N.Y.); and In re

Reliant Sec. Litig. , 02-cv-1810 (S.D. Tex.), along with LSERS.

      7.    In the last three years, LSERS has moved for appointment as lead plaintiff in the

following actions: Albert Fadem Trust v. American Electric Power Co., C2-02-1045 (S.D.

Ohio); Chiaretti v. Orthodontic Centers of Am., 03-1027 (E.D. La.); In re Aol Time Warner, Inc.

Sec. Litig., 02 Civ. 5575 (S.D.N.Y.); In re CMS Energy Corp. Sec. Litig., 02-72004 (E.D.

Mich.); In re Cree, Inc. Sec. Litig., 1:03-cv-549 (M.D.N.C.); In re Fleming Cos. Sec. Litig.,

5:02-cv-178 (E.D. Tex.); Malin v. XL Capital, Ltd., 3:03-cv-2001 (D. Conn.); In re Mirant Corp.

Sec. Litig., 1:02-cv-1467 (N.D. Ga.); In re Northwestern Corp. Sec. Litig., 03-cv-4049 (D.S.D.),

In re Salomon Analyst AT&T Litig., 02-cv-6801 (S.D.N.Y.); In re Silicon Storage Technology,

Inc. Sec. Litig. , C-05-0295-PJH (N.D. Cal.); In re Transkaryotic Therapies, Inc. Sec. Litig. , 03-

cv-10165 (D. Mass.), In re UnumProvident Corp. Sec. Litig., 1:03-cv-49 (E.D. Tenn.); In re

Williams Securities Litigation, Case No. 02-cv-72H(M) (N.D. Okla.); and Wyatt v. El Paso

Corp., H-02-2717 (S.D. Tex.). In the last three years, LSERS has been appointed to serve as

lead plaintiff in In re Accredo Health, Inc. Sec. Litig., 03-cv-2216 (W.D. Tenn.); In re Best Buy

Co. Sec. Litig., 03-6193 (D. Minn.); Wilson v. Microfinancial, Inc., 03-cv-11883 RGS (D.

Mass.); and In re Reliant Sec. Litig., 02-cv-1810 (S.D. Tex.), along with MPERS.

      8.    I am familiar with the provisions of the PSLRA and understand that Congress

enacted those statutory amendments to place responsibility for managing securities class actions

in the hands of established institutional investors like MPERS and LSERS, (collectively the

"Louisiana Retirement Funds"). I have attended conferences discussing the PSLRA and have

educated myself about its enactment and the important role that institutional investors serve in

ensuring the quality of representation in this action. In addition, as a result of MPERS participation in prior cases, I have personally gained significant knowledge and expertise in this area. In 3Com, for example, I actively participated on behalf of MPERS in negotiating a $259 million settlement, the largest in Ninth Circuit history.

9.     MPERS understands that it owes a fiduciary duty to all members of the proposed Class to provide a fair and adequate representation and to work actively with LSERS and class counsel in order to obtain the largest recovery possible for the proposed class, consistent with good faith and meritorious advocacy.

10.     MPERS will keep fully informed at all times about the status and progress of this action, its strengths and weaknesses, and its prospects for settlement. As Lead Plaintiff, MPERS will work together with LSERS and will consult with class counsel with respect to each major litigation event, such as important motions, settlement discussions, trial and trial preparations. The Louisiana Retirement Funds shall have the authority and responsibility to direct counsel with respect to each of these events, while receiving the benefit of counsel's advice. To the extent necessary, representatives of the Louisiana Retirement Funds will also attend key hearings and trial.

**The Funds' Selection of Counsel**

11.     LSERS and MPERS have interviewed numerous law firms that practice in this area and specialize in securities class action litigation. After due consideration, LSERS and MPERS selected Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") to serve as lead counsel in this action. Berman DeValerio has represented, and continue to represent, the Louisiana Retirement Funds in other securities actions.

12.    If appointed, MPERS will work diligently to maximize the recovery for the class. Toward that end, the Funds have taken steps to ensure that, if appointed, the attorneys' fees to be paid out of the recovery will be fair and reasonable under the circumstances and at a substantial reduction from percentages previously awarded in cases of this type.

[rest of page intentionally blank]

I declare under the pains and penalty of perjury that the foregoing is true and correct.

Executed this _____ day of April, 2005.

R. Randall Roche, Esq.
General Counsel for:
Louisiana Municipal Police Employees'
Retirement System

*Biogen Idec, Inc. Shareholder Losses*

**Class Period:** 2/18/04-2/25/05
**$37.087PPS=Avg. Price 2/28/05-4/29/05**
**Shareholder:** LA Municipal Police (MPERS)

| Account# | Trade Date | Tran Type | # Shares Bought | # Shares Sold | # Shares Remaining | Price / Share | (Cost) / Proceeds |
|---|---|---|---|---|---|---|---|
| **Pre-Class Period Trading** | | | | | | | |
| | 02/17/04 | Beg. Bal. | | | 12,600 | | |
| 92-4000-14-4 | 03/14/04 | S | | (1,500) | 11,100 | 38.2358 | $57,353.7000 |
| 92-4000-30-0 | 06/22/04 | S | | (1,300) | 9,800 | 57.8010 | $75,141.3000 |
| 92-4000-30-0 | 08/26/04 | S | | (100) | 9,700 | 59.6996 | $5,969.9600 |
| 92-4000-14-4 | 12/15/04 | S | | (1,800) | 7,900 | 65.3682 | $117,662.7600 |
| 92-4000-30-0 | 12/28/04 | S | | (100) | 7,800 | 67.4200 | $6,742.0000 |
| 92-4000-14-4 | 01/20/05 | S | | (1,500) | 6,300 | 67.4972 | $101,245.8000 |
| 92-4000-90-4 | 02/28/05 | S | | (6,300) | 0 | 38.0953 | $240,000.3900 |
| | | | | | | | |
| **Class Period Trading** | | | | | | | |
| 92-4000-90-4 | 03/10/04 | B | 1,300 | | 1,300 | 55.5123 | ($72,165.9900) |
| 92-4000-14-4 | 05/14/04 | B | 400 | | 1,700 | 59.0470 | ($23,618.8000) |
| 92-4000-14-4 | 06/02/04 | B | 800 | | 2,500 | 62.8380 | ($50,270.4000) |
| 92-4000-14-4 | 06/10/04 | B | 700 | | 3,200 | 59.6315 | ($41,742.0500) |
| 92-4000-14-4 | 06/21/04 | B | 600 | | 3,800 | 57.7320 | ($34,639.2000) |
| 92-4000-14-4 | 06/29/04 | B | 700 | | 4,500 | 62.6740 | ($43,871.8000) |
| 92-4000-14-4 | 07/08/04 | B | 400 | | 4,900 | 63.1941 | ($25,277.6400) |
| 92-4000-14-4 | 07/16/04 | B | 700 | | 5,600 | 58.6929 | ($41,085.0300) |
| 92-4000-14-4 | 07/26/04 | B | 700 | | 6,300 | 53.5107 | ($37,457.4900) |
| 92-4000-14-4 | 08/27/04 | B | 900 | | 7,200 | 60.6706 | ($54,603.5400) |
| 92-4000-14-4 | 09/08/04 | B | 1,800 | | 9,000 | 60.3911 | ($108,703.9800) |
| 92-4000-14-4 | 09/24/04 | B | 1,900 | | 10,900 | 60.2917 | ($114,554.2300) |
| 92-4000-14-4 | 10/05/04 | B | 1,600 | | 12,500 | 62.2071 | ($99,531.3600) |
| 92-4000-14-4 | 10/21/04 | B | 1,500 | | 14,000 | 57.6654 | ($86,498.1000) |
| 92-4000-14-4 | 11/16/04 | B | 1,400 | | 15,400 | 28.5924 | ($40,029.3600) |
| 92-4000-90-4 | 11/24/04 | B | 1,775 | | 17,175 | 58.3377 | ($103,549.4175) |
| 92-4000-90-4 | 11/26/04 | B | 160 | | 17,335 | 58.3989 | ($9,343.8240) |
| 92-4000-90-4 | 11/29/04 | B | 565 | | 17,900 | 58.7503 | ($33,193.9195) |
| 92-4000-90-4 | 12/08/04 | B | 4,700 | | 22,600 | 64.0260 | ($300,922.2000) |
| 92-4000-90-4 | 02/28/05 | S | | (8,600) | 14,000 | 38.0953 | $327,619.5800 |
| 92-4000-14-4 | 03/22/05 | S | | (1,400) | 12,600 | 38.1503 | $53,410.4200 |
| 92-4000-30-0 | 03/28/05 | S | | (100) | 12,500 | 38.6400 | $3,864.0000 |
| | | | | | | | |
| | | | | | | | |
| **Subtotal** | | | 22,600 | (10,100) | | | ($936,164.3310) |
| **# Shares Remaining:** | | | | 12,500 | | | |
| **# Shares Remaining * 37.087 PPS:** | | | | $463,587.50 | | | |
| **Total Losses:** | | | | ($472,576.83) | | | |

EXHIBIT E

## *Biogen Idec, Inc. Shareholder Losses*

**Class Period:** 2/18/04-2/25/05

**$37.087PPS= Avg. Price 2/28/05-4/29/05**

**Shareholder:** Louisiana School Employees Retirement System

| Trade Date | Transaction Type | # Shares Bought | # Shares Sold | # Remaining Shares | Price / Share | (Cost) / Proceeds |
|---|---|---|---|---|---|---|
| 11/12/04 | B | 300 | | 300 | 59.0370 | ($17,711.100) |
| 1/12/05 | B | 9,700 | | 10,000 | 66.5380 | ($645,418.600) |
| 1/19/05 | B | 5,100 | | 15,100 | 67.7710 | ($345,632.100) |
| 1/20/05 | B | 1,600 | | 16,700 | 67.4650 | ($107,944.000) |
| 2/15/05 | B | 2,600 | | 19,300 | 67.2110 | ($174,748.600) |
| 2/28/05 | S | | (9,700) | 9,600 | 37.1010 | $359,879.700 |
| 2/28/05 | S | | (5,100) | 4,500 | 37.1010 | $189,215.100 |
| 2/28/05 | S | | (1,600) | 2,900 | 37.1010 | $59,361.600 |
| 2/28/05 | S | | (2,600) | 300 | 37.1010 | $96,462.600 |
| | | | | | | |
| | | | | | | |
| **Subtotals:** | | 19,300 | (19,000) | | | ($586,535.400) |
| **# Shares Remaining:** | | | 300 | | | |
| **# Shares Remaining * $37.087 PPS:** | | | $11,126.10 | | | |
| **Total Losses:** | | | ($575,409.30) | | | |

### Biogen Idec, Inc. Shareholder Losses

**Class Period:** 2/18/04-2/25/05
**$37.087PPS=Avg. Price 2/28/05-4/29/05**
**Shareholder:** LA Municipal Police (MPERS)

| Account# | Trade Date | Tran Type | # Shares Bought | # Shares Sold | # Shares Remaining | Price / Share | (Cost) / Proceeds |
|---|---|---|---|---|---|---|---|
| **Pre-Class Period Trading** | | | | | | | |
| | 02/17/04 | Beg. Bal. | | | 12,600 | | |
| 92-4000-14-4 | 03/14/04 | S | | (1,500) | 11,100 | 38.2358 | $57,353.7000 |
| 92-4000-30-0 | 06/22/04 | S | | (1,300) | 9,800 | 57.8010 | $75,141.3000 |
| 92-4000-30-0 | 08/26/04 | S | | (100) | 9,700 | 59.6996 | $5,969.9600 |
| 92-4000-14-4 | 12/15/04 | S | | (1,800) | 7,900 | 65.3682 | $117,662.7600 |
| 92-4000-30-0 | 12/28/04 | S | | (100) | 7,800 | 67.4200 | $6,742.0000 |
| 92-4000-14-4 | 01/20/05 | S | | (1,500) | 6,300 | 67.4972 | $101,245.8000 |
| 92-4000-90-4 | 02/28/05 | S | | (6,300) | 0 | 38.0953 | $240,000.3900 |
| | | | | | | | |
| **Class Period Trading** | | | | | | | |
| 92-4000-90-4 | 03/10/04 | B | 1,300 | | 1,300 | 55.5123 | ($72,165.9900) |
| 92-4000-14-4 | 05/14/04 | B | 400 | | 1,700 | 59.0470 | ($23,618.8000) |
| 92-4000-14-4 | 06/02/04 | B | 800 | | 2,500 | 62.8380 | ($50,270.4000) |
| 92-4000-14-4 | 06/10/04 | B | 700 | | 3,200 | 59.6315 | ($41,742.0500) |
| 92-4000-14-4 | 06/21/04 | B | 600 | | 3,800 | 57.7320 | ($34,639.2000) |
| 92-4000-14-4 | 06/29/04 | B | 700 | | 4,500 | 62.6740 | ($43,871.8000) |
| 92-4000-14-4 | 07/08/04 | B | 400 | | 4,900 | 63.1941 | ($25,277.6400) |
| 92-4000-14-4 | 07/16/04 | B | 700 | | 5,600 | 58.6929 | ($41,085.0300) |
| 92-4000-14-4 | 07/26/04 | B | 700 | | 6,300 | 53.5107 | ($37,457.4900) |
| 92-4000-14-4 | 08/27/04 | B | 900 | | 7,200 | 60.6706 | ($54,603.5400) |
| 92-4000-14-4 | 09/08/04 | B | 1,800 | | 9,000 | 60.3911 | ($108,703.9800) |
| 92-4000-14-4 | 09/24/04 | B | 1,900 | | 10,900 | 60.2917 | ($114,554.2300) |
| 92-4000-14-4 | 10/05/04 | B | 1,600 | | 12,500 | 62.2071 | ($99,531.3600) |
| 92-4000-14-4 | 10/21/04 | B | 1,500 | | 14,000 | 57.6654 | ($86,498.1000) |
| 92-4000-14-4 | 11/16/04 | B | 1,400 | | 15,400 | 28.5924 | ($40,029.3600) |
| 92-4000-90-4 | 11/24/04 | B | 1,775 | | 17,175 | 58.3377 | ($103,549.4175) |
| 92-4000-90-4 | 11/26/04 | B | 160 | | 17,335 | 58.3989 | ($9,343.8240) |
| 92-4000-90-4 | 11/29/04 | B | 565 | | 17,900 | 58.7503 | ($33,193.9195) |
| 92-4000-90-4 | 12/08/04 | B | 4,700 | | 22,600 | 64.0260 | ($300,922.2000) |
| 92-4000-90-4 | 02/28/05 | S | | (8,600) | 14,000 | 38.0953 | $327,619.5800 |
| 92-4000-14-4 | 03/22/05 | S | | (1,400) | 12,600 | 38.1503 | $53,410.4200 |
| 92-4000-30-0 | 03/28/05 | S | | (100) | 12,500 | 38.6400 | $3,864.0000 |
| | | | | | | | |
| | | | | | | | |
| **Subtotal** | | | 22,600 | (10,100) | | | ($936,164.3310) |
| **# Shares Remaining:** | | | | 12,500 | | | |
| **# Shares Remaining * 37.087 PPS:** | | | | $463,587.50 | | | |
| **Total Losses:** | | | | ($472,576.83) | | | |

EXHIBIT F



# THE FIRM

The law firm of Berman DeValerio Pease Tabacco Burt & Pucillo prosecutes class actions nationwide on behalf of victims of securities and antitrust law violations. Founded in 1982, Berman DeValerio has 32 attorneys in offices in Boston, San Francisco, and West Palm Beach.  The firm holds leadership positions in dozens of securities and antitrust actions around the country.

The attorneys at Berman DeValerio have prosecuted hundreds of class actions on behalf of defrauded individuals and institutions, recovering billions of dollars overall for clients. In addition to the financial recoveries, the firm has achieved significant changes in corporate governance.

The firm acts as monitoring, evaluation, and/or litigation counsel to 43 public and Taft-Hartley pension funds, including some of the nation's largest.  In antitrust matters, the firm's institutional clients include the State of Florida and Aetna U.S. Healthcare, Inc.

# RESULTS

## Securities Settlements

The firm has negotiated substantial settlements for its clients.  The following is a sample of significant results in securities litigation:

As counsel to court-appointed bondholder representatives the County of Fresno, Calif., and the Fresno County Employees' Retirement Association in In Re: WorldCom, Inc. Sec. Litig., 02civ3288 (S.D.N.Y.), Berman DeValerio helped a team of lawyers representing the New York State Common Retirement Fund obtain a settlement from underwriters worth more than $6 billion as of March 17, 2005.  Claims against some defendants remain pending.

In In Re: Bristol-Myers Squibb Sec. Litig., 02CV2251 (S.D. N.Y.),  Berman DeValerio represented the Fresno County Employees' Retirement Association and the Louisiana State Employees' Retirement System as lead plaintiffs. The firm negotiated a cash settlement of $300 million in July 2004.  The settlement is the largest by a drug company in a U.S. securities fraud case.

Berman DeValerio represented the Louisiana Municipal Police Employees Retirement System as co-lead plaintiff in <u>In Re: Symbol Technologies, Inc. Sec. Litig.</u>, 2:02cv01383 (E.D.N.Y.), obtaining a $139 million partial settlement in June 2004.  Lead plaintiffs continue to prosecute the claims against individual defendants.  A separate lawsuit is pending against Symbol's former auditor, Deloitte & Touche LLP.

As co-lead counsel in <u>In Re: Lernout & Hauspie Products, N.V., Securities Litigation</u>, 00-CV-11589 (PBS) (D. Mass.), Berman DeValerio negotiated the third largest settlement ever paid by accounting firms in a securities class action – a $115 million agreement with the U.S. and Belgian affiliates of KPMG International to settle claims of accounting malpractice.  The case stemmed from KPMG's work for Lernout & Hauspie Speech Products, a software company driven into bankruptcy by a fraud scandal. The firm has reached additional partial settlements worth $5.5 million. The case is continuing against other defendants, including Lernout & Hauspie's former top officers, who are currently facing criminal charges in Belgium.

Berman DeValerio acted as sole lead counsel in a case against Enterasys Networks, Inc., in which the Los Angeles County Employees' Retirement Association was lead plaintiff. <u>In Re: Enterasys Networks, Inc. Securities Litigation</u>, 02-CV-71 (D.H.H.) settled in October 2003 for $17 million in cash, stock valued at $33 million, and major corporate governance improvements that opened the computer networking company to greater public scrutiny.  Changes included requiring the company to back a proposal to eliminate its staggered board of directors, allowing certain large shareholders to propose candidates to the board, and expanding the company's annual proxy disclosures. The settlement received court approval in December 2003.

Representing the Teachers' Retirement System of Louisiana as co-lead plaintiff, Berman DeValerio negotiated a $30.5 million partial settlement in <u>In Re: SmartForce PLC Securities Litigation</u>, Case No. 02-CV-544 (PJB) (D. N.H.).  The agreement received court approval in September 2004.  The case is continuing against the company's auditors Ernst & Young Chartered Accountants and Ernst & Young, LLP.

In <u>In Re: Warnaco Group, Inc. Securities Litigation</u>, 00civ6266 (LMM) (S.D.N.Y.), the firm negotiated a $12.85 million settlement against several current and former top officers of the company.  The firm represented the Fresno County Employees Retirement Association as co-lead plaintiff in the case.

The firm represented the Florida State Board of Administration as co-lead plaintiff in <u>In Re: Sykes Enterprises, Inc. Sec. Litig.</u>, Case No. 8:00-CV-212-T-26F (M.D. Fla.), in which Sykes Enterprises was accused of using improper means to match the company's earnings with Wall Street's expectations.  The firm negotiated a $30 million settlement, which received final approval in March 2003.

The firm served as co-lead counsel in <u>In Re: Thomas & Betts Securities Litigation</u>, Civil Action No. 2:00cv2127 (JPM) (W.D. Tenn.), which settled for $51 million in 2004.

2

Plaintiffs in this action had accused the company and other defendants of issuing false and misleading financial statements for 1996, 1997, 1998, 1999 and the first two quarters of 2000.

A member of the executive committee representing plaintiffs, Berman DeValerio secured a $45 million settlement in Giarraputo v. UNUMProvident Corp., cv99-301-P-C (D. Me.), a lawsuit stemming from the 1999 merger that created UNUMProvident. Shareholders of both predecessor companies accused the insurer of misleading the public about its business condition before the merger. The settlement received final approval in June 2002.

In In Re: Critical Path, Inc. Securities Litigation, C-01-0551-WHA (N.D. Ca.), the firm negotiated a $17.5 million recovery to settle claims of accounting improprieties at a California software development company. The firm, representing the Florida State Board of Administration, was appointed sole lead counsel in August of 2001. Allegations of serious fraud arose shortly after the spectacular collapse of Critical Path's stock price and certain former officers were indicted for stock fraud. The difficulties facing the lead plaintiff related to marshalling all available resources to secure a recovery for the class as Critical Path teetered on bankruptcy. Following arduous negotiations, the case settled for $17.5 million. The settlement was approved in June 2002.

As one of co-lead counsel in In Re: Molten Metal Technology Inc. Sec. Litig., No. 97-10325-MLW(D. Mass.) and Axler v. Scientific Ecology Group, Inc., et al., No. MLW (D. Mass.), the Boston office played a key role in settling the actions after Molten Metal and several affiliates filed a petition for bankruptcy reorganization in Massachusetts. The individual defendants and the insurance carriers in Molten Metal agreed to settle for $11.91 million. After the bankruptcy trustee objected to the use of insurance proceeds for the settlement, the parties agreed to pay the trustee $1.325 million of the Molten Metal settlement. The parties also agreed to settle claims against Scientific Ecology Group for $1.25 million, giving Molten Metals investors $11.835 million.

In In Re: Interspeed, Inc. Sec. Litig., 00-CV-12090-EFH (D. Mass.), the Boston office served as co-lead counsel and negotiated a $7.5 million settlement on behalf of the class. The settlement was reached in an early stage of the proceedings largely as a result of the financial condition of Interspeed and the need to salvage a recovery from its available assets and insurance.

In In re Avant, Sec. Litig., 96 CV 20132 (N.D. Cal.), Avant!, a software company, was charged with securities fraud in connection with its alleged theft of a competitor's software code, which Avant! incorporated into its flagship software product. Serving as lead counsel, the firm recovered $35 million for the class. The recovery resulted in each eligible class claimant receiving almost 50% of losses net of attorneys' fees and expenses.

3

The Boston office, as co-lead counsel in <u>In Re: Summit Technology Sec. Litig.</u>, No. 96-11589-JLT (D. Mass)., negotiated a settlement consisting of $10 million for the benefit of the class.  The action was intensely litigated for four years, resulting in motion practice on the adequacy of the complaint and the issue of class certification, the review and analysis of over a million pages of documents produced by the defendants and 40 third-party witnesses, the depositions of 40 witnesses, the exchange of nine expert reports and the filing of and responding to nine motions for summary judgment.

<u>In Re: Prison Realty Sec. Litig.</u>, 3:99 CV 0452 (<u>In Re: Old CCA Sec. Litig.</u>) 3:99 CV 0458 (M.D. Tenn.).  The firm represented the former shareholders of Corrections Corporation of America, which merged with another company to form Prison Realty Trust, Inc.  The action charged that the registration statement issued in connection with the merger contained untrue statements.  The firm successfully countered arguments that the class' claims for securities fraud were released in prior litigation involving the merger and overcame motions to dismiss.  It negotiated a global settlement of approximately $120 million in cash and stock for this case and other related litigation.

The Boston office served as co-lead counsel in <u>Gelfer v. Pegasystems, Inc., et al.</u>, 98 CV 12527 (D. Mass.) and negotiated a settlement valued at $12.5 million consisting of $4.5 million in cash and $7.5 million in shares of the company's stock or cash at the company's option.

In <u>In Re: Sybase II, Sec. Litig.</u>, C-98-0252-CAL (N.D. Cal.), Sybase was charged with inflating its quarterly financial results by improperly recognizing revenue at its wholly owned subsidiary in Japan.  Acting as co-lead counsel, attorneys in the California office obtained a $28.5 million settlement.

In <u>In Re: UCAR International, Inc. Sec. Litig.</u>, 98-CV-0600-JBA (D. Conn.), the firm represented the Florida State Board of Administration as the lead plaintiff in a securities claim arising from an accounting restatement.  The case settled for $40 million cash and the requirement that UCAR appoint an independent director to its Board of Directors.  The settlement was approved in 2000 and the lead plaintiff's recommended nominee is currently serving on the board.  It was one of the first securities class actions to achieve such significant corporate governance relief.

The firm served as sole lead counsel in the class action <u>In Re: Centennial Technologies Litigation</u>, No. 97-10304-REK (D. Mass.) involving a massive accounting scandal that shot down the company's high-flying stock.  The Boston office negotiated a settlement that permitted a turnaround of the company and provided a substantial recovery for class members.  The firm negotiated changes in corporate practice, a strengthening of internal financial controls, and obtained 37% of the company's stock for the class.  In addition, the firm recovered $20 million from Coopers & Lybrand, Centennial's auditor at the time – the largest settlement with an auditor in a shareholder class action in New England and among the largest in the nation.  The firm also recovered $2.1 million from defendants

4

Jay Alix & Associates and Lawrence J. Ramaekers for a total recovery of more than $35 million for the class.

In In Re: Exide Corp. Sec. Litig., 98 CV 6006 (E.D. Mich.), Exide was charged with having altered its inventory accounting system to artificially inflate profits by reselling used, outdated, or unsuitable batteries as new ones.  The Boston office, as co-lead counsel for the class, recovered more than $10 million in cash for class members.

In In Re: Digital Lightwave Sec. Litig., 98-152-CIV-T-24C (M.D. Fla.), the Boston office acted as co-lead counsel and the Florida office acted as liaison counsel in negotiating a settlement that included changing company management and strengthening the company's internal financial controls so the company could be poised for a successful turnaround.  In addition, the class received 1.8 million shares of freely tradable common stock that traded at just below $4 per share when the court approved the settlement.  At the time the shares were distributed to the members of the class, the stock traded at approximately $100 per share and class members received more than 200% of their losses after the payment of attorneys' fees and expenses.  The total value of the settlement, at the time of distribution to the class, was almost $200 million.

The Florida office acted as co-lead counsel in Ehrenreich v. Witter, 95 CV 6637 (S.D. Fla.) involving Sensormatic Electronics Corp., which resulted in a settlement of $53.5 million approved in 1998.  It was one of the largest class-action settlements in the State of Florida.

In Hallet v. Li & Fung, Ltd., et al., 95 CIV 8917 (S.D.N.Y.) the company Cyrk Inc. was charged with misrepresenting its financial results and failing to disclose that its largest customer was ending its relationship with the company.  In 1998, the Boston office successfully recovered more than $13 million for defrauded investors.

In In Re: Valence Sec. Litig., 95-20459-JW (EAI) (N.D. Cal.), the California office served as co-lead counsel for the class litigating against a Silicon Valley-based company that overstated performance and development of an allegedly revolutionary battery technology.  Following the Ninth Circuit's reversal of the District Court's granting summary judgment in defendants' favor, the case settled for $30 million in Valence common stock.

Berman DeValerio represented the Florida State Board of Administration (FSBA) in Sand Point Partners, L.P. v. Pediatrix Medical Group, Inc., 99-6181-CIV-2LOCH (S.D. Fla.). The FSBA was appointed co-lead plaintiff along with several other public pension funds. The complaint accused Pediatrix of Medicaid billing fraud, claiming that the company illegally increased revenue and profit margins by improperly coding treatment rendered.  The case settled for $12 million on the eve of trial in 2002, after completion of discovery.  As co-lead counsel, the firm prosecuted the case through pre-trial proceedings.

5

The firm helped obtain an $11.5 million settlement for co-lead plaintiff Warburg, Dillon, Read, LLC (now UBS Warburg) in <u>In Re: CHS Electronics, Inc. Sec. Litig.</u>, 99-8186-CIV (S.D. Fla.).

Using a novel theory in <u>In Re: Fidelity/Micron Sec. Litig.</u>, 95 Civ. 12676 (D. Mass.), Berman DeValerio & Pease recovered $10 million in cash for Micron investors after a Fidelity Fund manager touted Micron while secretly selling the stock.

**<u>Antitrust Settlements</u>**

Over the past two decades, Berman DeValerio has held leadership roles in scores of complex antitrust cases, negotiating substantial settlements for its clients. Among those results are the following:

The California office served as lead counsel in <u>In Re: Sorbates Direct Purchaser Antitrust Litigation</u>, Master File No. C 98-4886 CAL (N.D. Cal.), alleging that six manufacturers of sorbates, a food preservative, violated antitrust laws through participation in a worldwide conspiracy to fix prices and allocations to customers in the United States. The firm negotiated a partial settlement of $82 million with four of the defendants in 2000. Following intensive pretrial litigation, the firm achieved a further $14.5 million settlement with the two remaining defendants, Japanese manufacturers, in 2002. Total settlement achieved for the class was $96.5 million.

Attorneys in the Florida office acted as co-lead counsel and chief trial counsel in <u>In Re: Disposable Contact Lens Antitrust Litigation</u>, MDL 1030 (M.D. Fla.). Representing both a national class and the State of Florida, the firm helped secure settlements from defendants Bausch & Lomb and the American Optometric Association before trial and from Johnson & Johnson after five weeks of trial. The settlements were valued at more than $92 million and also included significant injunctive relief to make disposable contact lenses available at more discount outlets and at more competitive prices.

The California office negotiated a $62 million settlement in <u>In Re: Toys "R" Us Antitrust Litigation</u>, MDL 1211 (E.D.N.Y.) to answer claims that the retailer violated laws by colluding to cut off or limit supplies of popular toys to stores that sold the products at lower prices. A component of the settlement included $40 million worth of toys to needy children throughout the United States over a three-year period.

The California office served as co-lead counsel in <u>In Re: Industrial Diamonds Antitrust Litigation</u>, MDL-948 (WCC) (S.D.N.Y.) alleging General Electric and DeBeers conspired to fix, raise, and maintain the prices of industrial diamond products in violation of the federal antitrust laws. The action settled for a combined cash and coupon settlement valued at $26 million.

The firm played a significant role in one of the largest antitrust settlements on record in a case that involved alleged price-fixing by more than 30 <u>Nasdaq Market-Makers</u> on about

6

6,000 Nasdaq-listed stocks over a four-year period. The settlement, one of the largest of its kind at the time, was valued at near $1 billion.

Berman DeValerio attorneys also played a key role in obtaining a $535 million agreement from Bristol-Myers Squibb Co. to partially settle claims that the drug company had illegally blocked generic competition for its anxiety medication, BuSpar.

In another case involving generic drug competition, Berman DeValerio, as co-lead counsel, helped secure an $80 million settlement from French-German drug maker Aventis Pharmaceuticals and the Andrx Corporation of Florida. The payment to consumers, state agencies, and insurance companies settles claims that the companies conspired to prevent the marketing of a less expensive generic version of the blood pressure medication Cardizem CD. The state attorneys general of New York and Michigan joined that case in support of the class.

## LEADERSHIP ROLES

The firm has acted as lead or co-lead counsel in dozens of high profile cases, and has played an active role in some of the country's most prominent class actions. The following is a list of active cases where the firm is currently serving as lead or co-lead counsel for the class. This list does not include the numerous closed actions where the firm served as lead or co-lead counsel.

### Securities Class Actions

- In Re: Abercrombie & Fitch Co. Securities Litigation, M21-83 (TPG) (S.D.N.Y) – Member of the Executive Committee.

- In Re: Oscar Wyatt v. El Paso Corp., Civil Action No. H-02-2717 (S.D. Tex.); Deputy Lead Counsel

- In Re: Emex Corporation Securities Litigation, 01cv4886 (S.D.N.Y.) – Lead Counsel.

- In Re: Fannie Mae Securities Litigation, 1:04-cv-1639 (RJL) (D. D.C.) – Co-lead Counsel.

- In Re: FreeMarkets, Inc. Securities Litigation, 01cv0746 (DBS) (W.D. Pa.) – Lead Counsel.

- In re: GenesisIntermedia, Inc. Securities Litigation, 01cv9024 (C.D. Cal) – Co-lead Counsel.

7

- <u>Hanley v. Warburg (Magma Copper)</u>, 96-390 (D. Ariz.) – Co-lead Counsel.

- <u>Heartland High Yield Municipal Bond Fund et al.</u>, 00 C 1388 (JPS) (E.D. Wisc.) – Lead Counsel.

- <u>In re: ICG Communications Inc. Securities Litigation</u>, 00-CV-1864 (D. Colo.) – Co-lead Counsel.

- <u>In Re: City of Austin Police Retirement System v. ITT Educational Services, Inc.</u>, 1:04-cv-0380 (S.D. In.) – Lead Counsel.

- <u>Kinder Morgan, Inc.</u>, Civil Action No. 00-N-516 (D. Colo.) – Co-lead Counsel.

- <u>McKesson HBOC, Inc. Securities Litigation</u>, 02-405792 (Cal. Sup. Ct.).

- <u>In Re: Micromuse Inc. Securities Litigation</u>, No. CV 04-00136 SBA (N.D. Cal.) – Lead Counsel.

- <u>In Re: MTI Technology Corp. Securities Litigation, II</u>, Civil Action No. 8:00cv745 (DOC)   (C.D. Cal.) – Co-lead Counsel.

- <u>In Re: Philip Services Corp Securities Litigation</u>, 98cv835 (MBM) (S.D.N.Y.), 99-7825 (2d Cir.) – Co-lead Counsel.

- <u>In Re: Reliant Sec. Litig.</u>, H-02-1810 (S.D. Tex.) – Lead Counsel.

- <u>In Re: Stone & Webster, Inc. Securities Litigation</u>, 00cv10874 (RCL) (D. Mass.) – Member of the Executive Committee and Liaison Counsel.

- <u>In Re: Xcelera.com Securities Litigation</u>, 1:00cv11649 (RWZ) (D. Mass.) – Co-lead Counsel.

- <u>Carlson v. Xerox Corp.</u>, 3:00-CV-1621 (AWT) (D.Conn.) – Co-lead Counsel

**<u>Antitrust Class Actions</u>**

- <u>In Re: Canadian Car Antitrust Litigation</u>.

BOSTON • SAN FRANCISCO • WEST PALM BEACH
TEL: 800 516-9926 • E-MAIL: LAW@BERMANESQ.COM • URL: WWW.BERMANESQ.COM

- In Re: SBC Communications, Inc. Antitrust Litigation, (Lead Case No. 3:02CV1617 (DJS), D. Conn.) and Syncro Services v. Bell Atlantic Corp. (02 civ. 7650 (SHS), S.D. N.Y).

- In Re: Automotive Refinishing Paint Litigation, (JCCP4199, Superior Court of California, County of Alameda).

- Sample v. Monsanto et al. [Bioseeds Antitrust Litigation], (4:01cv00065RWS, E.D. Mo.).

- In Re: High Fructose Corn Syrup Antitrust Litigation, (95-1477, MDL No. 1087, C.D. Ill.).

- Samole v. Bayer Ag, et al. [Cipro Antitrust Litigation], (MDL1383, E.D. N.Y.). Koonan v. Barr Laboratories, Inc. [Tamoxifen Antitrust Litigation], (MDL 1408, E.D. N.Y.).

- Blevins v. Wyeth-Ayerst Laboratories, et al. [Premarin Antitrust Litigation], (CGC-01-324380, Superior Court of California, County of San Francisco).

- In Re: Neurontin Antitrust Litigation, (MDL1479, D. N.J.).

- In Re: Terazosin Hydrochloride Antitrust Litigation, [Hytrin], (99-MD-1317, S.D. Fla.).

- MC - UA Local 119 Health and Welfare Plan V. Glaxosmithkline, PLC et al. [Wellbutrin], (02-cv-4398, E.D. Pa.).

9

## TRIAL EXPERIENCE

The firm also has extensive experience in taking securities and antitrust class actions to trial. Over the years, its attorneys have gone to trial against pharmaceutical companies in New York and Boston, a railroad conglomerate in Delaware, one of the nation's largest trustee banks in Philadelphia, a major food retailer in St. Louis and the top officers of a failed New England bank. The firm also took an environmental products company to trial in Philadelphia and successfully argued the case before a federal appeals court.

The firm has been involved in more trials than most of the firms in the plaintiffs' class action bar. Our trial experience includes In Re: Disposable Contact Lens Antitrust Litigation, MDL 1030 (M.D. Fla.) (settled for $60 million with defendant Johnson & Johnson after five weeks of trial); Hurley v. Federal Deposit Insurance Corp., 88 Civ. 1940 (D. Mass.) (bench verdict for plaintiffs); Howard Savings Bank, ($3 million plaintiffs' verdict following four week trial); In Re: Equitec Sec. Litig., ($35 million settlement at close of evidence following five month trial); In Re: ICN/Viratek Sec. Litig., 87 Civ. 4296 (S.D.N.Y.) (hung jury with 8-1 vote in favor of plaintiffs; the case settled for over $14.5 million after the trial); In Re: Biogen Sec. Litig., 94 Civ. 12177 (D. Mass.) (verdict for defendants); Peil v. Speiser, No. 82-1289 (E.D. Pa. 1985) (securities fraud class action, verdict for defendants after six-week trial, Court of Appeals affirms but adopts "fraud-on-the-market" rule for Third Circuit securities cases); Kumpis v. Wetterau, No. 83-0362-(C3) (E.D. MO Dec. 1985) (securities fraud class action, case settled in mid-trial); Upp v. Mellon, No. 91-5219 (E.D. Pa. 1992) (bench trial, court finds for class of trust beneficiaries in suit against trustee bank and orders disgorgement of fees; Third Circuit later reversed based on lack of jurisdiction). The firm has the reputation and experience to take a case through verdict and appeal.

10

# PARTNERS

## Boston Office

### Glen DeValerio

Glen DeValerio has prosecuted federal securities law violations, chiefly class and derivative actions, since the early 1970s. A 1969 graduate of the University of Rhode Island, he received his law degree in 1973 from the Catholic University Law School and served on the Catholic University Law Review's editorial board for two years. In 1973 and 1974, he worked as a law clerk to the Honorable June L. Green, U.S. District Court for the District of Columbia. Mr. DeValerio was admitted to the bar of the District of Columbia in 1974 and to the Massachusetts Bar in 1982. He has tried cases and argued before appellate and district courts in the District of Columbia, the District of Massachusetts, Delaware, and elsewhere, earning favorable judicial comment for his work.

Mr. DeValerio frequently lectures on complex securities litigation issues at continuing legal education seminars sponsored by groups like PLI, ALI-ABA, and the Boston Bar Association. He served as the President of the National Association of Securities and Commercial Law Attorneys (NASCAT) from 1996 through 1998.

### Norman Berman

Since the creation of the firm in 1982, Norman Berman has focused his activities principally on the complex litigation of cases filed under the federal securities and antitrust laws. Mr. Berman has acted as trial counsel in a number of successful cases, including In Re: ICN Securities Litigation, which was settled after trial for more than $14.5 million in 1996. The trial team's work prompted positive judicial comment.

Mr. Berman graduated from Boston University in 1970 and from Suffolk University Law School in 1974. He was admitted to practice law in Massachusetts and Connecticut in 1974.

### Peter A. Pease

Since the mid-1970s, Peter A. Pease has been litigating cases under the federal antitrust laws, the federal securities laws, and state unfair trade practices laws. Mr. Pease is admitted to practice in Massachusetts, the U.S. District Courts of Massachusetts and the Eastern District of Michigan, and the U.S. Courts of Appeals for the First and Third Circuits. His effective and successful advocacy in courts throughout the nation has elicited favorable judicial comment.

Mr. Pease assisted in the prosecution of many prominent cases, including Bogosian v. Gulf Oil Corp. (trademark tying claims alleging conscious parallelism on the part of the major oil companies) and Salomon Brothers Treasury Litigation (monopolization and manipulation of the market for U.S. Treasury Securities). A 1972 graduate of Denver University and a 1976 graduate of Suffolk University Law School, Mr. Pease has written

11

and lectured in the franchise and antitrust fields.  He also has served as an editor of the American Bar Association's Franchise Law Journal.  Publications he has authored include "Franchisee and Dealer Terminations and Antitrust Exposure: Spray-Rite and Evidentiary Standards in the 80s," Vol. 3, No. 4, Journal of the American Bar Association Forum Committee on Franchising, Spring 1984.

**Jeffrey C. Block**
Jeffrey C. Block graduated *cum laude* from the State University of New York at Albany in 1983 and received his J.D. in 1986 from Brooklyn Law School, where he finished in the top 10 percent of his class.  He was admitted to the New York Bar in 1987 and is also admitted to practice in Massachusetts.  From 1987 to 1995, Mr. Block was associated with the New York law firm of Pomerantz Haudek Block Grossman & Gross, representing shareholders in securities class actions brought under the federal securities laws and in state court actions involving claims of breaches of fiduciary duties by corporate directors.

A partner at Berman DeValerio since 1997, Mr. Block has been one of the firm's lead attorneys on a number of cases, including In Re: Prison Realty Sec. Litig., one of the 10 largest settlements in securities class-action history, and In Re: Digital Lightwave Sec. Litig., in which the class received more than twice its certified losses after payment of attorneys' fees.  He has also represented institutional clients in class actions alleging securities fraud at Xerox and Bristol-Myers Squibb.

**Kathleen M. Donovan-Maher**
Kathleen Donovan-Maher became a partner at the firm's Boston office in 1999 and focuses her work in Berman DeValerio's antitrust and securities practices.  Ms. Donovan-Maher served as discovery captain in In Re: Nasdaq Antitrust Litigation and was a member of the trial team in In Re: ICN Securities Litigation, which settled for $14.5 million when the jury deadlocked after a 1996 trial. Ms. Donovan-Maher graduated from Suffolk University in 1988, receiving a B.S. degree in Business Administration, *magna cum laude*, and earning an award for maintaining the highest grade point average among students with concentrations in Finance.  She graduated from Suffolk University Law School three years later after serving for two years on the *Transnational Law Review.*

Ms. Donovan-Maher was admitted to the Massachusetts Bar in 1991, the United States District Court for the District of Massachusetts in 1992 and the United States Court of Appeals for the First Circuit in 1995.  A frequent author on continuing legal education issues, Ms. Donovan-Maher is a member of Phi Delta Phi; Delta Mu Delta National Honor Society in Business Administration; and Omicron Delta Epsilon International Honor Society of Economics.

BOSTON • SAN FRANCISCO • WEST PALM BEACH
TEL: 800 516-9926 • E-MAIL: LAW@BERMANESQ.COM • URL: WWW.BERMANESQ.COM

**Michael G. Lange**

Michael G. Lange became a partner with the firm in 1999. Until 1994, when he joined Berman DeValerio, he was a member of the defense bar as an attorney with Testa, Hurwitz & Thibeault. Mr. Lange is a 1988 graduate of Swarthmore College, where he received his B.A. degree in Economics, *magna cum laude*. He graduated *cum laude* from Harvard Law School in 1991. He was admitted to the Massachusetts Bar in 1991 and the U.S. District Court for the District of Massachusetts in 1992. He is also admitted in the U.S. District Court of Colorado and the 1st, 3rd and 10th Circuit Courts of Appeal.

Mr. Lange has been involved in numerous class action cases on behalf of shareholders, insurance policyholders, and consumers. He was a member of the trial team in In Re: Biogen, Inc. Securities Litigation, the first securities class action tried in Massachusetts in nearly a decade. He was a co-chair and featured speaker for the February 2001 Class Action Litigation Summit in Washington, D.C., chair of the June 2001 MCLE Seminar "Class Action Practices in Massachusetts and Federal Court," and co-chair of the May 2002 BBA Seminar "The Life Cycle of a Class Action." He has spoken at investor conferences and serves as co-chair of the Boston Bar Association Class Action Committee. He is currently Vice President of the National Association of Shareholder and Consumer Attorneys (NASCAT), as well as a member of the Executive Committee, and previously served as the head of the media committee for the organization. He has written extensively on class action issues for professional and popular publications and has been quoted frequently in the national press.

**Leslie R. Stern**

Leslie R. Stern earned a B.S. degree in Finance from American University in 1991 and graduated, *cum laude,* from Suffolk University Law School in 1995. While at Suffolk, Ms. Stern served on the *Suffolk University Law Review's* editorial board and authored three publications. She was admitted to the Massachusetts Bar in 1995.
Before joining the firm, Ms. Stern practiced general civil litigation. She became associated with Berman DeValerio in 1998 and was named partner in 2003. Ms. Stern focuses her practice on securities litigation.

**San Francisco Office**

**Joseph J. Tabacco, Jr.**

The managing partner of the firm's San Francisco office, Mr. Tabacco has actively litigated antitrust, securities fraud, commercial high tech, and intellectual property matters since the 1970s. He is a member of the bar in California, where he began his legal career, and is also a member in good standing of the bars of New York, Massachusetts, and the District of Columbia. Since entering private practice in the 1980s, Mr. Tabacco has served as trial or lead counsel in numerous antitrust and securities cases and has been involved in all aspects of state and federal securities and antitrust litigation.

BOSTON • SAN FRANCISCO • WEST PALM BEACH
TEL: 800 516-9926 • E-MAIL: LAW@BERMANESQ.COM • URL: WWW.BERMANESQ.COM

Until 1981, he served as senior trial attorney for the U.S. Department of Justice, Antitrust Division, in both the Central District of California and the Southern District of New York. In that capacity, he had major responsibility for several criminal and civil matters including the antitrust trial of the U.S. v. IBM. He is a former teaching fellow of the Attorney General's Advocacy Institute in Washington, D.C., and has served on the faculty of ALI-ABA on programs about U.S.-Canadian business litigation and trial of complex securities cases. Author of numerous articles on securities and antitrust law issues, he is a member of the Advisory Board of the Institute for Consumer Antitrust Studies at Loyola University Chicago School of Law.

**Christopher T. Heffelfinger**
Christopher T. Heffelfinger is a 1984 graduate of the University of San Francisco School of Law, where he was a member of the law review. He graduated from Claremont Men's College in 1977 with a B.A. in Economics. He has an AV rating from Martindale-Hubbell. He specializes in corporate, securities, derivative and antitrust litigation, and has acted as a principal attorney in a number of such cases. Prior to joining the firm, he was associated with the San Francisco firm of Gold & Bennett from 1990 to 1994, where he practiced securities and bankruptcy litigation. Before that, he practiced securities litigation and bankruptcy law for five years with a small firm in Marin County with an emphasis on Chapter 11 reorganizations, representing both debtors and creditors. He has litigated securities cases involving real estate limited partnerships, the mortgage banking and insurance industries, and companies engaged in the high-tech arena where the allegations involved both non-disclosed product problems and accounting fraud issues.

Mr. Heffelfinger has also lectured on discovery as a panelist in the Federal Court Northern District of California Practice Program. In addition, he served as a Captain (infantry) in the U.S. Marine Corps from 1990-1991, when he was recalled to active duty in support of Operations Desert Shield/Storm.

**Nicole Lavallee**
Nicole Lavallee is a 1989 graduate of the French Civil Law School at Université de Montréal in Canada. In 1991, she was admitted to the Quebec Bar (currently inactive) and obtained her Common Law degree from Osgoode Hall Law School in Toronto. After graduating from Osgoode, Ms. Lavallee worked for the Toronto firm of McDonald & Hayden where she co-authored two feature articles in Foreign Investment in Canada: A Guide to the Law: "Protecting Our Struggling Artists: The Canadian Content Rules in Radio Broadcasting" and "An Analysis of Social Democratic Corporate Phobia in Canada."

Ms. Lavallee joined the firm shortly after being admitted to the California Bar in 1993 and was elevated to partner in 2002. She currently practices complex litigation including securities, corporate, and environmental litigation. Ms. Lavallee is fluent in French.

**Sharon T. Maier**
Sharon T. Maier joined Berman DeValerio's San Francisco office in 2001 and concentrates her activities in the firm's antitrust law practice. She graduated from the University of South Carolina in 1971 and received her J.D., *magna cum laude*, from the

14

University of San Diego in 1989, where she was lead articles editor of San Diego Law Review.  Admitted to the State Bar of California in 1989 and to the District of Columbia Bar in 1992, she has been a member of the San Diego County, Federal, and American Bar Associations, as well as the Enright Inn of Court and California Women Lawyers.

From 1997 to 1999, she served on the Board of Governors of Consumer Attorneys of California.  She has co-chaired the Rule 23 subcommittee of the ABA Litigation Section's Committee on Class Actions and Derivative suits and is on the faculty of the 2001 National Class Action Institute.  She has written and lectured widely on Rule 23 and on discovery of electronic evidence in complex litigation.  Before joining Berman DeValerio, she was a partner with the law firm of Milberg Weiss Bershad Hynes and Lerach, LLP.


### West Palm Beach Office


### C. Oliver Burt, III
C. Oliver Burt, a partner in the West Palm Beach office, launched his legal career with a major Philadelphia law firm.  In 1971, he began prosecuting white-collar criminal cases as an assistant U.S. attorney for the Eastern District of Pennsylvania and, two years later, was appointed chief of the Civil Division of the United States Attorney's Office.  He later returned to private practice in Philadelphia, focusing primarily on antitrust, unfair competition, and securities cases.  He also briefly served as a special assistant U.S. attorney.

Mr. Burt has extensive litigation experience.  He was trial co-counsel for plaintiffs in Peil v. Speiser, and argued the appeal. In its landmark opinion in that case, the Third Circuit adopted the "fraud-on-the-market" presumption of reliance as the law of the Circuit. Mr. Burt also argued numerous appeals in class action cases in the Third, Eighth, and Eleventh Circuits and in the Delaware Supreme Court.  He is a member of the Florida and Pennsylvania Bars and is admitted to practice before the Supreme Court of the United States.  Mr. Burt graduated from Swarthmore College in 1964 and from the Law School of the University of Pennsylvania in 1967.


### Michael J. Pucillo
Michael J. Pucillo is the managing partner of the firm's West Palm Beach office.  A member of the Florida Bar since 1978, he is admitted to practice before the United States Court of Appeals for the Fifth and Eleventh Circuits, and the United States District Courts for the Southern and Middle Districts of Florida and the District of Arizona. He has been active in numerous class actions and shareholder derivative actions throughout the United States since 1989.  He acted as sole lead counsel in In Re: UCAR International, Inc. Securities Litigation, Case No. 98-CV-0600-JBA (D. Conn.), an action in which the Florida State Board of Administration was the lead plaintiff.  That action settled in 2000 for a $40 million cash payment and the right to appoint a new member to UCAR's Board of Directors, one of the first times such significant corporate governance relief was achieved as part of a securities class action.

15

A graduate of Williams College (1975) and Georgetown University Law School (1978), Mr. Pucillo worked as law clerk to two federal judges before serving as an enforcement attorney with the U.S. Securities and Exchange Commission in Washington. Mr. Pucillo has lectured frequently on class actions and litigation. In 1994, he became a member of the faculty of the College of Advanced Judicial Studies ("AJS"), where he taught "Managing the Complex Civil Case" to Florida circuit court judges in 1994 and in 1996. He taught again at the 2002 AJS. A member of the Academy of Florida Trial Lawyers, he has lectured for the Academy on class actions and on recent developments in commercial and business tort litigation. He served as president of the Gold Coast Chapter of the Federal Bar Association during 1989-1990, and served from 1994 to 1997 as chairman of the Palm Beach County Bar Association Federal Court Practice Committee. He also appeared on the PBS Nightly Business Report on issues relating to investor fraud.

### Wendy H. Zoberman

Wendy Zoberman is admitted to practice before the United States District Court for the Middle and Southern Districts of Florida, as well as all Florida State Courts. Ms. Zoberman is a 1981 graduate of Wellesley College, where she was a Durant Scholar, and was elected to the Phi Beta Kappa Society. She received her law degree from Columbia University in 1984. At Columbia she served as an Articles Editor of the Columbia University - Volunteer Lawyers for the Arts Journal of Art and the Law and is a co-author of "An Introduction to the New York Artists' Authorship Rights Act," appearing at Vol. 8, No. 3 Columbia - VLA Journal of Art and the Law 369.

Ms. Zoberman has practiced law in Florida since 1984, originally concentrating on First Amendment litigation and commercial litigation. Since 1990, Ms. Zoberman has prosecuted numerous securities class actions and shareholder derivative actions both throughout Florida and in other jurisdictions, including In Re: John Alden Financial Corp. Securities Litigation, Ehrenreich, et al. v. Sensormatic Electronics Corp. and In Re: Brothers Gourmet Coffees, Inc. Securities Litigation. She was also instrumental in the prosecution of In Re: UCAR International, Inc. Securities Litigation.

### R. Scott Palmer

Scott Palmer, a graduate of the University of Michigan and a 1976 honors graduate of the University of Miami School of Law, began his career as an assistant state attorney in Orlando, Florida. From 1976 to 1979, he served as a misdemeanor and felony trial attorney as well as a legal advisor to the Organized Crime Strike Force. In 1980, Mr. Palmer was appointed chief field counsel for the Florida Department of Law Enforcement and later became director of executive investigations, responsible for the security of Florida's governor and internal affairs at the Department of Law Enforcement. In 1982, then-Gov. Bob Graham appointed him chief prosecutor of the Statewide Grand Jury, a post he held until 1986. After two years in private practice, Mr. Palmer was appointed an assistant attorney general for the Antitrust Section of the Economics Crimes Litigation Unit, handling all major antitrust litigation for Florida, including trials.

16

Mr. Palmer has continued to represent Florida since joining Berman DeValerio's West Palm Beach office in 1997. He is a member of the Florida Bar and the bars of the Eleventh Circuit Court of Appeals, Northern, Middle, and Southern Districts of Florida. A certified Circuit Court mediator, he has authored a law review article on statewide prosecution and a chapter on unfair trade practices in Matthew Bender's "Florida Forms of Jury Instruction." In addition, Mr. Palmer has taught litigation skills at the Florida State University College of Law and has studied antitrust law under Philip Areeda at Harvard Law School.

## ASSOCIATES

### Boston Office

### Colleen M. Conners

Colleen M. Conners graduated, *cum laude*, from Boston College in 1999 with a B.A. in History. Ms. Conners earned a J.D., *cum laude*, from Suffolk University Law School in 2002, where she served as an editor for the *Suffolk University Law Review*. Ms. Conners was admitted to the Massachusetts Bar in 2002 and the U.S District Court for the District of Massachusetts in 2003.

Prior to joining Berman DeValerio Pease Tabacco Burt & Pucillo, Ms. Conners was a staff attorney for the Victim Rights Law Center in Boston, where she represented sexual assault victims in employment, housing, education, privacy and criminal justice matters. She also practiced corporate litigation and labor and employment law at Mintz Levin Cohn Ferris Glovsky & Popeo. Ms. Conners focuses her work in the firm's securities litigation practice.

### Patrick T. Egan

Patrick T. Egan received a B.A. in Political Science, *cum laude*, from Providence College in 1993. In 1997, Mr. Egan graduated *cum laude* from Suffolk University Law School. Mr. Egan served on the editorial board of the *Suffolk University Law Review* and authored a Note entitled: "Virtual Community Standards: Should Obscenity Law Recognize the Contemporary Community Standard of Cyberspace," 30 *Suffolk University Law Review* 117 (1996). Mr. Egan was admitted to the Massachusetts Bar in 1997, the Connecticut Bar in 1998 and the New York Bar in 1999.

Mr. Egan came to the firm from the U.S. Department of Labor, where he served as an attorney advisor with the Office of Administrative Law Judges. He became associated with the firm in 1999 and focuses on securities litigation.

17

**Joseph C. Merschman**

Joseph C. Merschman earned a BBA in Accounting in 1998 from the University of Iowa. In 2001, Mr. Merschman graduated from the University of Connecticut School of Law, where he was articles editor for the *Connecticut Law Review*. Mr. Merschman was admitted to the Massachusetts and Connecticut Bars in 2002.

Prior to joining Berman DeValerio in 2003, Mr. Merschman was a law clerk for the Honorable Judge Richard Roberts in the U.S. District Court for the District of Columbia. Mr. Merschman is also a former law clerk of Connecticut Supreme Court Justice Christine Vertefeuille and a summer/fall associate at the law firm of Rogin, Nassau, Caplan, Lassman & Hirtle, LLC.

**Julie A. Richmond**

Julie A. Richmond graduated *magna cum laude* from Tufts University in 1995 with a B.A. in Economics. In 1998, Ms. Richmond received her J.D. from the American University Washington College of Law, *summa cum laude*, where she served as an Articles Editor on the American University Law Review. Ms. Richmond has been a member of the Massachusetts Bar since 1998 and was admitted to practice before the U.S. District Court for the District of Massachusetts in 1999.

Prior to joining Berman DeValerio Pease Tabacco Burt & Pucillo, Ms. Richmond practiced securities litigation and corporate law at Goodwin Procter LLP. She focuses her activities in the firm's securities litigation practice.

**Nicole R. Starr**

Nicole R. Starr earned a B.A., *magna cum laude*, in Political Science and a minor in Spanish in 1999 from Providence College. In 2002, Ms. Starr graduated, *summa cum laude*, from Suffolk University Law School, where she served as an Associate Production Editor for the *Suffolk University Law Review* and authored an article entitled: "The Curtailment of the Doctrine of Equivalents: Courts Emphasize the Public Notice Function of Patent Claims," 35 *Suffolk U.L. Rev.* 323 (2001). While at law school, Ms. Starr received the Best Brief and Best Oral Advocate Award in the First Year Legal Practice Skills Program and the Jurisprudence Award for Civil Procedure and Commercial Paper. In 2001, Ms. Starr was a summer associate at the Boston firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., where she researched and prepared memoranda on a variety of legal matters, including litigation, corporate, real estate, and trusts and estates issues. Ms. Starr was admitted to the Massachusetts Bar in 2002.

Ms. Starr joined Berman DeValerio Pease Tabacco Burt & Pucillo in 2002 and focuses her practice on securities litigation.

BOSTON • SAN FRANCISCO • WEST PALM BEACH
TEL: 800 516-9926 • E-MAIL: LAW@BERMANESQ.COM • URL: WWW.BERMANESQ.COM

**Alfonso R. Torrijos**

Alfonso R. Torrijos earned his undergraduate degree in Economics at Harvard University in 1994, graduating *cum laude* in general studies. In 1996, Mr. Torrijos graduated with a Masters of Science in Accountancy with *distinction* from Bentley's McCallum Graduate School of Business. He worked two years as a public accounting auditor for Ernst & Young, LLP before attaining a J.D. and M.B.A. with *distinction* from the University of Michigan in 2002, concentrating in finance, business law, and management. Mr. Torrijos was admitted to the California State Bar in 2003 and is currently a Certified Public Accountant in California.

Prior to joining the firm, Mr. Torrijos worked as a corporate associate with Skadden Arps Slate Meagher & Flom, LLP, in Los Angeles and a summer associate with the law firm of Butzel Long, LLC, in Detroit. He is a member of the Massachusetts Society of CPAs, the American Institute of Certified Public Accountants, and National Society of Hispanic MBAs.

Mr. Torrijos joined Berman DeValerio Pease Tabacco Burt & Pucillo in 2005 and focuses his practice on securities litigation.

**Bryan A. Wood**

Bryan A. Wood graduated, *cum laude*, from the University of Massachusetts in 1991 with a B.A. in Sociology. In 1995, he earned an M.S., *summa cum laude*, in Public Policy from the Eagleton Institute of Politics at Rutgers University and graduated, *cum laude,* from the Temple University School of Law in 1998. While at law school, Mr. Wood was the Managing Editor of the *Temple Law Review* and a board member of the Temple Law Moot Court Honor Society. Mr. Wood was admitted to the Pennsylvania bar in 1998 and the Massachusetts bar in 2001. He was also admitted to the U.S. District Court for the Districts of Pennsylvania in 1998, the U.S. District Court for the District of Massachusetts in 2001, and the U.S. Circuit Court of Appeals for the Third Circuit in 1998. Mr. Wood is a member of the Boston and American bar associations.

Prior to joining Berman DeValerio Pease Tabacco Burt & Pucillo, Mr. Wood was a litigation associate at both Montgomery McCracken Walker & Rhoads in Philadelphia, and Schnader Harrison Goldstein & Manello in Boston, where he represented corporations and directors in shareholder and other class action lawsuits as well as businesses and municipalities in general contract and employment discrimination cases. Mr. Wood focuses his activities in the firm's securities litigation practice.

19

**San Francisco Office**

**Julie J. Bai**
Julie J. Bai earned a B.S. in Economics and a minor in Japanese in 1995 from the University of Pennsylvania, Wharton School of Business. In 2003, Ms. Bai received her J.D. from the University of California, Davis, School of Law. While in law school, Ms. Bai worked on family law matters with low-income victims of domestic violence at the Family Protection Clinic in Woodland, California. Ms. Bai was admitted to the California Bar in 2003. She is a member of the American Bar Association.

Ms. Bai is also a Certified Public Accountant and has worked as a business assurance associate and senior tax accountant at two major public accounting firms. Ms. Bai joined Berman DeValerio as an associate in 2004.

**Elizabeth C. Guarnieri**
Elizabeth C. Guarnieri graduated from Rider University in 1995 with a B.A. in Political Science. In 1998, she received her J.D. from Rutgers University School of Law. She is a member in good standing of the bars of California, New Jersey, and Pennsylvania. Ms. Guarnieri serves on the Board of Directors for the Meiklejohn Civil Liberties Institute. She is also a member of the American Bar Association, the California Bar Association, and the National Lawyers Guild.

Prior to joining the firm, Ms. Guarnieri was associated with the law firm Lexington Law Group, where her practice focused on complex civil litigation. She concentrates her activities in the firm's securities fraud and antitrust litigation practices.

**Kristin J. Madigan**
Kristin J. Madigan earned a B.A. with high honors in Political Science and a minor in Spanish Literature from the University of California, San Diego, in 1999. In 2004, Ms. Madigan received her J.D. from the University of California, Berkeley, School of Law (Boalt Hall). During law school, Ms. Madigan was an editor to the Berkeley Journal of International Law, and a member of the International Human Rights Law Clinic. Ms. Madigan was admitted to the California Bar in 2004 and joined Berman DeValerio as an associate that year.

**Todd A. Seaver**
Todd A. Seaver graduated *magna cum laude* from Boston University in 1994 with a B.A. in International Relations. He earned a M.Sc. from the London School of Economics in 1995 and graduated *cum laude* from the American University Washington College of Law in 1999. While in law school, Mr. Seaver worked as a law clerk at the Federal Trade Commission's Bureau of Competition, as a judicial extern for the Honorable Ricardo M. Urbina of the U.S. District Court for the District of Columbia, and as a law clerk in the antitrust practice group in the law firm Morgan, Lewis & Bockius.

BOSTON • SAN FRANCISCO • WEST PALM BEACH
TEL: 800 516-9926 • E-MAIL: LAW@BERMANESQ.COM • URL: WWW.BERMANESQ.COM

Mr. Seaver was admitted to the New Hampshire Bar in 1999 and to the Massachusetts Bar in 2000, and is a member of the American Bar Association's Antitrust Section. Mr. Seaver joined the firm in 2000 and focuses his practice on both antitrust litigation and securities litigation.

### Michael W. Stocker

Michael W. Stocker graduated from the University of California at Berkeley in 1989 with a B.A. with a Distinction in Oriental Languages. In 1995, he received his J.D. from University of California, Hastings College of the Law. While in law school, he served as judicial extern to U.S. Magistrate Judge (now District Judge) Phyllis Hamilton. In 2000 he was awarded a Master of Criminology degree from the Law Faculty of the University of Sydney.

Prior to joining Berman DeValerio, Mr. Stocker served as a staff attorney in the civil and motions divisions of the Office of the Staff Attorneys at the United States Court of Appeals for the Ninth Circuit. He also served as an adjunct instructor of legal writing and research and moot court at Hastings College of the Law. From 2000 to August of 2003 Mr. Stocker was associated with the firm of Zelle, Hofmann, Voelbel, Mason, and Gette LLP, where he specialized in commercial litigation.

### West Palm Beach Office

### Kyle G. DeValerio

Kyle G. DeValerio graduated from Colby College in 1999 with a B.A. in Government. In his junior year, he studied at the London School of Economics and Political Science, concentrating in European politics and the English legal System. Mr. DeValerio received his J.D. from the Suffolk University School of Law in 2004.

Prior to joining Berman DeValerio Pease Tabacco Burt & Pucillo as an associate, Mr. DeValerio worked as a legal intern in the Civil Division of the United States Attorney's Office in Boston and as a law clerk and paralegal in the firm's Boston office. Mr. DeValerio focuses his practice on securities litigation.

### Manuel J. Dominguez

Manuel Dominguez graduated with honors from the Florida State University Law School in 1995 and was a member of the *Transnational Journal of Law and Policy*. He received his undergraduate degree from Florida International University in 1991. Mr. Dominguez is admitted to practice law in the State of Florida as well as the United States District Courts for the Northern, Middle, and Southern Districts of Florida.

Mr. Dominguez served as an assistant attorney general with the State of Florida from 1995 to 1997 in the Department of Economic Crimes. He participated in the prosecution and investigation of corporations and business entities for violations of Florida's RICO statute, Florida's antitrust statute and Florida's Unfair and Deceptive Trade Practices Act.

21

In private practice from 1997 through 2000 Mr. Dominguez litigated and tried cases involving Florida's Unfair and Deceptive Trade Practices Act, the Florida Consumer Collection Practices Act, Federal Debt Collection Practices Act, and Truth In Lending.

**Jay W. Eng**

Jay W. Eng graduated from Florida State University in 1994 with a B.S. in Economics. In 1998, he graduated from Tulane Law School with a J.D. and certificate of specialization in maritime law. He was awarded the book award for the top grade in Contracts II – the Uniform Commercial Code. He also served as a Notes and Comments Editor to the *Tulane Maritime Law Journal* and authored a note entitled, "The 'Something More' Requirement under Section 5(b) of the Longshore Act: Singleton v. Guangzhou Ocean Shipping Co.," 21 Tul. M. L.J. 205 (1996). Jay is a member of the Florida Bar, the Southern District of Florida, Middle District of Florida, Northern District of Florida, and the Eleventh Circuit Court of Appeals.

Prior to joining the firm, Jay was a commercial litigation associate at a major Florida law firm. He also served a judicial law clerk to Magistrate Judge Ann E. Vitunac, United States District Court for the Southern District of Florida, and as a trial court law clerk to the Fifteenth Judicial Circuit Court in and for the State of Florida.

**Marc J. Greenspon**

Marc J. Greenspon graduated from the State University of New York at Buffalo in 1999 with a B.A in Political Science and received a J.D. from Nova Southeastern University in 2002. Mr. Greenspon authored an article entitled, *Securities Arbitration: Bankrupt, Bothered & Bewildered*, 7 STAN. J.L. BUS.& FIN.131(2002). He was admitted to the Florida Bar in 2002. In 2003, he received an LL.M. in Securities & Financial Regulation at Georgetown University Law Center. He joined Berman DeValerio that same year.

## Of Counsel

**Anne F. Jacobs**

Anne Jacobs, of counsel to the firm, was admitted to the New York bar in 1987 and the Florida Bar in 1995. She obtained her B.A., *summa cum laude* and Phi Beta Kappa, from the University of Pennsylvania in 1983. She received her J.D. in 1986 from New York University School of Law, where she was an articles editor on the *Annual Survey of American Law* and authored an article entitled, "Prisoners' Rights: Judicial Deference to Prison Administrators," 1985 *Ann. Surv. Am. Law.* 325.

Upon graduating from law school, Ms. Jacobs served as a law clerk for the Honorable Dickinson R. Debevoise, United States District Court for the District of New Jersey. She then served as a research and teaching associate for the Honorable A. Leon Higginbotham, Jr., of the United States Court of Appeals for the Third Circuit, and later co-authored, with Judge Higginbotham, a law review article entitled, "'The Law Only As An Enemy': The Legitimization of Racial Powerlessness Through The Colonial and Antebellum Criminal Laws of Virginia," 70 *N.C. L. Rev.* 969 (1992).

BOSTON • SAN FRANCISCO • WEST PALM BEACH
TEL: 800 516-9926 • E-MAIL: LAW@BERMANESQ.COM • URL: WWW.BERMANESQ.COM

From 1988 to 1991, Ms. Jacobs was as a commercial litigation associate with a major New York law firm. From 1991 to 1996, she was a staff attorney for a federally funded agency in Tallahassee, Florida, where she represented death row inmates in state and federal post-conviction proceedings. From 1996 to 1997, she served as co-director of an agency representing battered women seeking executive clemency. She then taught as an adjunct professor at St. Thomas University Law School in Miami, Florida, and from 1997 until she joined the firm in 2000, she was a central staff attorney at the Fourth District Court of Appeal in West Palm Beach, Florida.

## OTHER KEY PERSONNEL

**Christopher A. Szechenyi, Director of Investigations**
Christopher A. Szechenyi is the Firm's director of investigations. Prior to joining the firm, he worked for 60 Minutes as a Paris-based producer, investigating stories all over the world for correspondent Mike Wallace. He also has conducted investigations for Dateline NBC, A&E, and the Discovery Channel and he has contributed stories to the New Yorker magazine and the Boston Globe. During his 25 years in journalism, he received more than two-dozen journalism awards, including two regional Emmys and national recognition from Investigative Reporters and Editors. Among other things, he has exposed of a pattern deadly safety violations on a giant construction project, uncovered design flaws in defibrillators and, most recently, interviewed Osama Bin Laden's half-brother. He earned a B.A. in journalism from Lehigh University in 1975. Mr. Szechenyi is an adjunct professor of journalism at Emerson College in Boston.

**Harriett Gibbs, Investigative Researcher**
An investigative researcher, Harriett Gibbs is responsible for conducting database research and assisting the director of investigations. Prior to joining the firm in 2002, she was an investigator with the Middlesex County (Massachusetts) Public Defender's Office. She also worked as a correctional officer at the Chittenden County Regional Correctional Facility in Shelburne, Vermont. Ms. Gibbs earned a bachelor's degree from the University of Vermont in 1995.

**Jeannine M. Scarsciotti, Chief Paralegal**
Jeannine M. Scarsciotti is Berman DeValerio's senior paralegal and, as such, coordinates portfolio monitoring and loss calculation for institutional clients. Ms. Scarsciotti joined the Firm as a paralegal in 1995. Ms. Scarsciotti attended Bentley College, where she graduated, *summa cum laude*, in 1995. She earned a B.S. in Professional Studies and an ABA-Accredited Certificate of Paralegal Studies.

**Robert I. Francis, Forensic Accountant**
Robert I. Francis graduated from Bentley College with a Bachelor of Science in Accountancy and received a Masters in Business Administration from Northeastern University. Mr. Francis is a Certified Public Accountant. He is a member of the

23

American Institute of Certified Public Accountants, the Massachusetts Society of CPAs, and the East Coast Committee of the National Investment Company Service Association (NICSA).

Mr. Francis has an extensive accounting background. He has worked as an audit senior manager specializing in financial services at KPMG Peat Marwick and PricewaterhouseCoopers LLP, and served as vice president for Global Accounting Policy/External Reporting for State Street Corporation. Mr. Francis also has experience as an independent consultant, providing accounting support services related to compliance requirements of the Sarbanes-Oxley Act of 2002.

**Van C. Khang, Forensic Accountant**
Van C. Khang graduated from the University of Massachusetts in 1998 with a B.S in Accounting and Finance. In 1993, Ms. Khang also earned a B.S. in Molecular Biology from the University of Connecticut. Ms. Khang is a Certified Public Accountant in Massachusetts. She has worked as a Manager of Global Investigations and Dispute Advisory for the accounting firm of Ernst & Young. Prior to holding that position, Ms. Khang was a senior consultant and staff auditor for the firm.

BOSTON • SAN FRANCISCO • WEST PALM BEACH
TEL: 800 516-9926 • E-MAIL: LAW@BERMANESQ.COM • URL: WWW.BERMANESQ.COM

**OFFICES**

**MASSACHUSETTS**
One Liberty Square
Boston, MA 02109
Phone: (617) 542-8300
Fax: (617) 542-1194

**FLORIDA**
222 Lakeview Ave., Suite 900
West Palm Beach, FL 33401
Phone: (561) 835-9400
Fax: (561) 835-0322

**CALIFORNIA**
425 California Street, Suite 2100
San Francisco, CA 94104
Phone: (415) 433-3200
Fax: (415) 433-6382

# # #

BOSTON • SAN FRANCISCO • WEST PALM BEACH
TEL: 800 516-9926 • E-MAIL: LAW@BERMANESQ.COM • URL: WWW.BERMANESQ.COM