UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES BROWN, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>BIOGEN IDEC INC., WILLIAM RASTETTER AND JAMES MULLEN,<br><br>       Defendants. | Civil Action No. 05-cv-10400 (RCL) |

**[PROPOSED] ORDER CONSOLIDATING
RELATED CASES AND APPOINTING LEAD PLAINTIFF,
<u>LEAD COUNSEL AND LIAISON COUNSEL</u>**

**ADDITIONAL CAPTIONS ON NEXT PAGE**

| | |
|---|---|
| CARY GRILL, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BIOGEN IDEC INC., WILLIAM RASTETTER AND JAMES MULLEN,<br><br>    Defendants. | Civil Action No. 05-cv-10453 (RCL) |
| ROCHELLE LOBEL, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BIOGEN IDEC INC., WILLIAM RASTETTER AND JAMES MULLEN,<br><br>    Defendants. | Civil Action No. 05-cv-10801 (RCL) |

Having considered the various motions for appointment of Lead Plaintiff and Lead Counsel including the motion of the Louisiana School Employees' Retirement System ("LSERS") and the Municipal Police Employees' Retirement System of Louisiana ("MPERS") (collectively referred to as the "Louisiana Funds") to consolidate all related securities class actions, to appoint the Louisiana Funds Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4 (a)(3)(B), Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), and to approve the Louisiana Funds' selection of Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") as Lead Counsel, the Court hereby ORDERS as follows.

## I.     CONSOLIDATION

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure the following actions are hereby consolidated for all purposes into one action:

| ABBREVIATED CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|
| 1. *Brown v. Biogen Idec Inc. et al.* | 1:05-cv-10400 | 3/02/2005 |
| 2. *Grill v. Biogen Idec Inc. et al.* | 1:05-cv-10453 | 3/10/2005 |
| 3. *Lobel v. Biogen Idec Inc. et al.* | 1:05-cv-10801 | 4/21/2005 |

2. These actions shall be referred to herein as the "Consolidated Actions." This Order shall apply to the Consolidated Actions and to each case that is subsequently filed in this Court or transferred to this Court that relates to the same subject matter as in the Consolidated Actions.

3. Every pleading in this Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Biogen Idec Inc. Securities Litigation | ) Case No. 1:05-cv-10400 |

1

When a pleading is intended to apply to all actions, the words "All Actions" should be inserted in the caption. When a pleading is intended to apply to fewer than all actions, the docket number of each individual action and the last name of the first named plaintiff shall be inserted in the caption.

4. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this Consolidated Action.

## II. MASTER DOCKET AND MASTER FILE

5. A Master Docket and Master File shall be established for the Consolidated Actions. The Master File shall be Case No. 1:05-cv-10400. All orders, pleadings, motions and other documents shall, when filed and docketed in the Master file, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleading, or other document is filed with a caption indicating that it is applicable to fewer than all of these consolidated actions, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

## III. NEWLY-FILED OR TRANSFERRED ACTIONS

6. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred to this Court from another court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. make the appropriate entry in the docket for this action.

7. Each new case arising out of the subject matter of this Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

8. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

## IV. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

9. The Louisiana Funds have timely moved the Court to be appointed Lead Plaintiffs in the Consolidated Action, and have submitted a declaration of Warren Ponder, Esq. and R. Randall Roche, Esq. as to fulfilling the requirements of the PSLRA.

10. Having considered the provisions of 15 U.S.C. § 78u-4 (a)(3)(B), and the material submitted by the Louisiana Funds in support of their motion, the Court hereby concludes that the Louisiana Funds are the "most adequate plaintiffs" and that they satisfy the requirements of 15 U.S.C. § 78u-4 (a)(3)(B). The Court hereby appoints the Louisiana Funds to be the Lead Plaintiffs and to represent the interests of the Class.

11. Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the Lead Plaintiffs have selected and retained the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo. The Court hereby approves the Lead Plaintiffs' selection of Lead Counsel.

12. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through other counsel designated by lead counsel:

    a. to coordinate the briefing and argument of any and all motions;

    b. to coordinate the conduct of any and all discovery proceedings;

    c. to coordinate the examination of any and all witnesses in depositions;

    d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

    e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

    f. to coordinate all settlement negotiations with counsel for defendants;

    g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

    h. to coordinate the preparation and filings of all pleadings; and

    i. to supervise all other matters concerning the prosecution or resolution of the consolidated actions.

13. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery. No settlement negotiations shall be conducted without the approval of Lead Counsel.

14. Lead Counsel shall have responsibility for receiving and disseminating Court orders and notices.

15.     Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, shall serve as the spokespersons for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

16.     Defendants shall serve papers on plaintiffs by serving copies on Lead Counsel by overnight delivery service, by facsimile and regular mail, or by hand delivery.  Plaintiffs shall serve papers on defendants by serving copies on defendants' counsel by overnight delivery service, by facsimile and regular mail, or by hand delivery.

**IT IS SO ORDERED.**

DATED:

_____
UNITED STATES DISTRICT JUDGE