UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES BROWN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>BIOGEN IDEC INC., et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 05-10400-RCL<br><br>CLASS ACTION |
| CARY GRILL, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>BIOGEN IDEC INC., et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 05-10453-RCL<br><br>CLASS ACTION |

[Caption continued on following page.]

RESPONSE OF THE LONDON PENSIONS FUND AUTHORITY AND NATIONAL ELEVATOR INDUSTRY PENSION FUND TO THE MOTION BY THE BIOGEN INSTITUTIONAL INVESTOR GROUP TO SUBMIT SUPPLEMENTAL AUTHORITY

| | |
|---|---|
| ROCHELLE LOBEL, Individually and On Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>  vs.<br><br>BIOGEN IDEC INC., et al.,<br><br>                     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-10801-RCL<br><br><u>CLASS ACTION</u> |

Institutional Investors The London Pensions Fund Authority and National Elevator Industry Pension Fund ("London Pensions Fund/National Elevator") respectfully submit this memorandum of law in response to the Biogen Institutional Investor Group's Motion to Submit Supplemental Authority Relevant to Its Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead and Liaison Counsel (the "Motion").

I.      **PRELIMINARY STATEMENT**

On June 9, 2005, the Biogen Institutional Investor Group (which includes investors Third Millennium Trading LLP ("Third Millennium") and Horatio Capital, LLC ("Horatio Capital")) submitted a motion seeking leave to submit a copy of the Order of the Court in *Williams v. Elan Corp, PLC*, No. 05-CV-10413 (D. Mass.) (the "*Elan* Action") as supplemental authority in further support of its motion for appointment as lead plaintiff and lead counsel (which was originally filed on May 2, 2005). Specifically, in their submission, the Biogen Institutional Investor Group represented that "[t]he appointment of Third Millennium and Horatio Capital in the *Elan* litigation supports their appointment in this matter and undermines the attacks levied against them by the London Group." Motion, at 1. This is a gross mischaracterization.

As explained herein, and as the Biogen Institutional Investor Group is aware, the Biogen Institutional Investor Group's motion in the *Elan* Action was unopposed by any party and, therefore, the Court in the *Elan* Action did not consider any of the issues presently before this Court. *See* Notice by Institutional Investor Group of Non-Opposition to The Institutional Investor Group's Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Co-Lead Counsel, filed in the *Elan* Action on May 26, 2005 ("Notice of Non-Opposition") (attached hereto as Exhibit A). For example, the Court in the *Elan* Action was not asked to consider whether Third Millennium's status as a sophisticated options trading firm rendered it atypical and inadequate to serve as Lead Plaintiff. Nor was the Court asked to consider and determine whether or not Third

- 1 -

Millennium and/or Horatio Capital had properly reported its financial interest or its trades in options. Moreover, none of the other troubling issues that have been raised against the Biogen Institutional Investor Group were raised in the lead plaintiff briefing in the *Elan* Action. Thus, it is respectfully submitted that the Order from the *Elan* Action should be taken at face value – the granting of an unopposed motion – and not as judicial acceptance of the positions being advanced by the Biogen Institutional Investor Group in this proceeding, as the Biogen Institutional Investor Group has suggested.

For these reasons, and as explained in all of their prior submissions, London Pensions Fund/National Elevator respectfully request that the Court grant its motion for appointment as Lead Plaintiff and for approval of selection of Lead Counsel and Liaison Counsel and deny the competing motion of the Biogen Institutional Investor Group.

**II.   ARGUMENT**

> **The Appointment of Third Millennium and Horatio Capital as Lead Plaintiffs in the *Elan* Action Has No Bearing on the Instant Action Because None of the Issues That Have Been Raised Here Were Ever Considered by The Court In the *Elan* Action**

Contrary to what the Biogen Institutional Investor Group now claims, the appointment of certain of its members as lead plaintiffs in the *Elan* Action is of no moment since no opposition was made to their motion in the *Elan* Action and none of the issues that have been raised here were ever considered or evaluated by the court in the *Elan* Action.

In the *Elan* Action, five lead plaintiff motions were timely made by different movants or movant groups. However, when it came time to file memoranda in opposition to the competing motions, none of the movants raised any issues as to the motion of the Institutional Investor Group (which includes investors Third Millennium and Horatio Capital). Then, on May 26, 2005, the Institutional Investor Group filed a Notice of Non-Opposition to its motion for appointment as lead

plaintiff. In its Notice of Non-Opposition, the Institutional Investor Group advised the Court that its "motion is unopposed, and because [it] met the requirements of the Exchange Act, [it] should be appointed lead plaintiff and its choice of . . . Co-Lead Counsel should also be approved." Notice of Non-Opposition at 2. Notably, the other parties in the *Elan* Action did not object to the Institutional Investor Group's characterization of the status of the motions for lead plaintiff in its Notice of Non-Opposition and on June 6, 2005, the Court entered an Order granting the Institutional Investor Group's motion and appointing Third Millennium and Horatio Capital, as well as the other members of its movant group, as lead plaintiffs.[1]

Here, by contrast, numerous issues have been raised about the motion of Third Millennium. Aside from the critical concerns raised about its adequacy and typicality, it appears that Third Millennium grossly overstated its claimed financial interest and likely incurred a gain on its overall trading in Biogen securities. *See* Memorandum In Further Support Of The Motion Of The London Pensions Fund Authority And National Elevator Industry Pension Fund For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead And Liaison Counsel And In Opposition To The Competing Motions at 7-8. Accordingly, neither Third Millennium by itself,

---

[1] Presumably the reason that no movant opposed the motion of the Institutional Investor Group (and the motions of Third Millennium and Horatio Capital) in the *Elan* Action was because the Institutional Investor Group's claimed financial interest, even excluding the claimed financial interest of both Third Millennium and Horatio Capital, was still significantly greater than that of the other movants. Specifically, the claimed financial interest of the remaining members of the Institutional Investor Group in the *Elan* Action (excluding the claimed losses of Third Millennium and Horatio Capital) was $12.7 million. The next largest financial interest, by contrast, was only $4.2 million. Thus, even had the other movants raised issues as to the appointment of Third Millennium and Horatio Capital as lead plaintiffs, their motions against the Institutional Investor Group would still have failed because of the larger losses of the other members of the Institutional Investor Group. Nevertheless, even though Third Millennium and Horatio Capital have been appointed as lead plaintiffs in the *Elan* Action, at the class certification stage, defendants will no doubt raise numerous issues as to their adequacy and typicality to serve as class representatives.

or the Biogen Institutional Investor Group as a whole, represents the largest financial interest of all other movants.[2]

Numerous issues have also been raised here concerning the motion of Horatio Capital which were not raised in the *Elan* Action.  Specifically, Horatio Capital failed to timely file its certification to support its claimed financial interest and questions were also asked (and left unanswered) as to whether Horatio Capital has provided the full extent of its trades in Biogen securities, leaving open the possibility that it also incurred an overall gain on its trading in Biogen securities during the Class Period (or at the very least it had some type of gain on its trading of Biogen options that has not been disclosed and will most certainly reduce its claimed loss).  *See* London Pensions Fund/National Elevator's Reply Memorandum In Response To Biogen Institutional Investor Group's Memorandum In Opposition To Their Motion For Appointment As Lead Plaintiffs And For Approval Of Their Selection Of Lead And Liaison Counsel at 4.[3]

---

[2]    Third Millennium's claim in its reply memorandum that it only yielded "a profit of approximately $500,000" on its trading of Biogen options is still insufficient for purposes of reporting its financial interest.  *See* Reply Memorandum of Law in Further Support of the Motion of the Biogen Institutional Investor Group For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Co-lead and Liaison Counsel ("Reply Br.") at 7.  Without providing the details of such trades (despite repeated requests for such details on numerous occasions), it is impossible for any of the other movants to fairly evaluate Third Millennium's claimed financial interest.  Moreover, Third Millennium's claim that it is not inadequate and atypical to serve as a lead plaintiff because it is "not a market maker for Biogen common stock not the designated primary market maker in Biogen options" is a red herring.  Reply Br. at 11.   The concerns raised by London Pensions Fund/National Elevator in its memoranda, and supported by the relevant caselaw, were that Third Millennium is inadequate and atypical because it is a market maker in general which employs a sophisticated trading strategy predicated on unique factors and because it failed to disclose its options trades – no claim was ever made that it was a "market maker for Biogen common stock" or the "primary market maker in Biogen options."

[3]    Significantly, the Biogen Institutional Investor Group has also failed to offer any explanation as to why the proposed dual representation of certain of its members of the classes in the *Elan* Action and the *Biogen* Action does not pose a conflict of interest.

Accordingly, for the reasons stated herein, the fact that Third Millennium and Horatio Capital were appointed as lead plaintiffs in the *Elan* Action does not "undermine the attacks levied against them by the London Group". The Order in the *Elan* Action is nothing more than the granting of an unopposed motion which did not consider any of the issues present here.

## III.   CONCLUSION

For all the foregoing reasons, London Pensions Fund/National Elevator respectfully requests that the Court: (i) appoint them as Lead Plaintiffs in the related Actions; (ii) approve their selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel and Shapiro Haber & Urmy LLP as Liaison Counsel; and (iii) grant such other relief as the Court may deem just and proper.

DATED: June 23, 2005                               Respectfully submitted,

**/s/Theodore M. Hess-Mahan**
Thomas G. Shapiro BBO No. 454680
Theodore M. Hess-Mahan BBO No. 557109
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA  02109
Telephone:  617/439-3939
617/439-0134 (fax)

[Proposed] Liaison Counsel

                    LERACH COUGHLIN STOIA GELLER
                      RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
PATRICK W. DANIELS
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

I:\Biogen\LP Motion\Opp to Supplemental Authority.doc

- 6 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| WENDELL WILLIAMS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELAN CORPORATION, PLC., G. KELLY MARTIN, LARS ECKMAN and SHANE COOKE,<br><br>Defendants. | Case No. 05-CV-10413 (JLT)<br><br>CLASS ACTION |
| SIDNEY D. FELDMAN FAMILY TRUST, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ELAN CORPORATION, PLC., G. KELLY MARTIN, LARS ECKMAN and SHANE COOKE,<br><br>Defendants. | Case No. 05-CV-10481 (JLT)<br><br>CLASS ACTION |

**NOTICE OF NON-OPPOSITION TO THE INSTITUTIONAL INVESTOR GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR <u>APPROVAL OF SELECTION OF CO-LEAD COUNSEL</u>**

DOCS\286153v1

On May 3, 2005, lead plaintiff movants MN Services, Activest Investmentgesellschaft mbH, Electronic Trading Group L.L.C., Third Millenium Trading, LLP, Horatio Capital LLC, and Donald S. Frank (collectively, the "Institutional Investor Group" or "Movants") filed a motion for consolidation, appointment as lead plaintiff and for approval of their selection of lead counsel, pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B).  In the memorandum in support of its motion, the Institutional Investor Group set forth why it should be appointed as lead plaintiff, namely that it has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Fed. R. Civ. P. 23, as required by the Exchange Act.  *See* 15 U.S.C. §78u-4(a) (3) (B).

According to the provisions of the PSLRA, class members can move for appointment as lead plaintiff within 60 days after the notice of the pendency of the action is published.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i).  Here, class members had to move by May 3, 2005 in order for their motions to be timely filed pursuant to the PSLRA.  The Conus Fund, the Conus Fund (QP), the Conus Fund Offshore, East Hudson Inc. (BVI), Steven Suran, and Gerald and Dian Harmon (collectively, the "Conus Fund Group"); Wendell Williams, Donato Pasquarelli, David Francoeur, and Daniel Leahy (collectively, the "Williams Group"); Kyle Newcomer; and William Haddad were the only other movants for appointment as lead plaintiff and approval of selection of lead counsel.  Pursuant to Local Rule 7.1(b)(2), any oppositions to the Institutional Investor Group's motion for appointment as lead plaintiff were to be filed no later than May 17, 2005.  On that day, the Institutional Investor Group filed a memorandum in further support of its

motion and in opposition to the motions filed by each of the other movants. On the same day, May 17, 2005, Kyle Newcomer filed a non-opposition brief, acknowledging that he is not the presumptive most adequate plaintiff, and the Williams Group filed a notice of withdrawal of its motion. On May 18, 2005, William Haddad withdrew his motion. The Conus Group has not filed an opposition to the Institutional Investor Group's motion, or other response; however, its reported financial interest of $4,247.383.06 is substantially smaller than the Institutional Investor Group's reported financial interest of $17,985,086.31. Therefore, the Conus Group is not entitled to the presumption of most adequate plaintiff under the Exchange Act.

Because the Institutional Investor Group's motion is unopposed, and because the Institutional Investor Group has met the requirements of the Exchange Act, the Institutional Investor Group should be appointed lead plaintiff and its choice of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") and Entwistle & Cappucci LLP ("Entwistle & Cappucci") to serve as Co-Lead Counsel should also be approved. *See Squyres v. Union Tex. Petroleum Holdings, Inc.,* No. CV 98-6085-LGB(AIJx), 1998 U.S. Dist. LEXIS 22945, at *6-*9 (C.D. Cal. Nov. 2, 1998); *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996); *Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 279 (N.D. Tex. 2001).

Dated: May 26, 2005
    Boston, Massachusetts

Respectfully submitted:
**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
    Nancy Freeman Gans, BBO #184540
    33 Broad Street, Suite 1100
    Boston, MA  02109
    Telephone:  (617) 369-7979

**Proposed Liaison Counsel**

            **MILBERG WEISS BERSHAD**
             **& SCHULMAN LLP**
            Steven G. Schulman
            Peter E. Seidman
            Anita B. Kartalopoulos
            Sharon M. Lee
            One Pennsylvania Plaza
            New York, NY 10119
            (212) 594-5300

            **ENTWISTLE & CAPPUCCI LLP**
            Vincent R. Cappucci
            Stephen D. Oestreich
            Robert N. Cappucci
            299 Park Avenue
            New York, NY  10171

            **Proposed Lead Counsel**

## CERTIFICATE OF SERVICE

  I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party.

            <u>/s/ Nancy Freeman Gans</u>
            Nancy Freeman Gans