```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

CHARLES BROWN, Individually and on
Behalf of All Others Similarly Situated,
    Plaintiffs,

    v.                                         CIVIL ACTION NO.
                                                                                                 05-10400-RCL
BIOGEN IDEC, INC. et al.,
    Defendants.


CARY GRILL, Individually and on
Behalf of All Others Similarly Situated,
    Plaintiffs,

    v.                                         CIVIL ACTION NO.
                                                                               05-10453-RCL
BIOGEN IDEC, INC. et al.,
    Defendants.


ROCHELLE LOBEL, Individually and on
Behalf of All Others Similarly Situated,
    Plaintiffs,

    v.                                         CIVIL ACTION NO.
                                                                               05-10801-RCL
BIOGEN IDEC, INC. et al.,
    Defendants.


**MEMORANDUM AND ORDER RE:**
**MOTION OF ROCHELLE LOBEL FOR CONSOLIDATION, APPOINTMENT AS**
**LEAD PLAINTIFF PURSUANT TO § 21d(a)(3)(b) OF THE SECURITIES**
**EXCHANGE ACT OF 1934 AND APPROVAL OF SELECTION OF LEAD COUNSEL**
**(DOCKET ENTRY # 13); MOTION OF THE BIOGEN INSTITUTIONAL INVESTOR**
**GROUP FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND**
**APPROVAL OF SELECTION OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD**
**COUNSEL AND LIAISON COUNSEL (DOCKET ENTRY # 17); MOTION FOR**
**CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL**
**OF SELECTION OF LEAD AND LIAISON COUNSEL**
<u>**(DOCKET ENTRY # 22)**</u>

**July 26, 2005**

**BOWLER, U.S.M.J.**

Pending before this court are the above styled motions. (Docket Entry ## 13, 17 & 22). The motions seek: (1) consolidation; (2) appointment of a lead plaintiff; and (3) appointment of lead or co-lead counsel and liaison counsel. Having heard oral argument at the July 21, 2005 hearing and reviewed all of the relevant filings, the motions (Docket Entry ## 13, 17 & 22) are ripe for review.

I. Consolidation

In accordance with the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA"), "the Court must consider any motion to consolidate prior to deciding a motion for appointment of lead plaintiff." Seamans v. Aid Auto Stores, Inc., 2000 WL 33769023 at * 1 (E.D.N.Y. Feb. 5, 2000); 15 U.S.C. § 78u-4(a)(3)(B)(ii). Movants London Pensions Fund Authority and National Elevator Industry Pension Fund ("London"), the Biogen Institutional Investor Group and Rochelle Lobel all seek to consolidate the above three related civil actions. The related actions consist of Civil Action Numbers 05-10400-RCL, 05-10453-RCL and 05-10801-RCL.

Consolidation is appropriate under Rule 42(a), Fed. R. Civ. P., where, as here, the actions name the same common defendants and involve the same factual and legal issues. See generally Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems

Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989) ("threshold issue" in determining whether to consolidate two cases "is whether the two proceedings involve a common party and common issues of fact or law"). Absent "demonstrable prejudice," consolidation is generally allowed. Id. at 8. Like the circumstances presented in Seamans, "The parties have not indicated that they will be prejudiced by consolidation, and in fact, each supports consolidation." Seamans v. Aid Auto Stores, Inc., 2000 WL 33769023 at * 2 (E.D.N.Y. Feb. 5, 2000). Consolidation of the three related actions is therefore appropriate.

II. Appointment of Lead Plaintiff, Lead or Co-Lead Counsel and Liaison Counsel

Having rendered a decision on consolidation, this court turns to the issue of appointment of a lead plaintiff. London, the Biogen Institutional Investor Group and Rochelle Lobel respectively move to be appointed as lead plaintiff.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), notice was published in a wire service on March 2, 2005, notifying all potential class members of the class action lawsuit filed on behalf of all those who purchased or otherwise acquired securities of Biogen Idec, Inc. between February 18, 2004 and February 25, 2005. (Docket Entry # 19, Ex. A).

The March 2, 2005 notice provides a temporal guidepost for determining the most adequate lead plaintiff. In particular,

"[N]ot later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Within 90 days of the notice, the PSLRA anticipates that the court will consider any motion to appoint a lead plaintiff and will make an appointment.[1]  15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA establishes "a rebuttable presumption" that the most adequate lead plaintiff is the "'person or group of persons'" that "'(aa) has either filed the complaint or made a motion in response to a notice ...; (bb) in the determination of the court has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'"  <u>Greebel v. FTP Software, Inc.</u>, 939 F.Supp. 57, 64 (D.Mass. 1996) (quoting 15 U.S.C.A. § 78u-4(a)(3)(B)(iii)(I)).  As reflected in an exhibit (Docket Entry # 33, Ex. B) and a reply affidavit by Neil Kazaross (Docket Entry # 38, Ex. 2), the Biogen Institutional Investor Group appears to set forth the largest financial interest at the present time.

It nonetheless remains debatable whether the Biogen Institutional Investor Group or London is the most adequate lead plaintiff.  The PSLRA allows "discovery into whether a member or members of the purported plaintiff class is the most adequate

---

[1] The court referred the above styled cases to this court for case management and dispositive motions on June 6, 2005.

4

plaintiff" provided the movant sets forth "a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv). Having reviewed London's filings and considered the presentation made in open court, this court will allow London a limited period to conduct discovery into the issue of the adequacy of the seven member Biogen Institutional Investor Group to best serve as lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(B). Encompassed within this issue are the three issues identified in footnote nine of London's further memorandum. (Docket Entry # 34, n. 9). Such discovery shall conclude prior to August 8, 2005. This court will conduct a further hearing on the motions for appointment of lead plaintiff and lead and liaison counsel (Docket Entry ## 17 & 22) on August 8, 2005. Given the financial stake proffered by movant Rochelle Lobel, her request to be named as lead plaintiff and approve her selection of lead counsel (Docket Entry # 13) lacks merit.

## CONCLUSION

Rochelle Lobel's motion to consolidate, appoint lead plaintiff and approve her selection of lead counsel (Docket Entry # 13) is **DENIED** except to the extent that this court **ORDERS** the consolidation of Civil Action Numbers 05-10400-RCL, 05-10453-RCL and 05-10801-RCL. Having allowed a limited period of discovery,

this court will conduct a further hearing on the motions to appoint lead plaintiff and lead and liaison counsel filed by London and the Biogen Institutional Investor Group (Docket Entry ## 17 & 22) at 2:30 p.m. on August 8, 2005.

       /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge