UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES BROWN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BIOGEN IDEC INC., et al.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-10400-RCL<br><br><u>CLASS ACTION</u> |
| CARY GRILL, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BIOGEN IDEC INC., et al.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-10453-RCL<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF THE LONDON PENSIONS FUND AUTHORITY AND NATIONAL ELEVATOR INDUSTRY PENSION FUND FOR PARTICULARIZED DISCOVERY PURSUANT TO 15 U.S.C. § 78U-4(A)(3)(B)(IV)

| | |
|---|---|
| ROCHELLE LOBEL, Individually and On Behalf of All Others Similarly Situated, ) ) | Civil Action No. 05-10801-RCL |
| ) | CLASS ACTION |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BIOGEN IDEC INC., et al., ) ) | |
| Defendants. ) ) ) | |

Institutional Investors The London Pensions Fund Authority and National Elevator Industry Pension Fund ("London Pensions Fund/National Elevator") respectfully submit this memorandum of law in support of their motion for particularized discovery pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iv).

## I. PRELIMINARY STATEMENT

On July 26, 2005, this Court entered an order, (the "Order") which provided that London Pensions Fund/National Elevator was entitled to discovery of the Biogen Institutional Investor Group.[1] As detailed herein, Third Millennium Trading LLP ("Third Millennium") and Horatio Capital, LLC ("Horatio Capital") have failed to provide the Court-ordered discovery, thereby precipitating the instant motion. Since the filing of these lead plaintiff motions, London Pensions Fund/National Elevator has requested that the Biogen Institutional Investor Group provide full and complete information about its options trades so that its financial interest, adequacy and typicality can be properly judged. Instead of producing the information and arguing for their position, the Biogen Institutional Investor Group has continued to stonewall and refused to provide a full and complete picture of its trading activity.

For the reasons set forth herein, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iv), we respectfully request that the Court enter an order as follows:

---

[1] The seven-member Biogen Institutional Investor Group is comprised of New Jersey Carpenters Pension Fund; New Jersey Carpenters Annuity Fund; Folksam Asset Management; Third Millennium Trading LLP; Deerfield Beach Non-Uniformed Municipal Employees Retirement Plan; Plumbers & Pipefitters Local No. 520 Pension Fund; and Horatio Capital, LLC.

(a) permitting the London Pensions Fund/National Elevator to serve a subpoena on Pax Clearing Corp. ("Pax")[2] for all of Third Millennium's and Horatio Capital's transactions in Biogen securities;

(b) requiring that Third Millennium and Horatio Capital each make available the trader(s) who were responsible for their respective trading in Biogen securities for deposition; and

(c) requiring that Neil Kazaross ("Kazaross"), a Senior Partner of Third Millennium, who previously submitted an affidavit, dated May 25, 2005, in this matter, to appear for a deposition so that his representations to the Court in his affidavit can be cross-examined.

In the alternative, we respectfully submit that the Court should deny the Biogen Institutional Investor Group's lead plaintiff motion because they have resisted Court-ordered discovery and grant the lead plaintiff motion of London Pensions Fund/National Elevator.[3]

## II.    PROCEDURAL HISTORY

### A.    Third Millennium And Horatio Capital Stonewall In Discovery

After receiving the Order, on July 27, 2005, counsel for London Pensions Fund/National Elevator sent a letter to counsel for Third Millennium and Horatio requesting certain limited categories of documents (the "July 27th Letter"). *See* Declaration of Ted Hess-Mahan In Support Of The Motion Of The London Pensions Fund Authority And National Elevator Industry Pension

---

[2]    Upon information and belief, Pax serves as the clearing agent for securities transactions entered into by Third Millennium and Horatio Capital.

[3]    With all due respect to this Court, this motion has been made at the earliest practical time given the course of events. Counsel for the Biogen Institutional Investor Group repeatedly delayed the process by claiming that they would be forwarding documents soon, then waited to produce documents when counsel for London Pensions Fund/National Elevator was on a long-scheduled vacation which they were previously advised of and then took the position that any motion would be premature because the "discovery cut-off" had not yet expired.

Fund For Discovery Pursuant To 15 U.S.C. § 78u-4(a)(3)(B)(iv), dated September 9, 2005, Exh. A (hereinafter referred to as "Hess-Mahan Decl. Exh. ___").  The July 27th Letter requested trading records of Third Millennium and Horatio Capital as well as the names of the trader(s) who would be able to testify about trading in Biogen securities and documents evidencing the trading strategies and/or policies of the firms.  Furthermore, the July 27th Letter requested that the documents be produced quickly as the Court had scheduled a hearing on August 8, 2005.

Due to scheduling conflicts (for both counsel for the Biogen Institutional Investor Group and counsel for London Pensions Fund/National Elevator), however, the hearing was rescheduled to September 12, 2005.  Counsel mutually agreed that they would treat the extension of the hearing date as an extension of the discovery time period.  *See* Hess-Mahan Decl. Exh. B.

Thereafter, from July 27, 2005 to August 15, 2005, almost three weeks, Third Millennium and Horatio Capital did not produce documents despite repeated promises that documents would be forthcoming.  *See* Hess-Mahan Decl. Exhs. C - M (letters and emails regarding documents and delay).  When they finally produced documents, the production was inadequate and they were immediately advised of our position in this regard.  *See* Hess-Mahan Decl. Exh. N.

Third Millennium and Horatio produced a total of twenty-six (26) pages of documents. Twenty Four (24) of the twenty six (26) pages indicate that they were printed out on April 29, 2005, prior to the lead plaintiff motion date and were obviously used to compile the schedules for their respective certifications.  The other two (2) pages relate to a single options trade during the Class Period.  Furthermore, Third Millennium and Horatio Capital have steadfastly refused to produce

their traders for depositions and have indicated that they do not believe that depositions are appropriate. *See* Hess-Mahan Decl. Exh. F.[4]

### B. Third Millennium and Horatio Have Not Disclosed The Full Extent Of Their Options Trading

We respectfully submit that the weight of the evidence supports a strong inference that Third Millennium and Horatio Capital have still not disclosed the full extent of their options trading. **First**, the trading that was disclosed – a single trade – is diametrically opposed to Third Millennium's description of its business. S*ee* Memorandum In Further Support Of The Motion Of The London Pensions Fund Authority And National Elevator Industry Pension Fund For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead And Liaison Counsel And In Opposition To The Competing Motions, dated May 16, 2005, at 9-10 (hereinafter "London Pensions Fund/National Elevator Opp. Mem. at ____")(noting that Third Millennium describes itself as a "premier options trading firm" which describes its "Mission" as "to identify and capture an edge in options trading by incorporating a strategy based on basic arbitrage relationships").

Indeed, as set forth in the accompanying Declaration Of R. Steven Aronica In Support Of The Motion Of The London Pensions Fund Authority And National Elevator Industry Pension Fund For Particularized Discovery Pursuant To 15 U.S.C. § 78u-4(a)(3)(B)(iv), dated September 9, 2005 (hereinafter "Aronica Decl. ¶ __"), former traders from Third Millennium have stated that Third

---

[4] Third Millennium and Horatio Capital have also repeatedly represented that they do not have any documents that evidence their trading strategies or policies. *See e.g.* Hess-Mahan Decl. Exhs. D, L. It is surprising that a trading firm like Third Millennium, which employs 20 traders, does not have any training manuals or trading procedures committed to paper.

Millennium did not trade in common stock and only bought or sold common stock as a hedge against an options position. *See* Aronica Decl. ¶¶ 2 and 3.

**Second**, Mr. Kazaross stated in his affidavit that "Third Millennium purchased and sold Biogen options during the operative Class Period" and "made approximately $500,000 on its options transactions." Yet, the lone trade identified appears to represent proceeds of approximately $130,000. Thus, based on Mr. Kazaross's own statements, it is clear that Third Millennium engaged in more than a single options trade during the approximately twelve (12) month Class Period and that those additional trades have not been provided.

**Third**, as set forth in our prior submissions and at the hearing before the Court, Third Millennium reported numerous common stock trades that were executed at prices significantly outside the trading range for the day of the trade, thereby evidencing that these transactions were the close out of options contracts. *See* London Pensions Fund/National Elevator Opp. Mem. at 10-11. In total, Third Millennium reported nine such trades but only provided transactional information for a single options trade.[5] Based on the foregoing, it is clear that Third Millennium and Horatio Capital have failed to disclose the full extent of their options trading.

---

[5] It appears from the single options trade produced by Third Millennium that it searched its records for a single Biogen option -- IDKBG. Yet, as Third Millennium is undoubtedly aware at any given time there are many Biogen options available for trade, each of which bears a different symbol. *See* Hess-Mahan Decl. Exh. P (*Bloomberg* printout showing certain Biogen options available for trade). Should the Court grant London Pensions Fund/National Elevator permission to serve a subpoena on Pax, Pax can run very simple searches to get all of the trading records.

**III.     ARGUMENT**

    **A.     London Pensions Fund/National Elevator Are Entitled To Discovery Pursuant To 15 U.S.C. § 78u-4(a)(3)(B)(iv)**

15 U.S.C. § 78u-4(a)(3)(B)(iv) provides that a plaintiff can take discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the Class. Here, the Court has held that London Pensions Fund/National Elevator are permitted to take discovery. *Order* at 5. The Biogen Institutional Investor Group has failed to comply with that Court-ordered discovery as they have failed to produce all of their options transactions and have refused to appear for depositions. Accordingly, we hereby seek the help of the Court in completing the discovery so that this process can be expedited.

    In order to ensure a full and complete transactional history for Third Millennium and Horatio Capital, we respectfully submit that the Court authorize London Pensions Fund/National Elevator to serve a document subpoena on Pax, which, upon information and belief, clears all trades for Third Millennium and Horatio Capital. Assuming Pax fully complies with the subpoena, this should eliminate any question as to the extent of Third Millennium's and Horatio Capital's options transactions.

    Furthermore, based on the Order, London Pensions Fund/National Elevator are entitled to take the deposition of Third Millennium's trader (and Horatio Capital) but Third Millennium has refused to produce the witness or even provide the name of the trader. Accordingly, we respectfully request that the Court order Third Millennium and Horatio Capital to provide the names of their respective traders and to make them available for deposition.

Finally, in connection with the Lead Plaintiff motions, the Biogen Institutional Investor Group submitted the affidavit of Kazaross, a Senior Partner of Third Millennium, who previously submitted an affidavit, dated May 25, 2005. In his affidavit, Mr. Kazaross admitted that "Third Millennium purchased and sold Biogen options during the operative Class Period" and "made approximately $500,000 on its options transactions." In addition, Mr. Kazaross made numerous other representations about Third Millennium's trading practices and what information Third Millennium relied on when it bought and sold Biogen securities.

Now, Third Millennium's document production raises serious issues as to the accuracy of Mr. Kazaross' statements in his affidavit as Third Millennium has not disclosed options trades that generated $500,000 in profits. If Third Millennium had only made one options trade during the Class Period, why didn't Mr. Kazaross simply state that in his affidavit? Accordingly, London Pensions Fund/National Elevator respectfully submit that the Court should enter an order requiring that Kazaross provide a deposition so that his prior representations to the Court may be cross-examined.

### B. In The Alternative, The Court May Deny The Motion Of The Biogen Institutional Group Because They Have Failed To Comply With Court-Ordered Discovery

It is clear that the Biogen Institutional Investor Group has not complied with the Court-ordered discovery as they have not produced all of their options trades and have refused to appear for depositions. Given this apparent disregard for their obligations, the Court should find that the Biogen Institutional Investor Group is inadequate to serve as Lead Plaintiff and its motion should be denied.

### IV. CONCLUSION

The selection of the Lead Plaintiff is a critical and important decision at the outset of a securities litigation that can lead to disastrous consequences for the Court and the Class if proper

care is not taken. *See In re Sonus Networks, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 16910 (D. Mass. Aug. 15, 2005) (denying class certification because of, among other reasons, problems with Lead Plaintiff's certification which failed to list all of the Lead Plaintiff's securities transactions). For that reason, London Pensions Fund/National Elevator have pursued their motion with vigor and have sought to ensure that whoever is chosen Lead Plaintiff is done so based on a full and complete record. The Biogen Institutional Investor Group initially failed to provide the Court with all of its securities trades and has now stonewalled in the face of Court-ordered discovery.

It is respectfully submitted that the Court should enter an order: (a) permitting the London Pensions Fund/National Elevator to serve a subpoena on Pax for all of Third Millennium's and Horatio Capital's transactions in Biogen securities; (b) requiring that Third Millennium and Horatio Capital each make available the trader(s) who were responsible for their respective trading in Biogen securities for deposition; and (c) requiring Kazaross, who previously submitted a declaration in this matter, to appear for a deposition so that his representations to the Court in his declaration can be cross-examined.[6]

DATED: September 9, 2005                    SHAPIRO HABER & URMY LLP


                                            /s/ Theodore Hess-Mahan
                                            THEODORE M. HESS-MAHAN

---

[6] As these motion papers were being finalized, counsel for Third Millennium offered the deposition of Mr. Kazaross but required that the deposition take place immediately and continued to refuse to produce all trading information. We advised counsel for Third Millennium that taking Mr. Kazaross' deposition on the compact timeframe they suggested was unfair and that it would be incomplete with allowing us to get complete trading information.

THEODORE M. HESS-MAHAN  BBO #557109
53 State Street
Boston, MA  02109
Telephone:  617/439-3939
617/439-0134 (fax)

[Proposed] Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
PATRICK W. DANIELS
401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

C:\DOCUME~1\KSTADE~1\LOCALS~1\Temp\MetaSave\LP disc brief.doc