UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

| | |
|---|---|
| In Re: BIOGEN IDEC, INC. SECURTIES LITIGATION | 1:05-cv-10400 (RCL) |

AFFIDAVIT OF NEIL KAZAROSS IN OPPOSITION TO THE LONDON GROUP'S
MOTION FOR PARTICULARIZED DISCOVERY

STATE OF ILLINOIS     )
                      )  ss.:
COUNTY OF COOK        )

Neil Kazaross, being duly sworn, deposes and says:

    1.    I am a senior partner of Third Millennium Trading, LLP ("Third Millennium" or the "Firm"). I respectfully submit this Supplemental Declaration In Opposition To The Motion Of The London Pensions Fund Authority And National Elevator Industry Pension Fund (collectively, the "London Group") For Particularized Discovery. This Declaration is also submitted in response to the assertions regarding Third Millennium which are set forth in the Declaration of R. Steven Aronica In Support Of The Motion Of The London Pensions Fund Authority And National Elevator Industry Pension Fund For Particularized Discovery ("Aronica Declaration").

    2.    Formed in 1997, Third Millennium is a private investment partnership which manages its firm's proprietary accounts by investing primarily in the United States securities markets. It employs highly skilled and experienced investment professionals to execute the firms trading and investment strategies. For Fiscal Year 2004, the Firm transacted equity positions exceeding $10 billion. Its main offices are located in 440 South LaSalle, Chicago, Illinois 60415

and 330 West 38th Street, New York, New York 10018, which invests in the securities of many different companies.

3. Third Millennium is a fully reporting member of the National Association of Securities Dealers ("NASD"), which registers member firms, writes rules to govern their behavior, examines them on a monthly basis for compliance and disciplines firms that commit infractions. The Firm is also registered with the U.S. Securities and Exchange Commission and is a member of the Chicago Board Options Exchange ("CBOE"), the American Stock Exchange and the Chicago Mercantile Exchange. By virtue of its registration and membership with these regulatory bodies, Third Millennium is subject to strict regulatory controls, from compliance with various federal regulations concerning, for example, minimum net capital requirements to fulfillment of books and records requirements. The Firm has an in-house compliance staff which includes accounting and back office personal as well as regulatory in-house and legal personal.

4. I have reviewed the Firm's trading in Biogen securities during the relevant period and have determined that our investment strategy in purchasing Biogen securities was to pursue favorable equity and options positions in the Company, based upon an analysis of fundamental and technical aspects of the market price of Biogen's common shares. With respect to our investment in Biogen as well as any other investors, our Firm at all times relies on market price. In this case, the Firm believed that the price it was paying for Biogen common shares accurately reflected all material information in the market place and assumed full and complete disclosure by the Company of all material information. I have further read and analyzed the allegations in the operative complaints filed in this actions and based on my experience as a market professional, fully support the contention that the market price of Biogen common shares was

artificially inflated during the relevant period due to the Company's failure to disclose that Tysabri posed serious immune-system side effects and, had caused other serious adverse events.

5. Like other investors, the Firm may engage in transactions in options to hedge against losses sustained on equity positions, but in the case of Biogen, option transactions were not widely executed and, hence, the Firm suffered cumulative losses of $2,765,990.56 in connection with its transactions in Biogen common stock. I have been made aware of the assertions contained in the Aronica Declaration contending that Third Millennium invariably purchases the underlying common stock of an issuer simply to hedge against a loss in options, suggesting that the Firm does not rely upon the financial condition and performance of the underlying company and its common stock. These statements are false and do not accurately reflect the strategy or investment philosophy of the Firm. Indeed, as set forth above, the Firm does rely upon a given company's financial performance and condition in the regular course of its investing and did so with respect to Biogen.

6. Third Millennium's Certification, filed in connection with its motion to be designated as a Lead Plaintiff, sets forth its trades in Biogen securities that are the subject of this action. As set forth in Schedule A to Third Millennium's Certification, Third Millennium suffered losses of $3,068,480.56 as a result of its purchases and sales of Biogen common stock. While the Firm previously estimated its gain in Biogen options to be approximately $500,000, a further analysis of the trading now shows that our profits from trading in Biogen options amounts to $303,490.[1] Accordingly, Third Millennium still suffered cumulative losses of $2,764,990.56, when factoring in the options positions which I am advised by counsel are not covered by this action.

---

[1] We have also been asked to search for any derivative trading related to the Firm's investments in Biogen common stock. Our record search revealed that no such activities or investments were conducted.

7. Third Millennium understands the responsibilities and obligations that it is undertaking should it be appointed as Lead Plaintiff and is committed to employ the necessary time, energy and resources in monitoring the litigation, supervising counsel and appearing before the Court. We believe that, as a sophisticated financial institution, we bring added talent and insight to the prosecution of securities class litigation and believe that, in this case, our sophistication and investment experience will significantly benefit the Class and lead to an enhanced recovery in the litigation.

8. For the reasons set forth in the submissions before the Court as well as the facts set forth in this affidavit, Third Millennium respectfully requests that the Court approve the Biogen Institutional Investor Group's application to be appointed Lead Plaintiff and approve its choice of Entwistle & Cappucci LLP and Milberg Weiss Bershad & Schulman LLP as Co-Lead Counsel and Moulton & Gans, P.C. as Liaison Counsel, to represent the Class in this litigation.

Respectfully Submitted by:

*Neil J. Kazaross*
———————————————
Neil Kazaross
Senior Partner
Third Millennium Trading, LLP

Sworn to before me this
21 day of September, 2005

*Rebecca Kay*
———————————————
Notary Public

"OFFICIAL SEAL"
REBECCA ANN KAY
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 06/03/06