UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re: BIOGEN IDEC, INC., SECURITIES LITIGATION, | ) ) ) ) ) | Civil Action No. 1:05-cv-10400 (RCL) |

MOTION OF THE LONDON PENSIONS FUND AUTHORITY AND NATIONAL
ELEVATOR INDUSTRY PENSION FUND FOR LEAVE
TO FILE SUPPLEMENTAL AUTHORITY

In connection with The London Pensions Fund Authority and National Elevator Industry Pension Fund's ("London Pensions Fund/National Elevator") pending Objection to the Order of the Magistrate Judge Appointing Lead Plaintiffs and Lead Counsel, London Pensions Fund/National Elevator file this motion to bring to the Court's attention a recent decision in which a hedge fund, similar to Third Millennium Trading LLP and Horatio Capital, LLC (who have been appointed lead plaintiffs here), was denied appointment as a lead plaintiff because of the "many questions surrounding [the hedge fund's] standing, authority, transparency, and structure" to adequately represent the interests of the class – the very same questions that have been raised here about Third Millennium and Horatio. In *Smajlaj v. Brocade Communications Systems, Inc.*, No. C 05-02042 CRB (N.D. Cal. Jan. 12, 2006) (slip op.) (attached hereto), the court, following limited discovery of the hedge fund, stated that:

> The Court has struggled, despite several rounds of briefing and two oral arguments, to determine the precise corporate structure of Intrepid Capital Management, which of its hedge funds actually held stock in corporate defendant, who manages which hedge funds, and who, if anyone, has authority and permission from limited partners to proceed with this litigation.

Slip Op. at *4.

In reaching its conclusion that the hedge fund's presumption had been sufficiently rebutted, the court further stated:

> In sum, there are too many questions surrounding Intrepid's standing, authority, transparency, and structure that may give rise to unique defenses and are atypical of the class as a whole.

*Id*. at *5.

WHEREFORE, London Pensions Fund/National Elevator respectfully request the Court grant it leave to file the supplemental authority submitted herewith.

DATED: February 1, 2006                                   Respectfully submitted,

                                                /s/ Theodore Hess-Mahan
                               Thomas G. Shapiro BBO #454680
                               Theodore M. Hess-Mahan BBO #557109
                               Shapiro Haber & Urmy LLP
                               53 State Street
                               Boston, MA 02109
                               Telephone: 617/439-3939
                               617/439-0134 (fax)

*Liaison Counsel for Lead Plaintiff Movants*
*London Pensions Fund/National Elevator*

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
PATRICK W. DANIELS
401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

*Counsel for Lead Plaintiff Movants London*
*Pensions Fund/National Elevator*

CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

    I hereby certify that the parties' counsel conferred in a good faith effort to narrow or resolve the issues raised in this motion but were unable to reach agreement.

                                                             **/s/Theodoreo M. Hess-Mahan**

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 1, 2006.

**/s/Theodore M. Hess-Mahan**

<table>
<tr><td colspan="2" align="center">IN THE UNITED STATES DISTRICT COURT<br><br>FOR THE NORTHERN DISTRICT OF CALIFORNIA</td></tr>
<tr><td>PRENA SMAJLAJ, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>BROCADE COMMUNICATIONS SYSTEMS INC., et al,<br><br>    Defendants.<br>_____/</td><td>No. C 05-02042 CRB<br><br>**CLASS ACTION**<br><br>**ORDER APPOINTING LEAD PLAINTIFF**</td></tr>
</table>

    Now before the Court in this securities class action are competing Motions to Appoint Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). After carefully considering the briefs of the applicants, including two rounds of supplemental briefing, and with the benefit of two oral arguments, the Court hereby APPOINTS Arkansas Public Employees' Retirement System as Lead Plaintiff. Accordingly, the Court DESIGNATES Nix, Patterson & Roach LLP and Patton, Roberts, McWilliams & Capshaw LLP as Co-Lead Counsel, and Kaplan Fox & Kilsheimer LLP as Liaison Counsel to the putative class.

## BACKGROUND

    Plaintiffs allege that Brocade Communications, the corporate defendant in this action, made several material misstatements and failed to disclose improper accounting practices and guidelines for granting stock-based compensation. According to plaintiffs, these faulty

practices resulted in corporate defendant restating its financial statements twice and an announcement that stock-based compensation would be recorded. These three announcements each resulted in the share prices falling immediately thereafter. The class period has been defined as February 21, 2001 to May 15, 2005.

The following putative plaintiffs have moved to be appointed Lead Plaintiff: (1) Intrepid Capital Management ("Intrepid"); (2) Arkansas Public Employees Retirement System ("APERS"); (3) Oklahoma Firefighter Pension & Retirement System ("Oklahoma Firefighters"); (4) John Geary, III and Justin Kaplan ("Geary Group"); and (5) Giulio Cessario.

The Court held oral argument on the designation of a lead plaintiff on August 26, 2005, and October 7, 2005, and both times permitted supplemental briefing in order to gather more information about Intrepid Capital Management's standing, structure, transparency and authority to serve as Lead Plaintiff. The Court also permitted limited discovery concerning Intrepid, including a deposition of its corporate representative.

## DISCUSSION

### I. Lead Plaintiff Designation

#### A. Legal Standard

The PSLRA provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. § 78u-4(a)(3)(B)(I). The Act creates a rebuttable presumption as to who is the most adequate plaintiff:

> Subject to subclause (II), for purposes of clause (I), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);

2

|   |   |
|---|---|
| 1 | (bb) in the determination of the court, has the largest financial interest in the |
| 2 | relief sought by the class; and |
| 3 | (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of |
| 4 | Civil Procedure. |

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 78u-4(a)(3)(B)(iii)(I).

In addition to inquiring into which plaintiff has the greatest financial interest, the Court must also find that the lead plaintiff "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." The only Rule 23 factors that are relevant are typicality and adequacy of representation. In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998). The typicality requirement is satisfied when: "(1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class members and proposed lead plaintiff were injured by the same conduct." In re Applied Signal Tech., Inc. Sec. Litig., 2005 WL 1656886, *3 (N.D. Cal. 2005). Adequacy is met where the proposed lead plaintiff has no interests antagonistic to the proposed class, and when they have retained capable counsel. Id.

**B.  Presumptive Lead Plaintiff**

Pursuant to the requirements of the PSLRA, the Court finds that Intrepid Capital Management, with a purported loss of $5,162,982, has the greatest financial interest in the relief sought by the class. As a result, Intrepid benefits from a rebuttable presumption that it is the most adequate lead plaintiff. The other movants, particularly APERS and Oklahoma Firefighters, challenge this presumption based on assertions that Intrepid, a hedge fund management company, does not have standing, will not fairly and adequately protect the interests of the class, and will be subject to unique defenses.

3

### C. Adequacy and Typicality

The Court, in appointing a Lead Plaintiff, acts as the gatekeeper for absent class members. In that role, the Court must ensure that this action will be litigated as effectively and efficiently as possible, and that there will be as few procedural or tangential impediments as possible. The Court is not convinced that Intrepid is an adequate representative for the putative class.

The Court has struggled, despite several rounds of briefing and two oral arguments, to determine the precise corporate structure of Intrepid Capital Management, which of its hedge funds actually held stock in corporate defendant, who manages which hedge funds, and who, if anyone, has authority and permission from limited partners to proceed with this litigation.

In particular, the Court is concerned about an apparent reluctance by Intrepid to turn over documentation of its authority to litigate this matter to the Court, as well as the continuous "new" revelations that appear to expose the somewhat complicated and intricate structure of the company. Despite declarations to the contrary, it is now apparent that there are two different management companies for three different hedge funds, yet only one of the management companies has applied to be lead plaintiff. While this type of structure may be common in the hedge fund industry, it is certainly atypical of the class as a whole. It also raises additional concerns about Intrepid's standing to be lead plaintiff, even setting aside the proposed substitution of the real parties in interest that was briefed in the most recent round of submissions. Because it is unclear which funds held Brocade stock, whether Intrepid Capital Management has authority to act on behalf of those funds, and whether any other Intrepid management companies would need to authorize this suit and the production of any documents, Intrepid is likely to face unique defenses. For example, to the extent that an offshore fund under Intrepid's management would be a lead plaintiff, it is not subject to United States tax laws and would therefore have a different set of motivating concerns if and when settlement negotiations occurred. Moreover, it is not clear from the pleadings that Intrepid has authorization from its limited partners to turn over documents that may become relevant and important in this litigation.

4

In sum, there are too many questions surrounding Intrepid's standing, authority, transparency, and structure that may give rise to unique defenses and are atypical of the class as a whole. Taken together, these concerns lead the Court to conclude that Intrepid will not adequately represent the interests of the plaintiff class. As a result, the presumption in favor of Intrepid is overcome, and the Court moves to the next largest financial stake in the outcome of the matter.[1]

**D.     APERS**

APERS and Oklahoma Firefighters both suffered losses of approximately $1.5 million, but Oklahoma Firefighters has agreed to support the application of APERS to be Lead Plaintiff. APERS, therefore, is presumptively the adequate plaintiff subject to rebuttal. The Geary Group, a group of two unrelated individuals who can not qualify as a "group" under the PSLRA, claims that APERS' losses are actually only $1.2 million. The Court is not persuaded by the Geary Group argument since it does not present adequate proof that APERS' loss calculation is incorrect. The Court concludes that APERS is a large pension fund in Arkansas that is typical of other class members and will adequately and properly represent the class in this matter.

//

//

//

//

//

---

[1] The Court additionally notes that the decision regarding Intrepid did not result from any conclusions regarding substituting real parties in interest after the 60-day filing period or because of the unique investing strategies of hedge funds, including short selling. These concerns did not factor into the Court's conclusion.

5

## CONCLUSION

For the foregoing reasons, the Court concludes that the presumption in favor of Intrepid Capital Management is rebutted. The Court therefore APPOINTS Arkansas Public Employees' Retirement System as Lead Plaintiff. Accordingly, the Court APPROVES the designation of Nix, Patterson & Roach LLP and Patton, Roberts, McWilliams & Capshaw LLP as Co-Lead Counsel, and Kaplan Fox & Kilsheimer LLP as Liaison Counsel. Counsel for APERS shall file a consolidated amended complaint by March 3, 2006.

**IT IS SO ORDERED.**

Dated: January 12, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE