UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE BIOGEN IDEC, INC.              : Civil Action
SECURITIES LITIGATION                : No. 05-10400-RCL
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x   **ORAL ARGUMENT REQUESTED**

### DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 78u-5, 78t-1 (1998), defendants Biogen Idec, Inc. ("Biogen Idec"), James C. Mullen, Burt A. Adelman, Peter N. Kellogg, William H. Rastetter and William Rohn (collectively with Biogen Idec, "Defendants"), hereby move this court to dismiss the Consolidated Class Action Complaint (Docket No. 77) with prejudice. The grounds for this motion are set forth in Defendants' memorandum of law and related filings, which are submitted herewith.[1]

---

[1] Copies of documents that are central to Plaintiffs' claims but were not attached to the Complaint may be reviewed on this motion to dismiss without converting the motion into one for summary judgment. See 15 U.S.C. § 78u-5(e). See also Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) ("When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss."); Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document . . . the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

Copies of such integral documents are included in the accompanying Appendix Of Public Records (cited as "App. Ex. __"), submitted herewith. In addition, a complete copy of the transcript from the Peripheral and Central Nervous System Drugs Advisory Committee hearings, held March 7-8, 2006, is contained in the Appendix Of The Publicly-Available Complete Transcript Of The March 7-8, 2006 Advisory Committee Hearings, submitted herewith.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendants respectfully request oral argument on this motion.

## LOCAL RULE 7.1 CERTIFICATION

I, Matthew J. Matule, hereby certify that counsel for Defendants has conferred with counsel for Plaintiffs who is expecting this motion based on conferences with counsel and the stipulations on file with the Court concerning the briefing schedule regarding same, and consequently, the parties have not been able to resolve or narrow the issues involved in this motion.

Dated: November 15, 2006

/s/ Matthew J. Matule
Matthew J. Matule

Dated: November 15, 2006
Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Matthew J. Matule (BBO #632075)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendants Biogen Idec Inc., James C. Mullen, Burt A. Adelman, Peter N. Kellogg, William H. Rastetter and William Rohn

### CERTIFICATE OF SERVICE

I, Michael S. Hines, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 15, 2006.

Dated: November 15, 2006    /s/ Michael S. Hines
Michael S. Hines