UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re Biogen Idec, Inc. Securities Litigation* | Civil Action No. 05-cv-10400 (RCL) |
| | CLASS ACTION |

**LEAD PLAINTIFFS' MOTION FOR LEAVE TO RESCHEDULE THE
HEARING ON DEFENDANTS' MOTION TO DISMISS
<u>THE CONSOLIDATED CLASS ACTION COMPLAINT</u>**

Lead Plaintiffs respectfully submit this motion pursuant to Local Rule 7.1(b)(3) for leave to reschedule the hearing on Defendants' Motion to Dismiss the Consolidated Class Action Complaint to September 19, 2007, only one week after the the originally scheduled hearing date of September 11, 2007 at 2:00 p.m.

Lead Plaintiffs make this request to allow for a short extension of time to file their forthcoming motion for leave to conform the Consolidated Class Action Complaint, and to conform the Complaint, to the pleading standard set forth in this Court's order in *Lirette v. Shiva Corp.*, 999 F. Supp. 164, 165 (D. Mass. March 26, 1998) (attached hereto as Exhibit A), requiring that "Plaintiffs shall specify, as to each particular allegation . . ., whether that allegation is made upon information and belief or is supported by some document or statement on personal knowledge by a potential witness."

Lead Plaintiffs further make this request due to a conflict with the schedule of the lead attorney who has handled all proceedings in this litigation, including prior oral arguments before Magistrate Judge Bowler.

WHEREFORE, in the interest of justice, judicial economy and to avoid prejudice to the Class, Lead Plaintiffs respectfully request that the Court grant the instant Motion for Leave to Reschedule the Hearing on Defendants' Motion to Dismiss to September 19, 2007.

Dated:  August 6, 2007

**MOULTON & GANS, P.C.**
By: _/s/ Nancy Freeman Gans_____
Nancy Freeman Gans, BBO # 184540
55 Cleveland Road
Wellesley, MA  02481
Telephone:  (781) 235-2246
Facsimile:  (781) 239-0353
*Liaison Counsel for Plaintiffs*

**ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci
Stephen D. Oestreich
Robert N. Cappucci

        Shannon L. Hopkins
        280 Park Avenue, 26th Floor West
        New York, NY  10017
        Telephone: (212) 894-7200
        Facsimile:  (212) 894-72729

**MILBERG WEISS LLP**
Sanford P. Dumain
Richard Weiss
Ann E. Gittleman
One Pennsylvania Plaza
New York, NY  10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Co-Lead Counsel for Lead Plaintiffs*

## LOCAL RULE 7.1 CERTIFICATION

    I, Shannon L. Hopkins, hereby certify that on August 6, 2007, I consulted via telephone with Mark Berthiaume, Esquire, of Greenberg, Traurig, counsel for Defendant Thomas Bucknum, concerning the within Motion and Defendant Bucknum takes no position on this motion.

    I further certify that on August 1, 2007 and August 6, 2007, I consulted via telephone with James Carroll, Esquire and Michael Hines, Esquire, of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for Defendants Biogen IDEC, Inc., William H. Rastetter, James C. Mullen, Peter N. Kellogg, William Rohn and Burt A. Adelman (the "Biogen Defendants"), concerning the within Motion and the Biogen. Defendants do not assent.

        /s/ Shannon L. Hopkins
        Shannon L. Hopkins

## CERTIFICATE OF SERVICE

    I, Nancy F. Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party by ECF.

        /s/ Nancy F. Gans
        Nancy F. Gans

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESSE P. LIRETTE, SR., ROBERT W. BENZINGER, ANDRE KRAIEM and VICTOR KRAIEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>SHIVA CORPORATION, FRANK A. INGARI, CYNTHIA A. DEYSHER and DAVID S. COLE,<br><br>Defendants. | Civil Action<br>No. 97-11159-WGY |

ORDER

YOUNG, D.J.                                                    March 26, 1998

The first paragraph of the Complaint in this matter contains general and undifferentiated assertions that the allegations that follow are not only founded on "information and belief," but are also based upon "investigation by plaintiffs' counsel." See Compl. ¶ intro. This is no longer an acceptable approach to pleading. As the Private Securities Litigation Reform Act, Pub. L. No. 104-67, § 101(b), 109 Stat. 737, 743-49, (Dec. 22, 1995) (codified at 15 U.S.C. § 78u-4), makes clear beyond peradventure, "if an allegation regarding the [allegedly

misleading] statement or omission is made on information and belief, the complaint must state with particularity all the facts on which that belief is based." 15 U.S.C. § 78u-4(b)(1). The Plaintiffs here fail utterly to comply with this enhanced pleading requirement.

Accordingly, within ten days of the date of this Order, the Plaintiffs shall specify, as to each particular allegation (i.e., every sentence or clause separated by a comma or conjunction), whether that allegation is made upon information and belief or is supported by some document or statement on personal knowledge by a potential witness. Sources need not be specified, but the Court needs to know which is which. As to statements made upon information and belief, the Court will assume that the factual averments set out "with particularity all the facts on which the belief is formed." The response to this Order may be styled as a "Supplement" to the Complaint.

SO ORDERED.

*William G. Young* (signature)
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

2