UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE BIOGEN IDEC, INC.<br>SECURITIES LITIGATION | CIVIL ACTION<br>NO. 05-10400 |

ORDER

YOUNG, D.J.                                                September 14, 2007

The issue before the Court on the defendants' motions to dismiss is whether the class action plaintiffs have adequately stated claims for violations of sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act").

To state a claim under section 10(b) of the Exchange Act, the plaintiffs must satisfy the heightened pleading standard for securities fraud cases required by the Private Securities Litigation Reform Act ("PSLRA").

The PSLRA provides two important heightened pleading requirements. First, when a complaint alleges a misleading statement or omission, the plaintiffs must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). Second, the plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Id. § 78u-4(b)(2).

After carefully reviewing the record and the briefs and with the benefit of oral argument, the Court rules that the plaintiffs satisfied the first heightened pleading requirement of specificity. The plaintiffs fail, however, to allege particular facts that give rise to a strong inference of scienter.

As a result, the plaintiffs fail to state a claim for a violation of section 10(b) of the Exchange Act.

To state a claim for violations of sections 20(a) and 20A of the Exchange Act, the plaintiffs must adequately plead a viable predicate securities violation. Since this Court rules that the plaintiffs fail to allege facts that give rise to a strong inference of scienter for any of the defendants, no predicate violation of securities law has been adequately pled and claims under sections 20(a) and 20A must likewise be dismissed.

This Court will follow this Order with a Memorandum to explain these rulings in greater depth.

Accordingly, the Motion to Dismiss brought by Biogen Idec, Inc., Burt Adelman, Peter N. Kellogg, William Rohn, William Rastetter, and James Mullen [Docket No. 82] is ALLOWED.

The Motion to Dismiss brought by Thomas Bucknum [Docket No. 96] is ALLOWED.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE