UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| *In re Biogen Idec, Inc. Securities Litigation* | X : : : : : : X | Civil Action No. 05-cv-10400 (RCL)<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' FEDERAL RULE OF CIVIL PROCEDURE 59(e) MOTION FOR CLARIFICATION OF THE COURT'S ORDER ALLOWING DEFENDANTS' MOTION TO DISMISS**

**I.     PRELIMINARY STATEMENT**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs respectfully move the Court for an order clarifying the Court's Order entered on September 14, 2007 ("September 14 Order" or "Order") to allow Plaintiffs 14 days from the resolution of the instant motion to amend the Conformed Consolidated Class Action Complaint (the "Complaint").  In its Order, the Court did not state whether it was granting Plaintiffs' request for leave to amend the Complaint, as requested by Plaintiffs in their Opposition to Defendants' Motion to Dismiss ("Opposition Brief" or "Opp. Br.").  *See* Opp. Br. at 30, n. 33.  Thus, Plaintiffs respectfully request that the Court grant the instant motion to clarify its September 14 Order.

Plaintiffs submit that leave to amend should be granted because Plaintiffs have not had even one opportunity to amend the Complaint to address the Court's concerns, as is routinely granted in securities class actions such as this.  In addition, Plaintiffs should be afforded an opportunity to re-plead evidence to better address arguments raised during oral argument that were not made previously in any of the motion to dismiss briefing.  Furthermore, amendment is necessary so that Plaintiffs can re-plead the facts in the Complaint to conform with the United States Supreme Court's recent decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 127 S.Ct. 2499, 2502 (2007), clarifying the standard for pleading scienter, which was issued well after Plaintiffs filed the Complaint and after the motion to dismiss briefing was completed.  The *Tellabs* standard is now the controlling authority for pleading scienter and, thus, will undoubtedly be the standard by which the Court will measure Plaintiffs' scienter allegations in its forthcoming opinion.  Accordingly, Plaintiffs would be prejudiced if not given the opportunity to comply with the controlling standard by which the Complaint will be evaluated.

In addition, although this action has been pending for more than two years, as discussed further below, Plaintiffs, in no way, have acted to prolong this litigation unnecessarily. Rather, Plaintiffs have diligently prosecuted this action and have met all Court deadlines. Granting leave to amend would not cause undue delay.

Accordingly, Plaintiffs' motion should be granted.

## II.     PLAINTIFFS' MOTION FOR CLARIFICATION SHOULD BE GRANTED

In Plaintiffs' Opposition to Defendants' Motion to Dismiss, Plaintiffs made a timely request to the Court for leave to amend the Complaint should the Court find any pleading deficiencies. *Se*e Opp. Br., note 33 ("If any deficiencies are found by the Court, Plaintiffs respectfully request leave to amend, which should be freely granted."). The Court's September 14 Order, however, did not address whether it was granting Plaintiffs' request for leave to amend. Pursuant to Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely given when justice so requires" unless the amendment "would be futile, or reward, *inter alia*, undue or intended delay." *See Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994).

As discussed further below, leave to amend should be granted here because Plaintiffs have not yet had the opportunity to do so, Plaintiffs have not unduly delayed this litigation and amendment would not be futile.

### A.     Plaintiffs Have Not Caused Undue Delay Of This Case

Plaintiffs recognize that this litigation has been pending for more than two years. Far from delaying the proceedings, however, Plaintiffs have diligently prosecuted this action and have met all Court deadlines. Thus, leave to amend should be granted. *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996) (finding no basis for denying leave to

2

amend where there was no evidence that plaintiffs attempted to prolong the litigation). For the Court's convenience, Plaintiffs have provided a brief history of this litigation.

As the Court is aware, this action was commenced on March 2, 2005. *See* Docket No. 1. Plaintiffs then moved for Lead Plaintiff on May 2, 2005. *See* Docket Nos. 17-19. After full briefing and subsequent hearings on the Lead Plaintiff motions on July 21, 2005 and September 23, 2005, Magistrate Judge Bowler (appointed by Judge Lindsay to handle dispositive motions in this action) recommended appointment of Plaintiffs as Lead Plaintiff in this action on September 23, 2005. *See* Docket No. 47. At this time, Plaintiffs were fully prepared to proceed with filing a consolidated class action complaint. However, London Pensions Fund Authority, one of the lead plaintiff candidates, filed an objection to Magistrate Judge Bowler's recommendation on October 7, 2005. *See* Docket No.62. On September 13, 2006, Judge Lindsay entered an electronic order overruling London Pension's objection. Thirty days later, on October 13, 2006, Plaintiffs filed their Consolidated Class Action Complaint, in compliance with the Court's December 23, 2005 scheduling order. *See* Docket No. 77.

The parties then fully briefed Defendants' Motion to Dismiss and oral argument was held on March 12, 2007 before Magistrate Judge Bowler. *See* Docket Nos. 82, 92, 96, 98, 101-02. On May 4, 2007, Judge Lindsay recused himself from this action and subsequently, on May 9, 2007, the case was reassigned to this Court. This Court heard oral argument on the motion on September 11, 2007. The action was dismissed on September 14, 2007 (Docket No. 111), resulting in the instant motion.

    **B.**    **Leave To Amend Would Not Be Futile**

This is the first complaint that has been substantially reviewed by the Court in this action. Thus, this is Plaintiffs' first opportunity to amend the Complaint to address the Court's concerns.

3

Courts in this Circuit routinely grant leave to amend in circumstances like this. *See, e.g., Allaire*, 224 F. Supp. 2d at 322-23 (granting leave to amend the consolidated complaint to allow Plaintiffs to "conform their pleadings to the heightened pleading standards required by Federal Rule of Civil Procedure 9(b) and the PSLRA"); *Guerra v. Teradyne Inc.*, No. 01-11789, 2004 U.S. Dist. LEXIS 28548, at *85 (D. Mass. Jan. 16, 2004) (granting leave to amend where that complaint was "the first consolidated class action complaint and the first time a complaint has been substantially reviewed by the court in this case."); *Driscoll v. Landmark Bank for Savings*, 758 F. Supp. 48, 54 (D. Mass. 1991) (granting leave to amend in order to allow plaintiffs to plead fraud with particularity); *Bond Opportunity Fund II, LLC v. Heffernan*, 340 F. Supp. 2d 146, 160 (D.R.I. 2004).

Moreover, amendment would not be futile because it would allow Plaintiffs the opportunity to re-plead the facts alleged in the Complaint to specifically address the arguments raised for the first time at oral argument. In addition, amendment is necessary to allow Plaintiffs the opportunity to re-plead the Complaint in conformity with the Supreme Court's decision in *Tellabs*, clarifying the standard for pleading scienter, which was issued well after the filing of the Complaint and Defendants' motion to dismiss was fully briefed.[1] *Tellabs* is now the controlling authority with regard to the pleading standard for scienter and, thus, would unquestionably be the standard by which the Court measures Plaintiffs' scienter allegations in its opinion in this matter. Thus, Plaintiffs would be unfairly prejudiced if never given the opportunity to comply with the

---

[1] Under *Tellabs*, a plaintiff need only allege facts demonstrating a "cogent" inference that is "at least as likely as any plausible opposing inference." *Tellabs,* 127 S.Ct. at 2513. In determining whether the plaintiff's well-pled factual allegations give rise to a strong inference of scienter, the *Tellabs* court held that a trial court must "take into account plausible opposing inferences" and grant a motion to dismiss only if "a reasonable person could not draw [a strong inference] from the alleged facts." *Id.* at 2506, 2509.

controlling authority by which it is evaluated. *Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp.*, No. 06-11093, slip copy, 2007 WL 2721268, at *1 (Tex. Sept. 18, 2007) (reversing and remanding district court's order granting of defendants' motion to dismiss because plaintiffs "did not have the benefit of Tellabs in drafting their complaint."), attached hereto as Exhibit A.

Defendants, on the other hand, would not be prejudiced. No discovery has been commenced and Defendants would not have to otherwise change their strategy or address new or unrelated claims. *See Glassman,* 90 F.3d at 622.

### III.  CONCLUSION

For the above reasons, Plaintiffs' Motion for Clarification should be granted.

Dated:  September 28, 2007

**MOULTON & GANS, P.C.**
By: /s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540
55 Cleveland Road
Wellesley, MA  02481
Telephone:  (781) 235-2246
Facsimile:  (781) 239-0353
*Liaison Counsel for Plaintiffs*

**ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci
Stephen D. Oestreich
Robert N. Cappucci
Shannon L. Hopkins
280 Park Avenue, 26th Floor West
New York, NY  10017
Telephone: (212) 894-7200
Facsimile:  (212) 894-72729

**MILBERG WEISS LLP**
Sanford P. Dumain
Richard Weiss
One Pennsylvania Plaza
New York, NY  10119-0165
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229

*Co-Lead Counsel for Plaintiffs*

5

**EXHIBIT A**

H
Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp.
C.A.5 (Tex.),2007.
Only the Westlaw citation is currently available.This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007.   See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4.  (Find CTA5 Rule 28 and Find CTA5 Rule 47)
United States Court of Appeals,Fifth Circuit.
FLAHERTY & CRUMRINE PREFERRED INCOME FUND INCORPORATED; Flaherty & Crumrine Preferred Income Opportunity Fund Incorporated; Flaherty & Crumrine/Claymore Preferred Securities Income Fund Incorporated; Stan Haiduk, Plaintiffs-Appellants
v.
TXU CORP; C. John Wilder, Defendants-Appellees.
**No. 06-11093.**

Sept. 18, 2007.

David Wilson Dodge, Dodge & Associates, Dallas, TX, for Plaintiffs-Appellants.
Gerard G. Pecht, Fulbright & Jaworski, Houston, TX, Peter Andrew Stokes, Fulbright & Jaworski, Austin, TX, for Defendants-Appellees.

Appeal from the United States District Court for the Northern District of Texas, 3:05-CV-01784.

Before DeMOSS, DENNIS, and OWEN, Circuit Judges.
PER CURIAM: [FN*]

> [FN*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

***1** The plaintiffs in this putative securities-fraud class action allege that TXU Corp. and its CEO, C. John Wilder, violated Sections 10(b) [FN1] and 14(e) [FN2] of the Securities Exchange Act and SEC Rule 10b-5 [FN3] by making material misrepresentations and omissions of fact in connection with a self-tender offer to purchase certain convertible securities. The plaintiffs also sued Wilder as a " controlling person" under Section 20(a) of the Act. [FN4]

> [FN1].15 U.S.C. § 78j(b) (proscribing manipulative or deceptive practices in connection with the purchase or sale of securities: " [It shall be unlawful for any person] [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement (as defined in section 206B of the Gramm-Leach-Bliley Act), any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." ).

> [FN2].*Id.* § 78n(e) (prohibiting fraud in connection with a tender offer: " It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or to engage in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request or invitation." ).

> [FN3].17 C.F.R. § 240.10b-5 (making it unlawful for any person " [t]o make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading" ).

> [FN4].15 U.S.C. § 78t(a) (imposing joint and several liability on a person who exerts control over a person who violates any provision of the Securities Exchange Act).

The district court granted the defendants' Rule 12(b)(6) [FN5] motion to dismiss the plaintiffs' claims for failing to satisfy the Private Securities Litigation Reform Act's (PSLRA) requirement that the plaintiffs plead, with particularity, facts raising a " strong

1

**EXHIBIT A**

inference" of scienter.[FN6]While the case was on appeal, the United States Supreme Court issued an opinion in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*[FN7] in which the Court clarified the appropriate standard for determining whether a securities fraud complaint gives rise to a " strong inference" of scienter, within the meaning of the PSLRA.

>    FN5.FED.R.CIV.P. 12(b)(6).
>
>    FN6.15 U.S.C. § 78u-4(b)(2) (" In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." ).
>
>    FN7.--- U.S. ----, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).

At oral argument, the plaintiffs indicated that remand to the district court would be appropriate because they did not have the benefit of *Tellabs* in drafting their complaint. The district court likewise did not have the opportunity to consider whether the plaintiffs' allegations meet the PSLRA's pleading requirements in light of the standard articulated in *Tellabs.*We therefore VACATE the district court's judgment and REMAND for reconsideration.

C.A.5 (Tex.),2007.
Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp.
Slip Copy, 2007 WL 2721268 (C.A.5 (Tex.))

END OF DOCUMENT