UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE BIOGEN IDEC, INC.                    :  Civil Action
SECURITIES LITIGATION                      :  No. 05-10400-WGY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## DEFENDANTS' OPPOSITION
## TO PLAINTIFFS' MOTION FOR "CLARIFICATION"

Defendants Biogen Idec, Inc., James Mullen, Burt Adelman, Peter Kellogg,

William Rastetter and William Rohn ("Defendants") respectfully submit this opposition to

Plaintiffs' Motion For "Clarification" (Docket No. 112).  Plaintiffs' motion should be denied for

the following reasons:

1.       No clarification is needed.  Defendants' motion to dismiss (Docket No. 82)

explicitly requested dismissal with prejudice.  The Court's September 14, 2007 Order allowed

that motion.  There is no ambiguity.  The Court's denial of Plaintiffs' request for leave to amend

their complaint -- a request made only in a footnote on the last page of a thirty-page brief -- was

plainly appropriate.  See, e.g., Carney v. Cambridge Tech. Partners, Inc., 135 F. Supp. 2d 235,

257 (D. Mass. 2001) ("plaintiffs' request for leave to amend their complaint further, contained in

a footnote in their memorandum in opposition to the motion to dismiss, is denied").  It is not

Defendants' (or the Court's) role to effectively comment on draft complaints seriatim to assist

Plaintiffs in meeting their pleading burden.  Indeed, Judge Woodlock recently rejected such an

approach as inappropriate and wasteful of judicial resources:

> I find it an affront, frankly, to read through a lengthy brief, some 45 pages
> long, only to be told if for any reason the Court finds the allegations
> insufficient, we respectfully request leave to amend, not because we have
> found something new, but simply because we want a chance to engage in
> an interim process with the Court.  And that, it seems to me, is a very
> substantial presumption upon resources of the Court.

Hearing Transcript dated June 1, 2005 at 30:13-20 (excerpt attached hereto as Exhibit A).  This case was filed in March 2005.  Plaintiffs have had plenty of time to amend (again).  This Court soundly rejected Plaintiffs' request to engage in such a process in this case.

       2.     Plaintiffs' renewed request in their motion for "clarification" to file yet another amended complaint should be rejected (again).  As grounds for that belated request, Plaintiffs assert that "amendment is necessary to allow Plaintiffs the opportunity to re-plead the Complaint in conformity with the Supreme Court's decision in Tellabs."[1]  Plaintiffs also claim that they would be "unfairly prejudiced if never given the opportunity to comply with the controlling authority by which [scienter] is evaluated."  (Id. at 4-5.)

       Plaintiffs' argument is specious.  The Supreme Court's Tellabs decision was decided on June 21, 2007, more than two months before oral argument on Defendants' motion to dismiss.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2504-05 (2007).  Plaintiffs had ample opportunity to file a complaint "in conformity with the Supreme Court's decision in Tellabs" if they believed it to be necessary.  (Pls.' Motion at 4.)  Indeed, on August 22, 2007, Plaintiffs filed a motion seeking leave to file a "conformed" complaint pursuant to their understanding of this Court's order in Lirette v. Shiva Corp., 99 F. Supp. 164 (D. Mass. 1998).  (Docket No. 110.)  Conspicuously, Plaintiffs' motion did not reference Tellabs -- decided months earlier, and well publicized -- nor did any other of Plaintiffs' intervening filings with the Court.  (See Docket Nos. 105, 108.)  The "Tellabs" excuse rings hollow.

---

[1]    Memorandum Of Law In Support Of Plaintiffs' Federal Rule Of Civil Procedure 59(e) Motion For Clarification Of The Court's Order Allowing Defendants' Motion To Dismiss at 4 (Docket No. 113) (cited as "Pls.' Motion").

Plaintiffs should not be rewarded for their "wait-and-see-what-happens approach." In re Stone & Webster, Inc. Sec. Litig., 217 F.R.D. 96, 98 (D. Mass. 2003), aff'd 414 F.3d 187, 215 (1st Cir. 2005). In Stone & Webster, Judge Lindsey denied plaintiffs' request to file an amended complaint after a decision on a motion to dismiss, commenting that such a strategy "smacks of gamesmanship bordering on bad faith." Id. at 99. The court held that amendment was inappropriate, because -- like Plaintiffs here -- "plaintiffs chose to oppose the motions to dismiss on the grounds that their complaint was, in their view, sufficiently pleaded, rather than providing the additional information known to them during the necessarily lengthy period during which the motions to dismiss were being considered." Id. at 98-99. The court found that such conduct warranted denial of the motion: "[t]o hold back facts the plaintiffs now characterize as helpful or even crucial to their case . . . strikes me as precisely the sort of 'undue delay' that should result in a denial of leave to amend." Id. at 99.

The same result is warranted here. Not only did Plaintiffs delay in seeking amendment to "conform" their complaint to Tellabs, but their motion also does not specify what an amended complaint would say or how any such amendment would cure the deficiencies in their Amended Complaint. Nothing in Tellabs relieves Plaintiffs from pleading particularized facts demonstrating scienter with respect to each Defendant.[2] Such facts simply do not exist.

---

[2]    Plaintiffs reliance on Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp., No. 06-11093 (5th Cir. Sept. 18, 2007) is misplaced. (Pls.' Motion at 6.) In that case, the Fifth Circuit vacated the district court's dismissal and remanded the case for reconsideration in light of Tellabs. Id. at *1. The Fifth Circuit did not rule that plaintiffs were entitled to file an amended complaint. Id. Further, Tellabs was decided when that case was pending on appeal, not prior to the district court's ruling on the motion to dismiss. Id. In this case, by contrast, Plaintiffs waited to see how the Court would rule on Defendants' motions to dismiss, and only then belatedly raised Tellabs when that ruling did not go their way. That is inappropriate.

3

3.    This case was originally filed in March 2005.  There have been a total of five complaints already filed, including the "conformed" complaint filed on August 22, 2007, shortly before oral argument (Defendants did not oppose the filing of that complaint).  At some point this case must end, Defendants respectfully submit that time is now.

Dated:  October 4, 2007
        Boston, Massachusetts

Respectfully submitted,

 /s/ James R. Carroll
James R. Carroll (BBO #554426)
Matthew J. Matule (BBO #632075)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
jcarroll@skadden.com
mmatule@skadden.com
mhines@skadden.com

Counsel for Defendants Biogen Idec Inc.,
James C. Mullen, Burt A. Adelman,
Peter N. Kellogg, William H. Rastetter
and William Rohn

## CERTIFICATE OF SERVICE

I, Michael S. Hines, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on October 4, 2007.

Dated: October 4, 2007

 /s/  Michael S. Hines
Michael S. Hines

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10294-DPW, 04-10359-DPW
*********************************************
DEBORAH CHIN, ET AL.

VS.

SONUS NETWORKS, INC., ET AL.
*********************************************

HEARING
BEFORE THE HONORABLE DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210
Date: June 1, 2005

APPEARANCES:
Jeff Rudman, Esq., and Daniel Halston, Esq., Daniel H.
Gold, Esq., (WILMER, CUTLER, PICKERING, HALE and DORR LLP);
on behalf of Sonus Networks, Inc., Edward Anderson, Paul
Ferri, Albert Notini, Paul Severino.

Solomon B. Cera, Esq., (GOLD, BENNETT, CERA & SIDENER), 595
Market Street, Suite 2300, San Francisco, CA 94105; on
behalf of the Lead Plaintiff in 04-10294, B/I Global Asset
Management.
John R. Baraniak, Jr., Esq., (CHOATE HALL & STEWART),
53 State Street, Boston, MA 02109; on behalf of Hassan
Ahmed.

TERI CELESTE GIBSON, COURT REPORTER
P.O. BOX 47
DORCHESTER, MASSACHUSETTS 02121
(617)650-6288
Mechanical Stenography; computer aided transcription.

Page 2

APPEARANCES CONT'D:

Willem F. Jonckheer, Esq., (SCHUBERT & REED LLP), Two
Embarcadero Center, Suite 1660, San Francisco, CA 94111; on
behalf of Daniel Williams, plaintiff in derivative action.

John C. Martland, Esq., (GILMAN AND PASTOR,LLP), 60 State
Street, 37th Floor, Boston, MA 02109; on behalf of the
plaintiff, derivative action.

John D. Hughes, Esq., (EDWARDS & ANGELL LLP), 101 Federal
Street, Boston, MA 02110; on behalf of defendants, Rubin
Gruber, Michael O'Hara, Paul Jones, and Edward Harris.

Matthew J. Matule, Esq., and Michael S. Hines, Esq.,
(SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP) One Beacon
Street, Boston, MA 02108-3194; on behalf of defendant,
Stephen J. Nill.

*****

1          MR. HALSTON:  May I -- would Your Honor like to

2    hear anything on collateral estoppel and why that might

3    short-circuit any leave to amend here?

4          THE COURT:  This is their opportunity to have

5    their best shot.  They actually had -- this will be their

6    third.

7          MR. HALSTON:  This will be their third.

8          THE COURT:  So there won't be any question whether

9    or not there is any adequate opportunity.

10          MR. JONCKHEER:  Thank you, Your Honor.

11          THE COURT:  Okay.  So we will give you 30 days.  I

12    will deny the motion to dismiss as moot in light of that

13    there is going to be a further complaint filed.

14          MR. HALSTON:  Would Your Honor like to schedule a

15    briefing schedule on that?

16          THE COURT:  I think I want to hear about the view

17    of the plaintiff's securities case first.

18          MR. JONCKHEER:  Thank you, Your Honor.

19          THE COURT:  Are you ready to go forward on

20    plaintiff's claim.

21          MR. CERA:  Your Honor, Solomon Cera for the lead

22    plaintiff.

23          Your Honor, of course the complaint -- a complaint

24    can always be improved upon.  We are dealing with a very --

25          THE COURT:  I am telling you, I don't know how

Page 25

1    clear I have to be about this.  The question is:

2            Is this the one that you want to rise or fall on?

3            You have seen the objections that have been raised

4    by the defendants here, and they are really questions of

5    specificity.

6            Now, are you prepared to go forward on this

7    complaint or not?

8            MR. CERA:  Your Honor, if the Court deems it

9    insufficient --

10           THE COURT:  This is not my -- the question is are

11   you prepared to go forward or not?

12           MR. CERA:  We have more to add, Your Honor.

13           THE COURT:  Well, no doubt you do.  Is that what

14   you want to do, because that will be the last time you got

15   to do it.

16           MR. CERA:  Well, how -- I'm interpreting the

17   Court's comments this way, Your Honor.  You are saying if I

18   chose to go forward today and make an argument and attempt

19   to convince the Court that this complaint is sufficient

20   under the applicable law and Your Honor disagreed, the case

21   would be terminated.

22           THE COURT:  Yes.

23           MR. CERA:  Well, then we want to file another

24   complaint, Your Honor.

25           THE COURT:  All right.  30 days?

1          MR. CERA:  No, Your Honor.  I would like longer

2     than that.  I would like to point out, Your Honor, this is

3     the first complaint that my client has filed in this matter.

4     We are dealing with the PSLRA, a very demanding statute as

5     Your Honor knows and as apparent from Your Honor's opinions.

6     Many of these opinions have talked about how it's very

7     demanding on a plaintiff to do this.

8          We have no discovery.  Cabletron talked about

9     standards to be applied in evaluating the complaint are

10    different before and after discovery.  We have had

11    absolutely no discovery.  We have no cooperation from the

12    issuer, no cooperation from any of the defendants.  There

13    are confidential agreements that they have with respect to

14    former employees that they tried to enforce.  We are doing

15    our best, Your Honor, to investigate with the tools that we

16    have at our disposal.  I would like a longer period.

17         THE COURT:  Wouldn't be any better if I dismissed

18    the complain and gave you leave to file again.

19         MR. CERA:  Well, Your Honor, it might be in the

20    sense that we would know what the Court found to be

21    deficient.

22         THE COURT:  True.  What you get is a preliminary

23    read from the Court on that, and then I have to tell you is

24    what I find most objectionable about this, that there is

25    this extraordinarily demand for time and resources and

Page 27

1    effort on the part of the Court to function more less like

2    the fellow behind the elephant.

3            MR. CERA:  Your Honor, I appreciate that, and I

4    know it's demanding.  It's a difficult area of the law, and

5    there are tons of cases to analyze and a lot of authority

6    but, Your Honor, the Federal Supplement and the Federal

7    Reporter are full of decisions by courts considering

8    complaints, analyzing them, and then pointing out in what

9    ways they are deficient and allowing leave to amendment.  In

10   fact, some of your prior opinions have done that, and I

11   appreciate that it is burdensome on the Court.

12           Your Honor, I would certainly like to know how the

13   Court feels our complaint is deficient.

14           THE COURT:  Is there any litigant anywhere who

15   wouldn't want a preview of what the Court is going to do in

16   ruling on a particular motion?

17           MR. CERA:  Of course, Your Honor.  Of course we

18   would like that.

19           THE COURT:  So now we are talking about trying to

20   find some way, fairly but expeditiously, to resolve this

21   with a minimal amount of demand resource of all parties.

22   What happens is that there are fully briefed motions like

23   this in which you see what it is that defendants say is

24   deficient.  And then you say, what we would like is a

25   preliminary view from the Judge.  And frankly, I am not

Page 28

1   going to do it.

2            MR. CERA:  I appreciate that.  I know Your Honor

3   knows that no matter what we allege in the amended

4   complaint, if we got, you know, 500 pages of specific

5   allegations from confidential witnesses, they are going to

6   say the same thing, Your Honor, no matter what we allege.

7   And ultimately we are going to --

8            THE COURT:  Then you get to say the same thing

9   twice; is that right?

10           MR. CERA:  No, Your Honor, because we believe we

11  are going to be able to convince you with our allegations

12  and our arguments that the complaint is sufficient under --

13           THE COURT:  And I will give you the opportunity to

14  do so.

15           MR. CERA:  Very well.

16           THE COURT:  But not the opportunity to do so once

17  and then do so again and do so again.  You've got to come to

18  rest on this --

19           MR. CERA:  Your Honor, as pointed out --

20           THE COURT:  -- in light of the options that have

21  been raised, which are the ones that I am going to rule on.

22           MR. CERA:  Your Honor, as I pointed out, this is

23  our first complaint in this litigation.  We would like a

24  minimum of 60 days.

25           THE COURT:  A minimum of 60 days?

Page 29

1            MR. CERA:  Your Honor, because since this

2     complaint was tendered to the court in December 2004, we are

3     continuing to investigate this case on behalf of our client

4     and the class.  There are new efforts being made to find

5     sources of information, to fill in whole, so the court may

6     find exist to satisfy the pleaing standard, that is the

7     defendants are going to say violated no matter what we

8     allege, that takes time.  There is no cooperation.  There is

9     no discovery.  There are confidentiality agreements.

10            THE COURT:  You told me that, and that frankly is

11     not very much different from any other case in this posture.

12            MR. CERA:  Well, Your Honor, I am aware of cases

13     in this posture that routinely get 60 days leave to amend.

14            THE COURT:  It's not a matter of 60 days to amend.

15     The situation is you are at the motion to dismiss stage.

16     That is what the PR -- it's a critical stage in this

17     litigation, and it is within entitlement to enforce

18     discovery.  Nothing new there.

19            MR. CERA:  Right.

20            THE COURT:  That has been the case all along.  So

21     you say 60 days is going to be better?

22            MR. CERA:  I am sorry, Your Honor.

23            THE COURT:  60 days is going to be better?

24            MR. CERA:  Your Honor, we will have --

25            THE COURT:  One that you have to rise and fall on;

1   you understand that?

2          MR. CERA:  I hear what Your Honor is saying, Your

3   Honor, and I think we will have greater detail in that

4   complaint to the extent that we can do it, of course we

5   will.  That is our job as lawyers, and we fully intend to do

6   it.  I was prepared to argue today, Your Honor, why this

7   complaint should satisfy the Cabletron standards.  I am

8   prepared to do that, but if Your Honor preliminary

9   indication is you don't want to go into that exercise

10  because of the burden, we will take the 60 days and improve

11  it.

12         THE COURT:  I tell you what my principal concern

13  was and is, I find it an affront, frankly, to read through a

14  lengthy brief, some 45 pages long, only to be told if for

15  any reason the Court finds the allegations insufficient, we

16  respectfully request leave to amend, not because we have

17  found something new, but simply because we want a chance to

18  engage in an interim process with the Court.  And that, it

19  seems to me, is a very substantial presumption upon

20  resources of the Court.  There are other cases.  I assure

21  you there are other cases on the docket, and they require

22  attention, too.

23         MR. CERA:  Of course.

24         THE COURT:  And the idea that we get to have rough

25  drafts of resolutions isn't particularly appealing to me.

1          MR. CERA:  I appreciate that, Your Honor, and I

2     understand the Court's feelings about that.  It certainly

3     wasn't meant in any way as an affront.  It was a -- we cited

4     Your Honor's own opinion.

5          THE COURT:  Prior to which I cited the Supreme

6     Court's instruction necessary in the absence of the undue

7     delay, bad faith, dilatory motive, repeated failure to cure

8     deficiencies, undue prejudice, those are the standards.  But

9     now I am going to permit that, so that we are all going to

10    be focused on what you think your best shot is.

11         MR. CERA:  Okay.  Your Honor, I accept that.  As I

12    say, I was prepared to defend this complaint, but we will

13    give you our best shot the next time.  If we can --

14         THE COURT:  One that you are prepared to live or

15    die with; is that right?

16         I am asking this question in this way because I

17    don't want to be faced again with someone saying -- well,

18    you can always improve a complaint, which is no doubt true,

19    and at some point, it has to come to an end.

20         MR. CERA:  Your Honor, I understand.  I have been

21    practicing in this area 25 years, and this is frankly an

22    extraordinary situation, I think, for plaintiff in this

23    position because, frankly, the normal experience, the common

24    experience if you will that have I had in security

25    litigation where it has become increasingly difficult to

1    state a claim for relief under the PSLRA is that courts --

2            THE COURT:  Not in the First Circuit.  The

3    standards of appeals are frankly what the First Circuit have

4    been talking about for some time.

5            MR. CERA:  I understand that, but I understand

6    your court -- Court basically telling us today that this

7    complaint is insufficient.

8            THE COURT:  I haven't told you any such thing.  I

9    asked you whether or not you are ready to go with it,

10   understanding that there will not be leave to amend if you

11   rise and fall on this complaint, and I have dismissed it.

12           MR. CERA:  Your Honor, I am not going to forego

13   the opportunity to add to this complaint.

14           THE COURT:  All right.  So that's where we are.

15           MR. CERA:  Very well.

16           THE COURT:  And I want you to understand that you

17   give me a date, and that will be the date on which you rise

18   or fall.

19           MR. CERA:  We would like 60 days, Your Honor, from

20   today.

21           THE COURT:  All right.  Now, while we are at it,

22   so you got some idea of what is on my mind, why do you need

23   to have undisclosed witnesses?  Undisclosed -- first thing

24   that is going to happen in the discovery in any case is they

25   are going to ask who introduced this unnamed vice president,