UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| *In re Biogen Idec, Inc. Securities Litigation* | X<br>:   Civil Action No. 05-cv-10400 (WGY)<br>:<br>:   CLASS ACTION<br>X |

# NOTICE OF APPEAL

Notice is hereby given that New Jersey Carpenters Pension & Annuity Funds, Folksam Asset Management, Third Millennium Trading, LLP, Deerfield Beach Non-Uniformed Municipal Employees Retirement Plan, Plumbers and Pipefitters Local No. 520 Pension Fund, and Horatio Capital LLC, the Court-appointed Lead Plaintiffs ("Lead Plaintiffs") in the above-captioned civil action, on behalf of themselves and the proposed class of purchasers of Biogen common stock during the period from February 18, 2004 through February 28, 2005, inclusive,[1] hereby appeal to the United States Court of Appeals for the First Circuit from the Order dismissing the Consolidated Class Action Complaint for Violations of the Federal Securities Laws entered in the above action on the 14th day of September, 2007 (the "Order"), annexed hereto as Exhibit A, and from the final judgment and opinion associated therewith, which have yet to be issued.

On September 28, 2007, Lead Plaintiffs filed their Federal Rule of Civil Procedure 59(e) Motion for Clarification of the Court's Order Allowing Defendants' Motion to Dismiss ("Rule 59(e) Motion"), which Defendants subsequently opposed on October 4, 2007.

No decision has been issued on Plaintiffs' Rule 59(e) Motion, which is currently pending before the Court.

Dated:    October 15, 2007

**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO # 184540
55 Cleveland Road
Wellesley, MA  02481
Telephone:  (781) 235-2246
Facsimile:  (781) 239-0353

*Liaison Counsel for Lead Plaintiffs*

**ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci
Stephen D. Oestreich
Robert N. Cappucci
Shannon L. Hopkins
280 Park Avenue, 26th Floor West
New York, NY  10017
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272

**MILBERG WEISS LLP**
Sanford P. Dumain
Richard Weiss
One Pennsylvania Plaza
New York, NY  10119-0165
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

*Co-Lead Counsel for Lead Plaintiffs*

---

[1]  A class has not yet been certified in this action.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
)
IN RE BIOGEN IDEC, INC.          )   CIVIL ACTION
SECURITIES LITIGATION            )   NO. 05-10400
)
)
)

ORDER

YOUNG, D.J.                                          September 14, 2007

The issue before the Court on the defendants' motions to dismiss is whether the class action plaintiffs have adequately stated claims for violations of sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act").

To state a claim under section 10(b) of the Exchange Act, the plaintiffs must satisfy the heightened pleading standard for securities fraud cases required by the Private Securities Litigation Reform Act ("PSLRA").

The PSLRA provides two important heightened pleading requirements. First, when a complaint alleges a misleading statement or omission, the plaintiffs must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). Second, the plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Id. § 78u-4(b)(2).

After carefully reviewing the record and the briefs and with the benefit of oral argument, the Court rules that the plaintiffs satisfied the first heightened pleading requirement of specificity. The plaintiffs fail, however, to allege particular facts that give rise to a strong inference of scienter.

As a result, the plaintiffs fail to state a claim for a violation of section 10(b) of the Exchange Act.

To state a claim for violations of sections 20(a) and 20A of the Exchange Act, the plaintiffs must adequately plead a viable predicate securities violation. Since this Court rules that the plaintiffs fail to allege facts that give rise to a strong inference of scienter for any of the defendants, no predicate violation of securities law has been adequately pled and claims under sections 20(a) and 20A must likewise be dismissed.

This Court will follow this Order with a Memorandum to explain these rulings in greater depth.

Accordingly, the Motion to Dismiss brought by Biogen Idec, Inc., Burt Adelman, Peter N. Kellogg, William Rohn, William Rastetter, and James Mullen [Docket No. 82] is ALLOWED.

The Motion to Dismiss brought by Thomas Bucknum [Docket No. 96] is ALLOWED.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE